**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER HARDY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, ALEX RODRIGUES, and RICHARD HAWWA,<br><br>Defendants. | Case No. 3:22-cv-02090-JSC<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT KEVIN WHITFORD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u><br><br>Judge: Jacqueline Scott Corley<br>Hearing: July 7, 2022<br>Time: 9:00 a.m.<br>Ctrm: 8 – 19th Floor (San Francisco) |

**PLEASE TAKE NOTICE** that on July 7, 2022 at 9:00 a.m. before the Honorable Jacqueline Scott Corley in the San Francisco Courthouse, Courtroom 8 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, movant Kevin Whitford ("Movant") will, and does move this Court for an order granting the Motion: (a) appointing Movant as Lead Plaintiff; and (b) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) on the grounds that: (1) Movant should be appointed as Lead Plaintiff for the class of securities purchasers of Embark Technology, Inc.

1

("Embark" or the "Company") between January 12, 2021 and January 5, 2022, both dates inclusive, as Movant timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) that Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel should be approved as the firm is well-qualified with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, the certification of Laurence M. Rosen pursuant to LR 3-7(d), a certification pursuant to LR 3-15, and a proposed order.

2

NOT. OF MTN. AND MTN. OF KEVIN WHITFORD TO FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-02090-JSC

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Kevin Whitford ("Movant") respectfully submits this memorandum in support of its motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of Embark between January 12, 2021 and January 5, 2022, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) appointing The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I. CLAIMS ASSERTED

This action was commenced on April 1, 2022 in the United States District Court for the Northern District of California against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, a PSLRA early notice was issued advising potential Class members of, *inter alia*, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Embark purports to develop self-driving software solutions for the trucking industry in the U.S. The Company was originally a special purpose acquisition company ("SPAC"), also called a blank-check company, which is a development stage company that has no specific business plan or purpose or has indicated its business plan is to engage in a merger or acquisition with an unidentified company or companies, other entity, or person.

On November 10, 2021, the Company consummated a merger transaction with Embark Trucks Inc., a Delaware corporation ("Legacy Embark"), whereby, among other things, the Company changed its name from "Northern Genesis Acquisition Corp. II" to "Embark Technology, Inc." (the "Business Combination").

The complaints allege that during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company had performed inadequate due diligence into Legacy Embark; (2) Legacy Embark and the Company following the Business Combination held no patents and an insignificant amount of test trucks; (3) accordingly, the Company had overstated its operational and technological capabilities; (4) as a result of all the foregoing, the Company had overstated the business and financial prospects of the Company post-Business Combination; and (5) as a result, the Company's public statements were materially false and misleading at all relevant times.

On January 6, 2022, The Bear Cave published a short report entitled "Problems at Embark Technology (EMBK)" (the "Bear Cave Report"). The Bear Cave Report alleged, among other issues, "that Embark appears to lack true economic substance" and that its "current evaluation appears to be based on puffery rather than actual substance", noting that "[t]he company holds no patents, has only a dozen or so test trucks, and may be more bark than bite."

On this news, Embark's stock price fell $1.37 per share, or 16.75%, to close at $6.81 per share on January 6, 2022.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

>(aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, having the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant Is Willing to Serve as Class Representative**

Movant timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

**B. Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest," the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $255.82 in connection with purchases of Embark securities during the Class Period. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart). Movant is not aware of any other movant that has suffered greater losses in Embark securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

5

NOT. OF MTN. AND MTN. OF KEVIN WHITFORD TO FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-02090-JSC

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and Movant's claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Embark and its business. Movant, as did all of the members of the Class, purchased Embark securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other Class members, and Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against Movant that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm initiated this action and the firm has been actively researching the Class' and the Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. The Rosen Law Firm, P.A. has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the firm is attached as Exhibit 4 to the Rosen Declaration.

7

NOT. OF MTN. AND MTN. OF KEVIN WHITFORD TO FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-02090-JSC

As a result of the firm's experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

### III.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving The Rosen Law Firm, P.A. as Lead Counsel; and (5) granting such other relief as the Court may deem to be just and proper.

Dated: May 31, 2022                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On May 31, 2022 I electronically filed the following **NOTICE OF MOTION AND MOTION OF MOVANT KEVIN WHITFORD FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on May 31, 2022.

/s/ Laurence M. Rosen
Laurence M. Rosen