POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Tyler Hardy and Proposed Lead*
*Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TYLER HARDY, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br> vs.<br><br>EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, ALEX RODRIGUES, and RICHARD HAWWA,<br><br>        Defendants. | Case No.: 3:22-cv-02090-JSC<br><br>NOTICE OF MOTION AND MOTION OF TYLER HARDY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date:  July 7, 2022<br>Time:  9:00 a.m.<br>Judge:  Hon. Jacqueline Scott Corley<br>Courtroom:  8—19th Floor |

## <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION ...................................................................................................... 1

SUMMARY OF ARGUMENT ......................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 2

I.      PRELIMINARY STATEMENT ........................................................................... 2

II.     STATEMENT OF FACTS .................................................................................... 3

III.    ARGUMENT ......................................................................................................... 4

      A.      HARDY SHOULD BE APPOINTED LEAD PLAINTIFF ................................ 4

            1.      Hardy Is Willing to Serve as Class Representative ................................... 5

            2.      Hardy Is the Most Adequate Plaintiff Within the Meaning of the PSLRA .................................................................................................. 6

                  a.      Hardy Has the Largest Financial Interest in the Action ................ 6

                  b.      Hardy Otherwise Satisfies the Requirements of Rule 23 .............. 7

      B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......................................................................................................... 9

IV.     CONCLUSION .................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK,
  2012 WL 78780 (N.D. Cal. Jan. 9, 2012) .......................................................................... 2, 6

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ................................................................................................ 8

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) ................................................................................ 7

*In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
  2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ......................................................................... 7

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ............................................................................ 2, 7

*Lax v. First Merchants Acceptance Corp.*,
  1997 WL 461036 ......................................................................................................... 1, 2, 6, 7

*Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB,
  2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ...................................................................... 1, 2, 6, 7

*Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX),
  2001 WL 861694 (C.D. Cal. Apr. 26, 2001) ........................................................................ 9

*Richardson v. TVIA, Inc.*, No. C 06 06304 RMW,
  2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ...................................................................... 8

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ................................................................................................ 9

*Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF,
  2014 WL 3945879 (N.D. Cal. Aug. 11, 2014) ..................................................................... 7

## Statutes

15 U.S.C. § 77z-1 ....................................................................................................... *passim*

15 U.S.C. § 78u-4 ............................................................................................................... 2, 9

Private Securities Litigation Reform Act of 1995 ................................................... *passim*

1

## **<u>Rules</u>**

2

Fed. R. Civ. P. 23 ................................................................................................................*passim*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on July 7, 2022, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Jacqueline Scott Corley, in Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Tyler Hardy ("Hardy") will and hereby does respectfully move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Hardy as Lead Plaintiff on behalf of all purchasers of Embark Technology, Inc. f/k/a Northern Genesis Acquisition Corp. II ("Embark" or the "Company") securities between January 12, 2021 and January 5, 2022, inclusive (the "Class Period") (the "Class"); and (2) approving Hardy's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## SUMMARY OF ARGUMENT

To the extent that this motion seeks appointment of Hardy as Lead Plaintiff, this motion is made on the grounds that Hardy is the "most adequate plaintiff" to lead the Class within the meaning of the PSLRA and that the PSLRA therefore mandates Hardy's appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Hardy believes that he is entitled to a rebuttable presumption favoring his appointment, since he has the "largest financial interest" in the relief sought by the Class in the above-captioned action (the "Action") by virtue of, *inter alia*, his losses of approximately $953, which were suffered as a result of Defendants' wrongful conduct as alleged in the Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997) (determining financial interest by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3)

net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Nicolow*, 2013 WL 792642, at *4; *Knox*, 135 F. Supp. 3d. at 1163. As the movant, to his knowledge, with the largest financial interest in the Action, Hardy believes he is presumptively the most adequate lead plaintiff within the meaning of the PSLRA.

Hardy also satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because his claims are typical of the claims of other putative Class members and because he will fairly and adequately represent their interests.

In addition, the PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. Hardy's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Action effectively and expeditiously under Hardy's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. in Support of Motion ("Pafiti Decl."), and all exhibits thereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that is shown to be the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the one that possess the "largest financial interest" in the outcome of the litigation and that satisfies the requirements of Rule 23. *Id.* Hardy believes that he should benefit from a rebuttable presumption arising from his having the largest financial interest in this litigation. Hardy purchased 224 shares of Embark securities

NOTICE OF MOTION AND MOTION OF TYLER HARDY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:22-cv-02090-JSC

during the Class Period, expended $2,012 on his purchases, retained all of his shares of Embark securities, and, as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $953 in connection with his purchases of Embark securities. *See* Pafiti Decl., Exhibit ("Ex.") A.

Beyond his significant financial interest, Hardy also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Hardy has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States ("U.S."), as well as an $80 million recovery on behalf of investors in Yahoo! securities. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Based on his being the "most adequate plaintiff," his significant financial interest, his satisfaction of Rule 23 requirements, and his commitment to overseeing the Action, Hardy respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving Pomerantz as Lead Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the Complaint of the Action, Embark develops self-driving software solutions for the trucking industry in the U.S. The Company was originally a special purpose acquisition company, also called a blank-check company, which is a development stage company that has no specific business plan or purpose or has indicated its business plan is to engage in a merger or acquisition with an unidentified company or companies, other entity, or person.

On November 10, 2021, the Company consummated a merger transaction with Embark Trucks Inc., a Delaware corporation ("Legacy Embark"), whereby, among other things, the

Company changed its name from "Northern Genesis Acquisition Corp. II" to "Embark Technology, Inc." (the "Business Combination").

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company had performed inadequate due diligence into Legacy Embark; (ii) Legacy Embark and the Company following the Business Combination held no patents and an insignificant amount of test trucks; (iii) accordingly, the Company had overstated its operational and technological capabilities; (iv) as a result of all the foregoing, the Company had overstated the business and financial prospects of the Company post-Business Combination; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

On January 6, 2022, The Bear Cave published a short report entitled "Problems at Embark Technology (EMBK)" (the "Bear Cave Report").  The Bear Cave Report alleged, among other issues, "that Embark appears to lack true economic substance" and that its "current evaluation appears to be based on puffery rather than actual substance", noting that "[t]he company holds no patents, has only a dozen or so test trucks, and may be more bark than bite."

On this news, Embark's stock price fell $1.37 per share, or 16.75%, to close at $6.81 per share on January 6, 2022.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Plaintiff in the Action and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    HARDY SHOULD BE APPOINTED LEAD PLAINTIFF

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action, which in this case was published on April 1, 2022 (*see* Pafiti Decl., Ex. B). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  The PSLRA directs courts to consider any such motion by

the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).  Hardy's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Hardy is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed the complaint or made a motion for appointment as lead plaintiff; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  As set forth below, Hardy satisfies all three of these criteria and thus believes that he is entitled to the rebuttable presumption that he is the most adequate plaintiff within the meaning of the PSLRA.  Specifically, Hardy is willing to serve as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

For all these reasons, as set forth in greater detail below, Hardy respectfully urges the Court to appoint him to serve as Lead Plaintiff overseeing the Action.

### 1. Hardy Is Willing to Serve as Class Representative

On April 1, 2022, Pomerantz, counsel for the plaintiff in the Action, caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in Embark securities that they had until May 31, 202–*i.e.*, 60 days–file a motion to be appointed as lead plaintiff.  *See* Pafiti Decl., Ex. B.

Hardy has filed the instant motion pursuant to that Notice, and has attached a signed Certification attesting to his willingness to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. C.  Under the PSLRA, Hardy's actions were timely and legally sufficient.   Accordingly, Hardy readily satisfies the first requirement to serve as Lead Plaintiff of the Class.

**2.        Hardy Is the Most Adequate Plaintiff Within the Meaning of the PSLRA**

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Hardy is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

**a.        Hardy Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Hardy has the largest financial interest of any Embark investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered.  1997 WL 461036, at *5.  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g., Nicolow*, 2013 WL 792642, at *4 ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret.*

*Sys.*, 2012 WL 78780, at \*4 (same); *Knox*, 136 F. Supp. 3d at 1163 (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Nicolow*, 2013 WL 792642, at \*4; *Knox*, 135 F. Supp. 3d. at 1163.

   During the Class Period, Hardy: (1) purchased 224 shares of Embark securities; (2) expended $2,012 on his purchases of Embark securities; (3) retained all of his shares of Embark securities; and (4) as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $953 in connection with his purchases of Embark securities.  *See* Pafiti Decl., Ex. A.  Thus, under the *Lax* factors, Hardy believes that he has the largest financial interest among any potential lead plaintiff movants in the Action, thereby entitling Hardy to a rebuttable presumption that he is the "most adequate plaintiff" within the PSLRA's meaning (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)), given that he also satisfies the requirements of Rule 23.

### b. Hardy Otherwise Satisfies the Requirements of Rule 23

   For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that the movant is the "most adequate plaintiff," the movant must also demonstrate that it "otherwise satisfies the requirements of Rule 23."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  A *prima facie* showing suffices for this determination.  *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2014 WL 3945879, at \*3 (N.D. Cal. Aug. 11, 2014).  "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at \*5 (N.D. Cal. Jan. 25, 2017).  Hardy readily passes muster.

   Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

7

representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b)(3) adds that common questions must predominate over any questions affecting only individual class members and that a class action must be superior to other available methods for fairly and efficiently adjudicating the case. *See* Fed. R. Civ. P. 23(b)(3). Here, the Complaint in the Action pleads Rule 23(a)(1) numerosity (*see* Dkt. No. 1 ¶ 45), Rule 23(a)(2) common questions (*see id.* ¶ 48), and Rule 23(b)(3) predominance (*see id.*) and superiority (*see id.* ¶ 49) in a manner common to all lead plaintiff candidates. The sufficiency of these allegations is not upset by any facts uniquely concerning Hardy.

Hardy satisfies the threshold for Rule 23(a)(3) typicality. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Hardy's claims are typical of those of the Class members. Like all Class members, Hardy alleges that: (1) Defendants violated the Exchange Act by making false or misleading statements of material facts and/or by omitting to disclose material facts concerning Embark; (2) Hardy and the Class members purchased Embark securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions; and (3) Hardy and the Class members were damaged upon the revelation of Defendants' alleged misrepresentations or omissions through corrective disclosures that drove Embark's share price downward. These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate Hardy's typicality under Rule 23(a)(3).

Hardy also satisfies the Rule 23(a)(4) adequacy requirement. In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the

representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted). Here, Hardy has submitted a Certification executed by him declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C. Hardy has no conflicts of interest or antagonism with the Class of Embark investors he seeks to represent. Hardy's significant losses from his purchases of Embark securities during the Class Period demonstrate that he has a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

Indeed, Hardy has already demonstrated his ability to pursue securities claims through his choice of counsel, Pomerantz. Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in Section III.B., *infra*. Hardy's and Pomerantz's willingness and ability to zealously litigate the claims in the Action on behalf of the Class cannot reasonably be questioned.

Further demonstrating his adequacy, Hardy has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D.

**B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with the Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Hardy has selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits,

which has successfully prosecuted numerous such actions on behalf of investors over its 80-plus year history, as detailed in its firm resume.  *See* Pafiti Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Converse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *Id.*  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*

As a result of its extensive experience in similar litigation, Hardy's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Action effectively and expeditiously.  The Court may be assured that by approving Hardy's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available.  Thus, Hardy respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## IV.    CONCLUSION

For the foregoing reasons, Hardy respectfully requests that the Court issue an Order: (1) appointing Hardy as Lead Plaintiff for the Class; and (2) approving Hardy's selection of Pomerantz as Lead Counsel for the Class.

Dated:  May 31, 2022                         Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Tyler Hardy
and Proposed Lead Counsel for the Class*

NOTICE OF MOTION AND MOTION OF TYLER HARDY FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:22-cv-02090-
JSC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

I hereby certify that on May 31, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

NOTICE OF MOTION AND MOTION OF TYLER HARDY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:22-cv-02090-JSC