SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
JORDAN C. BRADFORD-SHIVERS (SBN 327461)
jordan.bradford-shivers@wilmerhale.com
MADEEHA DEAN (SBN 340563)
madeeha.dean@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

*Attorneys for Defendants*
*Embark Technology, Inc., Ian Robertson,*
*Ken Manget, Alex Rodrigues, and Richard Hawwa*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER HARDY and DANNY ROCHEFORT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, CHRISTOPHER JARRATT, PAUL DALGLISH, ROBERT SCHAEFER, BRAD SPARKES, ALEX RODRIGUES, and RICHARD HAWWA, <br><br> Defendants. | Case No. 3:22-cv-02090-JSC <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** <br><br> Date: March 2, 2023 <br> Time: 10:00 a.m. <br> Place: Courtroom 8, 19th Floor <br> Judge: The Honorable Jacqueline Scott Corley |

REQ. FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS

No. 3:22-cv-02090-JSC

Defendants Embark Technology, Inc. ("Embark" or the "Company"), Ian Robertson, Ken Manget, Alex Rodrigues, and Richard Hawwa (collectively, the "Defendants") hereby request that the Court consider the documents identified below in connection with Defendants' Motion to Dismiss Amended Class Action Complaint (the "Amended Complaint" or "AC"), which are attached as Exhibits A through O, inclusive, to the Declaration of Jessica L. Lewis ("Lewis Declaration"), filed concurrently.

In evaluating motions to dismiss, the Court may consider matters incorporated by reference in a complaint or subject to judicial notice. *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). The following documents are subject to judicial notice and/or the incorporation by reference doctrine:

**Exhibit A:** Excerpts of the Northern Genesis Acquisition Corp II ("NGA") Proxy Statement and Prospectus, which is dated October 18, 2021, and was filed with the United States Securities and Exchange Commission ("SEC") on October 19, 2021 pursuant to Rule 424(b)(4). This document is referred to, quoted, and/or relied upon in the AC, including in Paragraphs 8, 52-54, 76, 82, and 86-90.

**Exhibit B:** NGA's Registration Statement on Form S-1, filed with the SEC on December 23, 2020, in connection with NGA's anticipated initial public offering ("IPO). This document is referred to, quoted, and/or relied upon in the AC, including in Paragraph 47.

**Exhibit C:** Excerpts of NGA's Form 8-K, filed with the SEC on June 23, 2021.

**Exhibit D:** Embark's Form 8-K, filed with the SEC on November 10, 2021.

**Exhibit E:** "Staff Statement on Accounting and Reporting Considerations for Warrants Issued by Special Purpose Acquisition Companies ("SPACs")," issued by the Staff of the SEC and dated April 12, 2021.

**Exhibit F:** Excerpts of the Registration Statement on Form-S-4, filed by NGA with the SEC on July 2, 2021. This document is referred to, quoted, and/or relied upon in the AC, including in Paragraphs 7, 52, and 86.

**Exhibit G:** SEC Staff Comment Letter to NGA dated August 3, 2021.

**Exhibit H:** SEC Staff Comment Letter to NGA dated September 16, 2021.

**Exhibit I:** SEC Staff Comment Letter to NGA dated October 7, 2021.

**Exhibit J:** An article published by Marcum LLP ("Marcum"), dated October 19, 2021, titled "Assessing the Classification of Redeemable Shares in a SPAC IPO." This

document is referred to, quoted, and/or relied upon in the AC, including in Paragraphs 72 and 74.

**Exhibit K:** NGA's Form 10-Q for the quarter ended June 30, 2021, filed with the SEC on August 16, 2021.

**Exhibit L:** Excerpts of NGA's Amendment No. 1 to its Form S-4 Registration Statement, filed with the SEC on August 30, 2021.  This document is referred to, quoted, and/or relied upon in the AC, including in Paragraph 53.

**Exhibit M:** Excerpts of NGA's Amendment No. 2 to its Form S-4 Registration Statement, filed with the SEC on September 22, 2021.  This document is referred to, quoted, and/or relied upon in the AC, including in Paragraph 54.

**Exhibit N:** Excerpts of NGA's Amendment No. 3 to its Form S-4 Registration Statement, filed with the SEC on October 8, 2021. This document is referred to, quoted, and/or relied upon in the AC, including in Paragraph 55.

**Exhibit O:** An article published by Bloomberg Law ("Bloomberg") on December 6, 2021, titled "SPAC Correction Rules Defended as Firms Scramble to Fix Errors."

### Incorporation by Reference (Exs. A, B, F, J, L-N)

Because the Amended Complaint purports to quote, refer to, and rely on portions of the documents attached as Exhibits A, B, F, J, and L-N to the Lewis Declaration, the incorporation-by-reference doctrine allows the Court to consider such materials on a motion to dismiss.  *See, e.g.*, *In re Finjan Holdings, Inc. Sec. Litig.*, 2021 WL 4158682, at \*3 (N.D. Cal. Sept. 13, 2021); *Iron Workers Loc. 580 Joint Funds v. NVIDIA Corp.*, 522 F. Supp. 3d 660, 670 (N.D. Cal. 2021) Among other things, the doctrine permits the Court to consider the full context of statements where a complaint may only provide excerpts, and "prevent[s] plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020), *aff'd sub nom. In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828 (9th Cir. 2022).

### Judicial Notice (Exs. A-O)

Additionally, all of the exhibits are subject to judicial notice.  Pursuant to Fed. R. Evid. 201, courts routinely take judicial notice of SEC filings, news articles and other publicly available information, particularly in cases brought under the federal securities laws.  *See, e.g.*, *Metzler Inv. GmbH*, 540 F.3d at 1064 n.7; *Ikeda v. Baidu*, 2021 WL 1299046, at \*5 (N.D. Cal. Apr. 7, 2021).

Judicial notice of such materials is appropriate to establish, among other things, what information was in the public realm and communicated to investors. *See, e.g.*, *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021). In addition, the SEC Staff Statement (Exhibit E) and SEC Comment Letters (Exhibits G-I) are judicially noticeable as public records reflecting the actions of an administrative agency. *See, e.g., Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021); *Greenberg v. Sunrun Inc.*, 233 F. Supp. 3d 764, 770 n.6 (N.D. Cal. 2017).

Dated:  October 24, 2022

WILMER CUTLER PICKERING HALE
  AND DORR LLP

By:     */s/ Jessica L. Lewis*
            Jessica L. Lewis

*Attorneys for Defendants Embark Technology, Inc., Ian Robertson, Ken Manget, Alex Rodrigues, and Richard Hawwa*