UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER HARDY and DANNY ROCHEFORT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, CHRISTOPHER JARRATT, PAUL DALGLISH, ROBERT SCHAEFER, BRAD SPARKES, ALEX RODRIGUES, and RICHARD HAWWA, <br><br> Defendants. | Case No. 3:22-cv-02090-JSC <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** <br><br> Date:   March 2, 2023 <br> Time:   10:00 a.m. <br> Place:  Courtroom 8, 19th Floor <br> Judge:  The Honorable Jacqueline Scott Corley |

ORDER GRANTING
MOTION TO DISMISS

NO. 3:22-CV-02090-JSC

Defendants Embark Technology, Inc. ("Embark" or the "Company"), Ian Robertson, Ken Manget Alex Rodrigues, and Richard Hawwa (the "Individual Defendants" and, collectively with Embark, "Defendants") have moved to dismiss the Amended Class Action Complaint ("Amended Complaint" [ECF No. 33]) in this action, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act ("PSLRA").  The Court, having considered the parties' written submissions and the arguments of counsel, hereby GRANTS Defendants' motion to dismiss in its entirety, without leave to amend.

In Count I of the Amended Complaint, Plaintiff Hardy purports to state a claim against all Defendants under Section 11 of the Securities Act of 1933 ("Securities Act").  However, Mr. Hardy has failed to allege that he purchased shares of Embark stock traceable to the allegedly misleading Registration Statement, and therefore lacks standing to sue under Section 11.  For that reason alone, Count I must be dismissed.  In addition, the Section 11 claim fails because the Amended Complaint does not adequately allege that the Registration Statement was materially false or misleading at the time that it became effective.  Indeed, the disclosures in the Registration Statement demonstrate that the allegedly misstated facts were disclosed, and Plaintiffs do not allege that any additional information was required to prevent the Registration Statement from being materially misleading.  Moreover, Plaintiffs' claim – which turns on the exercise of accounting judgment – is a challenge to an opinion statement, and the Amended Complaint does not satisfy the standards for pleading the falsity of an opinion.  And because the Amended Complaint fails to state an underlying violation of Section 11, Count II – asserting a control person claim under Section 15 of the Securities Act – must also be dismissed.

In Count III, Plaintiff Rochefort purports to state a claim against all Defendants under Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act").  For largely the same reasons discussed above in connection with the Section 11 claim, the Court finds that the Amended Complaint does not plead particularized facts, in accordance with the PSLRA, sufficient to establish that anything said in the challenged proxy statement was materially false or misleading when made.  The Section 14(a) claim also fails because the Amended Complaint does not allege particularized facts sufficient to raise a strong inference of culpability on the part of

any of the Defendants.  Moreover, dismissal of the Section 14(a) claim also mandates dismissal of Count IV, a control person claim under Section 20(a) of the Exchange Act.

For these reasons, the Court finds that Defendants' motion to dismiss must be granted in its entirety.  Because the deficiencies in Plaintiffs' claims cannot be remedied, further amendment would be futile.  Therefore, the Amended Complaint is dismissed with prejudice.


Dated:    _____


_____
The Honorable Jacqueline Scott Corley
United States District Judge