# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TYLER HARDY and DANNY ROCHEFORT, Individually and On Behalf of All Others Similarly Situated,<br><br>                          Plaintiffs,<br><br>          v.<br><br>EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, CHRISTOPHER JARRATT, PAUL DALGLISH, ROBERT SCHAEFER, BRAD SPARKES, ALEX RODRIGUES, and RICHARD HAWWA,<br><br>                          Defendants. | No. 3:22-cv-02090-JSC<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**<br><br>EXHIBIT A<br><br>Hon. Jacqueline Scott Corley |

WHEREAS:

(A)      On July 7, 2022, the Court appointed Tyler Hardy as Lead Plaintiff and his choice of counsel, Pomerantz LLP, Lead Counsel;

(B)      The operative Amended Class Action Complaint For Violations Of The Federal Securities Laws (Dkt. No. 33) was filed on August 25, 2022, adding named Plaintiff Danny Rochefort to this Action, and asserting claims against Embark Technology, Inc. f/k/a Northern Genesis Acquisition Corp. II ("Embark" or the "Company"), Ian Robertson, Ken Manget, Christopher Jarratt, Paul Dalglish, Robert Schaefer, Brad Sparkes, Alex Rodrigues, and Richard Hawwa (the "Individual Defendants," and together with Embark, the "Defendants");

(C)      On October 24, 2022, certain of the Defendants filed a Motion to Dismiss Amended Class Action Complaint; Memorandum of Points and Authorities in Support of Motion to Dismiss (Dkt.

No. 36), and the remaining Defendants filed a joinder in the Motion to Dismiss on January 5, 2023 (Dkt. No. 53);

(D)    On January 10, 2023, Plaintiffs filed a Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Amended Class Action Complaint (Dkt. No. 54);

(E)    On February 9, 2023, Defendants filed a Reply Memorandum in Support of Motion to Dismiss Amended Class Action Complaint (Dkt. No. 56);

(E)    On March 23, 2023, the Court heard argument on the Motion to Dismiss and, following the hearing, took the matter under submission (Dkt. No. 62);

(F)    While the Motion to Dismiss was under submission, Plaintiffs and Defendants undertook confidential settlement negotiations and, following such negotiations, Plaintiffs and Defendants executed a Memorandum of Understanding dated April 6, 2023 memorializing the principal terms and conditions of a settlement (subject to, among other things, Court approval).

(G)    Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants (collectively, the "Parties") have agreed to a settlement of the Settlement Claims, as defined in the Stipulation and Agreement of Settlement dated May 17, 2023 (the "Stipulation"), and have entered into the Stipulation setting forth the terms and conditions for the proposed Settlement;

(H)    Plaintiffs have applied to the Court under Fed. R. Civ. P. 23(e) for an order approving the Settlement in accordance with the terms of the Stipulation and for complete dismissal of this Action as to the Defendants;

(I)    The Court having reviewed and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and all papers submitted in support thereof, the Stipulation and the attached exhibits, and finding that substantial and sufficient grounds exist for entering this Preliminary Approval Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. All capitalized terms used herein shall have the same meaning as in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Settlement Class Members.

3. The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") as fair, reasonable and adequate, pending a final settlement and fairness hearing (the "Settlement Hearing") as described below. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Plaintiffs or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

**Class Certification**

4. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and for the purposes of the Settlement only, the Court hereby preliminarily certifies the following two classes (together the "Settlement Class"):

(a) **The Exchange Act Class**: all persons and entities that beneficially owned and/or held the Company's common stock as of October 6, 2021, the record date, and were eligible to vote at the Company's November 9, 2021 special meeting with respect to the business combination between the Company and privately held Embark Trucks Inc. ("Legacy Embark"), completed on or about November 10, 2021 (the "Business Combination"), and were damaged thereby. The "Exchange Act Class Period" is defined as the period from October 6, 2021 through November 10, 2021, both dates inclusive. Excluded from the Exchange Act Class are (i) Defendants and the Individual Defendants' family members; (ii) directors and officers of the Company and their families; (iii) any entity in which any of the Defendants have or had a

controlling interest; and (v) any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court; and

(b) **The Securities Act Class**: all persons and entities who purchased or otherwise acquired Embark common stock pursuant or traceable to the July 2, 2021 registration statement, including all amendments thereto, issued in connection with the November 2021 Business Combination between the Company and Legacy Embark, including shares of Embark common stock purchased in the open market during the period November 11, 2021 through December 13, 2021, both dates inclusive, (the "Securities Act Class Period") and were damaged thereby. Excluded from the Securities Act Class are (i) Defendants and the Individual Defendants' family members; (ii) directors and officers of the Company and their families; (iii) any entity in which any of the Defendants have or had a controlling interest; and (v) any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

5.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and for the purposes of the Settlement only, the Court appoints Lead Plaintiff Tyler Hardy and named Plaintiff Danny Rochefort as Class Representatives for the Settlement Class, and Lead Counsel Pomerantz LLP as Class Counsel for the Settlement Class.

6.    Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e)

questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this action.

7. If the Stipulation is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class shall be void and of no further effect, and the parties to the Stipulation shall be returned to the status each occupied before entry of this Order and before execution of the MOU and the Stipulation without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action.

8. The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

9. The Court approves the appointment of Strategic Claims Services as the Settlement Administrator to supervise and administer the notice procedure and the processing of claims, and approves the payment of reasonable administration costs to the Settlement Administrator from the proceeds of the Settlement, not to exceed $250,000 without further Court order prior to the Effective Date. After the Effective date, additional amounts may be transferred from the Escrow Account to the Settlement Administration Account for Lead Counsel to pay any additional reasonable and necessary Notice and Administration Costs without further Order of the Court.

**Stay Order**

10. The Court orders the stay of any pending litigation and enjoins Plaintiffs, all other Settlement Class Members, and anyone who acts or purports to act on their behalf, from commencing or prosecuting, in any court, arbitration, or other tribunal, any action which asserts any Settlement Class Claims against any of the Released Persons.

**Form and Timing of Notice**

11.     The Court hereby approves, as to form and content, the (i) Notice, (ii) Proof of Claim and Release Form ("Proof of Claim"), and (iii) Summary Notice, substantially in the form of Exhibits A-1, A-2, and A-3 to this [Proposed] Order Preliminarily Approving Settlement.

12.     Per the terms of the Stipulation, Embark shall cooperate in the production of information with respect to the identification of Settlement Class Members from the Company's shareholder transfer records.

13.     Within 20 days of entry of this Order, the Settlement Administrator shall:

(a) Cause to be mailed to potential Settlement Class Members at the addresses set forth in the shareholder transfer records provided by the Company, or who otherwise may be identified through further reasonable effort, , (i) the Notice, and (ii) Proof of Claim, substantially in the forms attached to this [Proposed] Order Preliminarily Approving Settlement as Exhibits A-1 and A-2.

(b) Cause the Notice and Proof of Claim to be posted on the Settlement Administrator's website; and

(c)  Cause the Summary Notice to be published once in a national business publication or national business newswire.

14.     The Settlement Administrator shall make reasonable efforts to give notice to nominees, such as brokerage firms, who purchased or otherwise acquired for the beneficial interest of other persons, Embark common stock during the Securities Act Class Period, or owned and/or held for the beneficial interest of other persons the Company's common stock during the Exchange Act Class Period. Such nominees shall (a) within seven (7) calendar days of receipt of the Notice and the Proof of Claim ("Notice Packet"), request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice

Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions in an amount not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund, subject to further order of this Court with respect to any dispute concerning such compensation.

15.     Before the Settlement Hearing, Class Counsel shall file with this Court proof of publication of the Summary Notice as well as a declaration describing the Settlement Administrator's efforts to provide notice to Settlement Class Members in compliance with the specific requirements set forth above.

16.     This Court preliminarily finds that the form and method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions:

(a)  constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b)  are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE - No. 3:22-cv-02090-JSC

7

themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; (v) their right to submit a claim as part of the Settlement; and (vi) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) fully satisfies all applicable requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

## Participation and Opt Out

17.    Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than _____, 2023. Any Settlement Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by the Settlement and all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class. Notwithstanding the foregoing, Class Counsel shall have the discretion to accept late-submitted

claims for processing by the Settlement Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

18.    Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than _____, 2023. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing.  Unless otherwise ordered by the Court, any Person falling within the definition of the Settlement Class who fails to timely request exclusion from the Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Class and shall be barred from requesting exclusion from the Class.

19.    Upon receiving any Request for Exclusion, Class Counsel or the Settlement Administrator shall promptly provide copies of such request(s) to Defendants' counsel within five (5) business days, and in any event not less than fourteen (14) days prior to the Settlement Hearing.

## **Settlement Hearing; Right to Appear and Object**

20.    The Settlement Hearing shall take place before the undersigned, United States District Judge Jacqueline Scott Corley, in Courtroom 8, 19th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, on _____, 2023, at __:__ _.m., to determine:

(a)  whether the Settlement on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(b) whether a Judgment as provided in the Stipulation should be entered herein;

(c) whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

(d) whether the Plan of Allocation is fair and reasonable to the Settlement Class;

(e) whether the application for an award of reasonable costs and expenses to be submitted by Plaintiffs should be approved; and

(f) such other matters as the Court may deem necessary or appropriate.

21. The Plan of Allocation, Class Counsel's application for an award of attorneys' fees and expenses, and Plaintiffs' award of reasonable costs and expenses will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal relating solely to the Plan of Allocation, solely to Class Counsel's application for an award of attorneys' fees and expenses, or solely to Plaintiffs' application for an award of reasonable costs and expenses shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

22. The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Settlement Class Members.

23. Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than _____, 2023, such person files with the Court a statement of objection signed by the objector, even if represented by counsel, setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the

Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection. Such Settlement Class Member shall also provide documentation sufficient to establish the number of shares of Embark common stock acquired in connection with the business combination; the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Embark common stock during the Securities Act Class Period; the number of shares of the Company's common stock held by you as of the close of the U.S. financial markets on October 6, 2021; the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of the Company's common stock during the Exchange Act Class Period. Settlement Class Members wishing to appear in person at the Settlement Hearing must submit a Notice of Intention to Appear with the objection. If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and such counsel must submit a Notice of Intention to Appear with the objection. Objection materials must be sent to the following:

| **COURT** |
| --- |
| United States District Court Northern District of California 450 Golden Gate Avenue San Francisco, CA 94102-3489 |

24.     Class Counsel shall file all papers, including memoranda or briefs in support of the Settlement, the Plan of Allocation, an award of attorneys' fees and reimbursement of expenses, and Plaintiffs' award of reasonable costs and expenses no later than _____, 2023. Reply papers, if any, shall be filed no later than _____, 2023.

25. The Court reserves the right to adjourn or continue the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind. The Court may approve the Settlement with modifications as may be agreed to by the Settling Parties, without further notice to the Settlement Class.

26. If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Settlement Class Member submits a Proof of Claim. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged in the Amended Complaint, or which could have been alleged, or which otherwise were at issue in the Action.

## Other Provisions

27. Upon payment of the Settlement Consideration to the Escrow Account by or on behalf of the Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed pursuant to the Stipulation and/or further order of this Court. There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order and until the Order and Final Judgment becomes Final.

28. Except for the obligations to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from the Company's shareholder transfer records, in no event shall Defendants or any of the Released Persons have any responsibility for the administration of the Settlement, and neither Defendants nor any of the Released

Persons shall have any obligation or liability to Plaintiffs, Lead Counsel, or the Settlement Class in connection with such administration.

29.     No Person shall have any claim against Plaintiffs, Lead Counsel, the Settlement Class Members, the Settlement Administrator, the Escrow Agent, Plaintiffs' consulting expert, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Persons, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

30.     The Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Amended Complaint and the Action and have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation. This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a) against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiffs in the Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Amended Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE - No. 3:22-cv-02090-JSC
13

(b) against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Amended Complaint or the Action or of any lack of merit to the claims or the Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Amended Complaint or the Action;

(c) against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Plaintiffs, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

(d) against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them;

(e) against the Plaintiffs or any Settlement Class Member, or Lead Counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without

merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; or

(f)  as evidence of, or construed as evidence of, any presumption, concession, or admission that the modification to the class definitions as ordered herein is appropriate in this Action, except for purposes of this Settlement.

31.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

32.     The Court retains jurisdiction over the Action to consider matters arising out of, or connected with, the Settlement.

**SO ORDERED** in the Northern District of California on _____, 2023.

_____

**HON. JACQUELINE SCOTT CORLEY**
**UNITED STATES DISTRICT JUDGE**