# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TYLER HARDY and DANNY ROCHEFORT, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>   v.<br><br>EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, CHRISTOPHER JARRATT, PAUL DALGLISH, ROBERT SCHAEFER, BRAD SPARKES, ALEX RODRIGUES, and RICHARD HAWWA,<br><br>     Defendants. | No. 3:22-cv-02090-JSC<br><br>Hon. Jacqueline Scott Corley<br><br>EXHIBIT A-1 |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

The purpose of this Notice is to inform you of a lawsuit brought on behalf of shareholders of Embark Technologies, Inc., f/k/a Northern Genesis Acquisition Corp. II (referred to alternatively as the "Company," "Embark" or "Northern Genesis") and a proposed settlement on that lawsuit. If you (i) purchased or otherwise acquired Embark common stock pursuant or traceable to the July 2, 2021 registration statement, including all amendments thereto, issued in connection with the Business Combination between Northern Genesis and the privately held Embark Trucks Inc. ("Legacy Embark") completed on or about November 10, 2021 (the "Business Combination") and were damaged; and/or (ii) beneficially owned and/or held Northern Genesis common stock as of October 6, 2021, the record date, and were eligible to vote at Northern Genesis' November 9, 2021 special meeting with respect to the Business Combination, and were damaged, you could get a payment from a class action settlement.

*A federal court authorized this notice. This is <u>not</u> a solicitation from a lawyer.*
*This is <u>not</u> a notice that you have been sued.*

- The proposed Settlement, if approved by the Court, will provide $2.5 million. Based on Plaintiffs' estimate of the number of shares of Embark common stock and Northern Genesis common stock that are eligible to participate in the Settlement, Plaintiffs estimate that this represents approximately $0.012 per damaged share to pay claims from investors who (i) purchased or otherwise acquired Embark common stock pursuant or traceable to the July 2, 2021 registration statement, including all amendments thereto, issued in connection with the Business Combination, including shares of Embark common stock purchased in the open

market during the period November 11, 2021 through December 13, 2021, both dates inclusive (the "Securities Act Class Period") and were damaged thereby; and/or (ii) beneficially owned and/or held Northern Genesis common stock as of October 6, 2021, the record date, and were eligible to vote at Northern Genesis' November 9, 2021 special meeting with respect to the Business Combination, and were damaged thereby.[1]

- The Settlement resolves a lawsuit concerning whether Embark Technology, Inc. f/k/a/ Northern Genesis Acquisition Corp. II, and certain of its officers and directors made false and misleading statements and omissions in the Company's condensed financial statements, which were included in the registration statement and proxy statement/prospectus for the Business Combination. Defendants Embark; Ian Robertson, Ken Manget, Christopher Jarratt, Paul Dalglish, Robert Schaefer, Brad Sparkes, Alex Rodrigues, and Richard Hawwa (the "Individual Defendants," and together with Embark, the "Defendants") deny all allegations of misconduct. The two sides disagree on whether the investors could have won at trial, and if so, how much money they could have won.

- Court-appointed lawyers for investors will ask the Court for up to $835,000 in attorneys' fees (33.4% of the Settlement) and up to $140,000 in reimbursement for expenses, plus interest on both amounts, for their work litigating the case and negotiating the Settlement. They will also ask for an award to the two Class Representatives, not to exceed $2,500 each, for their reasonable costs and expenses. If approved by the Court, these amounts (which Plaintiffs estimate to be approximately $0.005 per damaged share) will be paid from the Settlement Fund.

- The estimated average recovery, after deducting attorneys' fees and expenses, administrative costs, and Class Representative awards of reasonable costs and expenses (if approved by the Court), is approximately $0.006 per damaged share.

- The Court has not yet approved the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

- **Your legal rights will be affected whether you act or don't act.** If you do not act, you may permanently forfeit your right to recover on this claim. **Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | Fill out the attached Proof of Claim and Release form and submit it no later than _____, 2023. **This is the only way to get a payment.** |

---

[1] Herein, the "Exchange Act Class Period" is defined as the period from October 6, 2021 through November 10, 2021, both dates inclusive.

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS** | Submit a request for exclusion no later than _____, 2023. This is the only way you can ever be part of any other lawsuit against Defendants about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing.** |
| **OBJECT** | Write to the Court no later than _____, 2023 about why you do not like the Settlement. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement no later than _____, 2023 at the hearing on _____, 2023. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **DO NOTHING** | **Get no payment AND give up your rights to bring your own individual action.** |

---

**WHAT THIS NOTICE CONTAINS**

---

**BASIC INFORMATION**
1. Why did I receive this notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT**
5. How do I know if I am part of the settlement?
6. Are there exceptions to being included?
7. I am still not sure if I am included.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**
8. What does the settlement provide?
9. How much will my payment be?

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**
10. How can I obtain a payment?
11. When will I receive my payment?
12. What am I giving up to receive a payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
13. How do I get out of the Settlement Class?
14. If I do not exclude myself, can I sue the Released Persons for the same thing later?
15. If I exclude myself, can I receive money from the Net Settlement Fund?

**THE LAWYERS REPRESENTING YOU**

3

16. Do I have a lawyer in the case?

17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**

18. How do I tell the Court that I do not like the Settlement?

**THE COURT'S SETTLEMENT HEARING**

19. When and where will the Court decide whether to approve the Settlement?

20. Do I have to come to the hearing?

21. May I speak at the hearing?

**IF YOU DO NOTHING**

22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**

23. Are there more details about the Settlement?

**THE PLAN OF ALLOCATION**

| BASIC INFORMATION |
| --- |

**1.      Why Did I Receive This Notice Package?**

You or someone in your family may have (i) purchased or otherwise acquired Embark common stock pursuant or traceable to the July 2, 2021 registration statement, including all amendments thereto, issued in connection with the November 2021 Business Combination, and were damaged; and/or (ii) beneficially owned and/or held Northern Genesis common stock as of October 6, 2021, the record date, and were eligible to vote at Northern Genesis' November 9, 2021 special meeting with respect to the Business Combination, and were damaged.

This Notice was sent because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will make the payments to those persons who timely submit claims in the manner described below.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, U.S. District Judge Jacqueline Scott Corley presiding, and the case is known as *Hardy v. Embark Technology, Inc. f/k/a Northern Genesis Acquisition Corp. II et al.*, No. 3:22-cv-02090 (N.D. Cal.). Lead Plaintiff Tyler Hardy and Plaintiff Danny Rochefort are called Plaintiffs or Class Representatives, and the Defendants are Embark Technology, Inc. f/k/a Northern Genesis Acquisition Corp. II, Ian Robertson, Ken Manget, Christopher Jarratt, Paul Dalglish, Robert Schaefer, Brad Sparkes, Alex Rodrigues, and Richard Hawwa. The Class Representatives and the Defendants are referred to together as the "Settling Parties."

4

**2.      What Is This Lawsuit About?**

This Action alleges violations of the federal securities laws against Defendants. Specifically, the Amended Complaint asserts claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) and 78t(a), and Rule 14a-9 promulgated thereunder by the SEC (17 C.F.R. § 240.14a-9), and Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k and 77o.

As alleged in the Amended Complaint, Embark develops self-driving software solutions for the trucking industry in the U.S. The Company was originally a special purpose acquisition company, also called a blank-check company, which is a development stage company that has no specific business plan or purpose or has indicated its business plan is to engage in a merger or acquisition with an unidentified company or companies, other entity, or person. On November 10, 2021, the Company consummated a merger transaction with Embark Trucks Inc. ("Legacy Embark"), whereby, among other things, the Company changed its name from Northern Genesis Acquisition Corp. II to Embark Technology, Inc.

In July 2021, the Company filed a registration statement and preliminary proxy statement/prospectus with the SEC for the Business Combination which became effective on October 18, 2021. On October 19, 2021, the Company filed the October 18, 2021 definitive proxy statement/prospectus with the SEC for the Business Combination. The Company's condensed financial statements as of and for the three and six months ended June 30, 2021 ("Q2 2021 financial statements") were included in the registration statement's proxy statement/prospectus.   The Amended Complaint alleges that these Q2 2021 financial statements contained materially false and misleading statements. The proxy statement/prospectus was also mailed to Northern Genesis' stockholders as of October 6, 2021, the record date, for purposes of the Company's solicitation of proxies for its November 9, 2021 special meeting of stockholders to approve the proposed Business Combination.

On November 24, 2021, the Company filed an amendment to its November 10, 2021 10-Q on Form 10-Q/A in which it disclosed Company management determined that, in light of recent letters issued by the Securities and Exchange Commission to several special purpose acquisition companies, certain shares of redeemable common stock that the Company had previously classified as "shares not subject to redemption" in its historical financial statements were required to be classified as temporary equity.   The Company also announced that, as a result of the reclassification, the Company would restate its condensed financial statements as of January 15, 2021, as of and for the three months ended March 31, 2021, as of and for the three and six months ended June 30, 2021, and for the three and nine months ended September 30, 2021. The Amended Complaint alleges that the Company initial decision to recognize all redeemable common stock shares as temporary equity was in violation of Generally Accepted Accounting Principles.   The Amended Complaint further alleges that Defendants knew as early as mid-August 2021 that the

5

Company's initial accounting was wrong, but that the Company improperly pushed the correction through the Company's Q2 2021 financial statements included in its August 16, 2021 quarterly report on Form 10-Q for the quarter ended June 30, 2021. The Amended Complaint alleges that the Company's June 30, 2021 income statement, statement of changes in stockholders equity and statement of cash flows were materially misstated.

Defendants deny that they made materially false or misleading statements, deny that they engaged in any wrongdoing, and have moved to dismiss all claims in this action.

### 3.    Why Is This A Class Action?

Classes are generally used in lawsuits that affect a large number of individuals. The class action consolidates into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct in the same period of time, thus removing the need for members of the class to file their own individual lawsuits for the harm alleged. Once the class is certified, one court is empowered to resolve all of the issues for all class members, except for those class members who exclude themselves from the class.

### 4.    Why Is There A Settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a Settlement under the terms set forth in the Stipulation and Agreement of Settlement (the "Stipulation"). This permits the Settling Parties to avoid the cost, delay, and uncertainty of a trial, and permits eligible Settlement Class Members who submit valid claims to receive some compensation sooner, rather than engaging in years of further litigation—including motions for summary judgment, trial, and appeals—with the possibility of no recovery at all.

Plaintiffs are entering into this Settlement in view of, among other things, the Company's financial condition, the Board's decision to explore potential strategic alternatives (including alternative uses of assets to commercialize its technology, additional sources of financing, as well as potential dissolution), the significant funds the Settlement will provide to Settlement Class Members, and the avoidance of the uncertainties, burden, risk, and expense of further litigation against the Defendants.

Plaintiffs and Defendants have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Action. The Settling Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. Among their many other disagreements are: (1) whether Plaintiff Hardy has standing to assert a claim under Section 11 of the Securities Act; (2) whether the misrepresentations and omissions alleged by Plaintiffs were materially false or misleading, or otherwise actionable; and (3) whether Defendants violated the securities laws or otherwise engaged in wrongdoing.

Plaintiffs and their attorneys believe the Settlement is best for all Settlement Class Members. However, by settling the Action at this point, Plaintiffs are not admitting that the

Amended Complaint or the Action lacked merit or that the Settlement Class's ultimate recovery would not have been greater than the Settlement Consideration. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Plaintiffs or the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

Defendants deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, by Plaintiffs. Nonetheless, Defendants have concluded that further defense of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled upon the terms and conditions set forth in the Stipulation in order to limit further expense and avoid the burden of protracted litigation. Defendants entered into the Stipulation without in any way admitting to or acknowledging any fault, liability, or wrongdoing of any kind. There has been no adverse determination by any court against Defendants or anyone else on the merits of the claims asserted in the Amended Complaint. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the merit or truth of any of the allegations or wrongdoing of any kind on their part nor shall they be offered as evidence in the Action or in any pending or future civil, criminal, or administrative action against Defendants, except as expressly set forth in the Stipulation.

| WHO IS IN THE SETTLEMENT |
| --- |

To see if you will receive money from this Settlement, you first have to determine if you are a possible Settlement Class Member.

**5.      How Do I Know if I Am Part of the Settlement?**

The potential Settlement Class includes two classes: the Securities Act Settlement Class and the Exchange Act Settlement Class. While there are two classes, there is only one Settlement fund.

To be a member of the Securities Act Settlement Class, you must have purchased or otherwise acquired Embark Class A common stock ("Embark common stock") pursuant or traceable to the July 2, 2021 registration statement, including all amendments thereto, issued in connection with the November 2021 Business Combination, and were damaged thereby.  In order to show that you purchased or otherwise acquired Embark common stock pursuant or traceable to the July 2, 2021 registration statement, you may show either (1) that you were a shareholder of Legacy Embark common stock whose Legacy Embark common stock was converted into a right to receive a number of Embark common stock as a result of the Business Combination, and that you did thereby receive Embark common stock as a result of the Business Combination, or (2) that

7

you purchased shares of Embark common stock in the open market during the period of November 11, 2021 through December 13, 2021, both dates inclusive.

To be a member of the Exchange Act Settlement Class, you must have beneficially owned and/or held Northern Genesis common stock as of the close of the U.S. financial markets on October 6, 2021, the record date, been eligible to vote at Northern Genesis' November 9, 2021 special meeting with respect to the Business Combination, and have been damaged thereby.[2]

**6.    Are there exceptions to being included?**

Yes. You are not a member of the Settlement Class if you belong to any of the following groups: (i) Defendants and the Individual Defendants' family members; (ii) directors and officers of Embark and Northern Genesis and their families; (iii) any entity in which the Defendants have or had a controlling interest; and (iv) any persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in this Notice.

**7.    I am Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can contact the Settlement Administrator at Embark Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, for more information. Or you can fill out and return the claim form described in question 10, to see if you qualify.

---

**THE SETTLEMENT BENEFITS—WHAT YOU GET**

---

**8.    What Does the Settlement Provide?**

The Settlement, if approved by the Court, will result in a gross fund of $2.5 million U.S. dollars. Subject to the Court's approval, a portion of this fund will be used to pay attorneys' fees and reasonable litigation expenses, the costs of notice and claims administration (including, among other things, the costs of printing and mailing this Notice), and any award of reasonable costs and expenses granted to the Class Representatives. After these deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit valid claims, in accordance with the Plan of Allocation set forth below.

**9.    How Much Will My Payment Be?**

---

[2] Prior to the November 2021 Business Combination between Legacy Embark and Northern Genesis, the Company's common stock was listed on the New York Stock Exchange (NYSE) under the ticker symbol "NGAB." Following the Business Combination, on November 11, 2021, Embark Class A common stock was listed on the Nasdaq Global Market and commenced trading under the ticker symbol "EMBK." On August 16, 2022, after market close, Embark common stock underwent a 1-for-20 reverse stock split. Herein, stock prices, share quantities, and per-share recovery estimates are *not* adjusted for the August 16, 2022 stock split.

Your share of the Net Settlement Fund will depend on (i) the number of valid claim forms submitted by Settlement Class Members, (ii) the number of Embark common stock you purchased or otherwise acquired and sold pursuant or traceable to the July 2, 2021 registration statement, including all amendments thereto, issued in connection with the November 2021 Business Combination, and the timing of those purchases/acquisitions and sales; (iii) the amount of Northern Genesis common stock you beneficially owned and/or held as of October 6, 2021, the record date, while being eligible to vote at Northern Genesis' November 9, 2021 special meeting with respect to the Business Combination, and if such shares were sold, the timing of those sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Class Representatives for their reasonable costs and expenses, if any, and to Class Counsel for attorneys' fees, costs, and expenses.

---

**HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM**

---

### 10.    How Can I Get A Payment?

To qualify for a payment, you must be an eligible Settlement Class Member, send in a valid Proof of Claim and Release Form by _____, 2023, and properly document your claim as requested in the form. The Settlement Administrator will process your claim and determine whether you are an Authorized Claimant.

A Proof of Claim and Release form is enclosed with this Notice and may also be downloaded at www.strategicclaims.net/embark/. Read the instructions carefully, fill out the form, sign it in the location indicated, include all of the documentation requested in the form, and mail or submit it online to the Settlement Administrator so that it is postmarked or received no later than _____, 2023. The claim form may be submitted online at www.strategicclaims.net/embark/ or mailed to:

Embark Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.met

### 11.    When Will I Receive My Payment?

The Court will hold a hearing on _____, 2023 to decide whether to approve the Settlement. If the Court approves the Settlement, there might be an appeal afterwards. It is always

9

uncertain whether there will be an appeal and when any appeal will be resolved, and resolving an appeal can take time, perhaps more than a year. It also takes at least several months for the Settlement Administrator to process all of the Proof of Claim and Release Forms and determine the ultimate distribution amounts. Please be patient.

### 12.   What Am I Giving Up to Receive a Payment or Remain a Settlement Class Member?

Unless you validly exclude yourself from the Settlement Class by the _____, 2023 deadline, you are a Settlement Class Member and will be giving up certain rights that you currently have if the Court approves the Settlement. That means that if the Settlement is approved, you and all Settlement Class Members will release (agreeing never to sue or be part of any other proceeding) all Settlement Class Claims against each and all of the "Released Persons" defined as each and all of Defendants, Defendants' Counsel, and any of their respective Related Parties. "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, sponsors, members, join ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them. However, you do not release the Released Persons from any claim or action to enforce the Settlement. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you are agreeing to its "Release of Claims," which will bar you from ever filing a lawsuit against any of the Released Persons to recover losses relating to the purchase, acquisition, sale, disposition or holding of Northern Genesis and/or Embark common stock during the Exchange Act Class Period and/or the Securities Act Class Period, except to enforce the Settlement. That means you will accept your share in the Net Settlement Fund as sole compensation for any losses you have suffered.

---

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

---

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue the Defendants on your own for the Settlement Class Claims, then you must take steps to get out of the Settlement Class. This is called excluding yourself or "opting out" of the Settlement Class.

**13.    How Do I Get Out of the Settlement Class?**

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you "request exclusion from the Settlement Class in the *Embark Securities Litigation*, Case No. 3:22-cv-02090-JSC." Each request for exclusion must clearly state: (A) your name, address, telephone number, signature, and e-mail address (if any); (B) the number of shares of Embark common stock acquired in connection with the Business Combination; (C) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Embark common stock during the Securities Act Class Period; (D) the number of shares of Northern Genesis common stock held by you as of the close of the U.S. financial markets on October 6, 2021; and (E) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Northern Genesis common stock during the Exchange Act Class Period. Any request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must submit your exclusion request so that it is **received no later than _____, 2023 by the Settlement Administrator at**:

Embark Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

**14.    If I Do Not Exclude Myself, Can I Sue the Released Persons for the Same Thing Later?**

No. Unless you exclude yourself from the Settlement Class, you give up any rights to sue the Defendants and the other Released Persons for the claims being released in this Settlement. If you have a pending lawsuit against the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____, 2023.

**15.    If I Exclude Myself, Can I Receive Money from the Net Settlement Fund?**

No. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by any judgment in this case.

---

**THE LAWYERS REPRESENTING YOU**

---

**16.    Do I Have a Lawyer in This Case?**

The Court has appointed the law firm Pomerantz LLP to represent you and other Settlement Class Members. These lawyers are called Lead Counsel or Class Counsel. You will not be charged

for the services of these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How Will the Lawyers Be Paid?**

Class Counsel has not been paid any attorneys' fees to date. Class Counsel has expended considerable time litigating this Action on a contingent-fee basis and has paid for all of the expenses of the litigation. Class Counsel has done so with the expectation that if it is successful in recovering money for the Settlement Class, it will receive attorneys' fees and be reimbursed for its litigation expenses from the Settlement Fund, as is customary in this type of litigation. Class Counsel will not receive attorneys' fees or be reimbursed for its litigation expenses except from the Settlement Fund.

Therefore, Class Counsel will file a motion asking the Court for an award of up to $835,000 in attorneys' fees (33.4% of the Settlement) and up to $140,000 in reimbursement for expenses, plus interest on both amounts, and may also seek an award of up to $2,500 for each of the two Class Representatives for their reasonable costs and expenses. That motion will argue that the requested fees and expenses are well within the range awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

---

## OBJECTING TO THE SETTLEMENT

---

You can tell the Court that you do not agree with the Settlement or some part of it.

**18. How Do I Tell the Court That I Do Not Like the Settlement?**

If you are a Settlement Class Member and do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and expenses or an award of reasonable costs and expenses for the Class Representatives, you can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payment will be sent out and the lawsuit will continue.

To object, you must send a letter saying you object to the Settlement in the *Embark Securities Litigation*, Case No. 3:22-cv-02090-JSC. Be sure to include: (A) your name, address, telephone number, signature, and e-mail address (if any); (B) the number of shares of Embark common stock acquired in connection with the Business Combination; (C) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Embark common stock during the Securities Act Class Period; (D) the number of shares of Northern Genesis common stock held by you as of the close of the U.S. financial markets on October 6, 2021; (E) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions

12

of Northern Genesis common stock during the Exchange Act Class Period; and (F) a description of the specific part of the Stipulation or Settlement to which you object and all grounds for your objection, including any evidence you wish to bring to the Court's attention and any legal support known to you or your counsel.

If you object to the Settlement, or the requested attorneys' fees and expenses, or award of reasonable costs and expenses for the Class Representatives, you subject yourself to the jurisdiction of the Court in this matter and Class Representatives may seek to take your deposition before the Settlement Hearing. If the Court allows the deposition and you refuse to have your deposition taken, your objection may be deemed invalid.

The motions in support of the Settlement and the request for attorneys' fees and expenses will be filed no later than _____, 2023, and they will be available from Lead Counsel, the Settlement Administrator, or the Court. Any objection must be mailed or delivered such that it is received by the Court no later than _____, 2023:

| COURT |
|---|
| United States District Court |
| Northern District of California |
| 450 Golden Gate Avenue |
| San Francisco, CA 94102-3489 |

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

**19.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a Settlement Hearing at __ _.m. on _____, 2023 at the United States District Court for the Northern District of California in Courtroom 8, 19th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

At this hearing, the Court will consider whether the proposed Settlement and Plan of Allocation are fair, reasonable, and adequate and should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Class Counsel for attorneys' fees and expenses and to Class Representatives for their reasonable costs and expenses. The Court may decide these issues at the hearing or take them under consideration for a later decision.

13

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you may wish to visit the Court's website at https://www.cand.uscourts.gov/judges/corley-jacqueline-scott-jsc/, the Settlement website, www.strategicclaims.net/embark/, or check with Class Counsel beforehand to be sure that the date and time have not changed.

**20.     Do I Have to Come to the Hearing?**

No. Lead Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it, though you are welcome to do so. However, if you object and wish to appear at the hearing, you must provide notification that you wish to appear at the hearing in your written objection. You may also pay your own lawyer to attend, but it is not necessary.

**21.     May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying you intend to appear at the Settlement Hearing in the *Embark Securities Litigation*, Case No. 3:22-cv-02090-JSC. Your letter should comply with all of the requirements set forth in question 18 above for submitting a written objection, and it must be received no later than _____, 2023 by the Clerk of the Court, Lead Counsel and the Defendants' Counsel at the addresses listed in question 18.

If you wish to present evidence at the Settlement Hearing, you must also identify any witnesses you may call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing. If you intend to have counsel appear on your behalf at the Settlement Hearing, your letter must identify all attorneys who will appear on your behalf, and your attorneys must file a notice of their intent to appear.

You cannot speak at the hearing if you exclude yourself.

---

**IF YOU DO NOTHING**

---

**22.     What Happens if I Do Nothing at All?**

If you do nothing, all of your claims against Defendants and the Released Persons will be released, but you will not receive any money from this Settlement, because it is necessary to submit a Proof of Claim and Release form to share in the Settlement proceeds.

---

**GETTING MORE INFORMATION**

---

**23.     Are There More Details About the Settlement?**

14

This Notice summarizes the proposed Settlement. More details are in the Stipulation. The Stipulation is the controlling document describing the proposed Settlement and its terms govern anything to the contrary in this Notice. You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by visiting www.strategicclaims.net/embark/ or by contacting the Settlement Administrator toll-free at (866) 274-4004. You can also access the Court docket in this case through the Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov or in person at the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. You can also contact Class Counsel at:

> Jeremy A. Lieberman
> Brenda Szydlo
> POMERANTZ LLP
> 600 Third Avenue, Floor 20
> New York, NY 10016
> Telephone: (212) 661-1100

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

---

### THE PLAN OF ALLOCATION

---

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or may approve another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Settlement Administrator's website: www.strategicclaims.net/embark/.

The general objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misconduct, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged misconduct. The Settlement Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of (i) Embark common stock purchased or otherwise acquired pursuant or traceable to the July 2, 2021 registration statement, including all amendments thereto, issued in connection

15

with the Business Combination;[3, 4, 5] and (ii) Northern Genesis common stock beneficially owned and/or held as of the close of the U.S. financial markets on October 6, 2021 For each share of Embark common stock that was purchased or otherwise acquired pursuant or traceable to the July 2, 2021 registration statement, including all amendments thereto, issued in connection with the Business Combination, a Recognized Loss will be calculated as described below under "Calculating Recognized Loss Per Share Under the Securities Act." For each share of Northern Genesis common stock beneficially owned and/or held as of the close of the U.S. financial markets on October 6, 2021, a Recognized Loss will be calculated as described below under "Calculating Recognized Loss Per Share Under the Exchange Act."[6]

The calculation of Recognized Loss will depend upon several factors, including (i) when shares of Embark common stock were purchased or otherwise acquired and for what price, whether those shares were sold, and if sold, when they were sold, and for what price; and (ii) when shares of Northern Genesis common stock were beneficially owned and/or held, whether those shares were redeemed or sold, and if sold, when they were sold, and for what price.

The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, though Class Counsel's determinations of litigation risk may inform the calculation of Recognized Loss in order to achieve an equitable distribution of the Net Settlement Fund.[7] The Recognized Loss is not intended to estimate the amount that will

---

[3] Shares of Embark common stock acquired upon the conversion of Legacy Embark common stock into a right to receive a number of Embark common stock as a result of the Business Combination shall be considered an acquisition pursuant or traceable to the July 2, 2021 registration statement at a price of $10.00 per share of Embark common stock.

[4] Shares of Embark common stock purchased in the open market during the period November 11, 2021 through December 13, 2021, both dates inclusive, shall be considered an acquisition pursuant or traceable to the July 2, 2021 registration statement.

[5] Embark common stock acquired pursuant to Subscription Agreements or Forward Purchase Agreements as part of the Company's PIPE Financing are not eligible for a recovery from the Settlement.

[6] Upon the closing of the Business Combination, all outstanding shares of Northern Genesis common stock were reclassified into shares of Embark common stock. The Recognized Loss for shares of Northern Genesis common stock that were beneficially owned and/or held as of the close of the U.S. financial markets on October 6, 2021, that were reclassified into shares of Embark common stock pursuant to the Business Combination, shall be calculated as described below under "Calculating Recognized Loss Per Share Under the Exchange Act." There is no separate or additional Recognized Loss calculation under the Securities Act for such shares.

[7] As a result of Class Counsel's inclusion of litigation risk in the Recognized Loss calculation, certain shareholders may have been damaged by their purchase, acquisition, sale, disposition, ownership or holding of Embark common stock and/or Northern Genesis common stock, and therefore will be deemed to be Settlement Class Members unless they validly exclude themselves from the Settlement Class, but may not have a Recognized Loss under the Plan of Allocation, and therefore may not be entitled to any recovery under the Settlement.

16

be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

Plaintiffs allege that materially false and misleading statements and omissions in the proxy statement/prospectus for the Business Combination proximately caused foreseeable losses to members of the Exchange Act Class as the alleged truth was disclosed through alleged partial corrective disclosures that occurred after market close on November 17, 2021, and prior to market open on November 24, 2021 (the "Corrective Disclosures"). Furthermore, Section 11 of the Securities Act provides for an affirmative defense of negative causation which prevents recovery for losses that Defendants prove are not attributable to misrepresentations and/or omissions alleged by Plaintiffs in the registration statement. Thus, the Recognized Loss calculation for the Securities Act Settlement Class and the Exchange Act Settlement Class assumes that the decline in the price of Embark common stock, net of market and industry effects, in response to the Corrective Disclosures alleged by Plaintiffs as shown in Table 1 below, is the only compensable loss. Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, Embark common stock must have been held at the opening of trading on November 18, 2021 and/or November 24, 2021.

| Table 1 | |
|---|---|
| **Corrective Disclosure Impact Date** | **Company-Specific Stock Price Decline** |
| November 18, 2021 | $0.59 |
| November 24, 2021 | $0.49 |
| Total | $1.08 |

**Calculation of Recognized Loss Per Share Under the Securities Act**

For each share of Embark common stock that was purchased or otherwise acquired pursuant or traceable to the July 2, 2021 registration statement, including all amendments thereto, issued in connection with the November 2021 Business Combination, the Recognized Loss per share shall be calculated as follows:

I.    For each share that was purchased or otherwise acquired pursuant or traceable to the July 2, 2021 registration statement and/or during the period November 11, 2021 through November 17, 2021, both dates inclusive, and

a.    sold prior to November 18, 2021, the Recognized Loss per share is $0.

b.    sold during the period November 18, 2021 through November 23, 2021, both dates inclusive, the Recognized Loss per share is *the lesser of*:

i.    $0.59; or

17

    ii.    the purchase price (not to exceed \$10.00[8]) *minus* the sale price.

  c.  still held as of the close of the U.S. financial markets on November 23, 2021, the Recognized Loss per share is \$1.08.

II.  For each share that was purchased or otherwise acquired during the period November 18, 2021 through November 23, 2021, both dates inclusive, and

  a.  sold prior to November 24, 2021, the Recognized Loss per share is \$0.

  b.  still held as of the close of the U.S. financial markets on November 23, 2021, the Recognized Loss per share is \$0.49.

III.  For each share that was purchased or otherwise acquired on or after November 24, 2021, the Recognized Loss per share is \$0.

### Calculation of Recognized Loss Per Share Under the Exchange Act

For each share of Northern Genesis common stock beneficially owned and/or held as of the close of the U.S. financial markets on October 6, 2021, the Recognized Loss per share shall be calculated as follows:

I.  For each share of Northern Genesis common stock that was sold or redeemed prior to the November 10, 2021 closing of the Business Combination, the Recognized Loss per share is \$0.

II.  For each share of Northern Genesis common stock that was reclassified into a share of Embark common stock pursuant to the Business Combination,

  a.  that was subsequently sold prior to November 18, 2021, the Recognized Loss per share is \$0.

  b.  that was subsequently sold during the period November 18, 2021 through November 23, 2021, both dates inclusive, the Recognized Loss per share is *the lesser of*:

    i.    \$0.59; or

    ii.   \$10.00 *minus* the sale price.

  c.  that was still held as of the close of the U.S. financial markets on November 23, 2021, the Recognized Loss per share is \$1.08.

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible Embark common stock and/or Northern Genesis common stock that participate in the Settlement. The number of claimants who send in claims varies widely from case to case.

---

[8] \$10.00 is the approximate per-share fair value of the Northern Genesis trust account.

A purchase or sale of Embark common stock and/or Northern Genesis common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase and sale prices shall exclude any fees and commissions. Any transactions in Embark common stock and/or Northern Genesis common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

Acquisition by Gift, Inheritance, or Operation of Law: The receipt or grant by gift, inheritance or operation of law of Embark common stock during the Securities Act Class Period shall not be deemed a purchase or acquisition of Embark common stock for the calculation of an Authorized Claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Embark common stock unless (i) the donor or decedent purchased or otherwise acquired such stock during the Securities Act Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

Notwithstanding any of the above, receipt of Embark common stock in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Embark common stock. Notwithstanding any of the above, receipt of Northern Genesis common stock in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Northern Genesis common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales of Northern Genesis common stock and Embark common stock. Sales will be matched in chronological order, by trade date, first against Northern Genesis common stock held as of the close of trading on October 6, 2021, if any, and then against the purchases of Northern Genesis common stock and Embark common stock during the Exchange Act Class Period and the Securities Act Class Period.

Short Sales Excluded. The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Northern Genesis common stock or Embark common stock, the earliest purchases subsequent to October 6, 2021 shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Certain Transactions in Options Excluded. Option contracts are not securities eligible to participate in the Settlement. With respect to Embark common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock shall be the exercise date of the option and the purchase/sale price of the common stock shall be the exercise price of the option. Any Recognized Loss arising from purchases of Embark common stock acquired during the

19

Securities Act Class Period through the exercise of an option[9] shall be computed as provided for other purchases of Embark common stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Settlement Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants (see the Plan of Allocation for additional details). No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Settlement Administrator or Lead Counsel if you disagree with any determinations made by the Settlement Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. After the initial distribution of the Net Settlement Fund, the Settlement Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund eight (8) months after the initial distribution, if Lead Counsel, in consultation with the Settlement Administrator, determines that it is cost-effective to do so, the Settlement Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur

---

[9] Including (1) purchases of Embark common stock as the result of the exercise of a call option, and (2) purchases of Embark common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

thereafter if Lead Counsel, in consultation with the Settlement Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

Nominees who purchased or acquired Embark common stock and/or Northern Genesis common stock for beneficial owners who are Settlement Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Claim Form from the Settlement Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Settlement Administrator within seven (7) calendar days after receipt of this Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Settlement Administrator, and upon such mailing, the nominee shall send a statement to the Settlement Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions in an amount not to exceed $0.05 plus postage at the current pre-sort rate used by the Settlement Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Settlement Administrator, by providing the Settlement Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free (866) 274-4004, and may be downloaded from the Settlement website, www.strategicclaims.net/embark/.

Embark Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
Tel: (866) 274-4004
Fax: info@strategicclaims.net

21

DATED:_____, 2023

                                                        _____

                                                        BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

22