UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER HARDY, et al., | Case No. 22-cv-02090-JSC |
| Plaintiffs, | |
| v. | **ORDER REQUESTING ADDITIONAL BRIEFING RE: MOTION FOR PRELIMINARY APPROVAL** |
| EMBARK TECHNOLOGY, INC., et al., | |
| Defendants. | Re: Dkt. No. 65 |

Plaintiffs filed this putative securities class action alleging claims under Sections 11 and 15 of the Securities Act of 1933 and Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 on behalf of individuals who purchased stock in Embark Technologies Inc., or its predecessor Northern Genesis Acquisition Corp. II.  While Defendants' motion to dismiss was pending, the parties reached an agreement to resolve Plaintiffs' claims and Plaintiffs' unopposed motion for preliminary approval of the class action settlement is now pending before the Court. (Dkt. No. 65.) The Court has several questions regarding Plaintiffs' motion and the proposed settlement.  This order outlines those concerns, as set forth at the July 20, 2023 hearing, and directs Plaintiffs to submit supplemental briefing in support of their motion as set forth below.

*First*, the motion fails to comply with the Northern District of California's Procedural Guidance for Class Action Settlements, *see* https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/.  Among other issues, the motion does not describe the release; identify the potential individual class member recovery under the settlement or the potential class member recovery on a claim-by-claim basis if Plaintiffs prevailed; discuss how the related consolidated derivative actions, Nos. 22-5455, 22-7526, 22-8634, might be affected by the potential settlement; or discuss the expected claims rate.  While the proposed settlement

administrator, Paul Mulholland of Strategic Claims Services (SCS), submitted a declaration attesting he estimates a 25% claims rate and including a table of "comparative settlements," there is no discussion as to why these settlements are comparative.  (Dkt. No. 67 at ¶ 14.)

*Second*, although the motion for preliminary approval indicates the settlement creates a $2.5 million settlement fund, there is no discussion of the plan of allocation among the class members.  The Court must preliminarily approve the plan of allocation as well as the settlement itself.  In a securities action, the "distribution plan is governed by the same legal standards that apply to the approval of a settlement: the plan must be fair, reasonable, and adequate." *In re Lyft, Inc. Sec. Litig*., No. 19-CV-02690-HSG, 2022 WL 17740302, at \*7 (N.D. Cal. Dec. 16, 2022).  The motion for preliminary approval simply refers to the "Plan of Allocation" as set forth in the notice, but does not describe the plan of allocation, state why it is reasonable, or provide any estimates of recovery under the plan of allocation.  (Dkt. No. 65 at 17.)

*Third*, the motion does not clearly identify how the settlement fund shall be divided.  While the Court previously admonished Plaintiffs' counsel regarding her use of footnotes (Dkt. No. 64 at 4:2-20), the motion for preliminary approval includes 19 footnotes, many of which contain substantive information including regarding allocation of the settlement fund.  (Dkt. No. 65 at n. 9 (discussing the amount of attorneys fees and costs), 10 (discussing incentive payments for named plaintiffs), 19 (discussing settlement administration fees).)  The Court strikes these footnotes and cautions Plaintiffs to avoid footnotes in any subsequent submissions to the Court.

*Fourth*, the proposed settlement administrator, SCS, estimates settlement administration costs of $333,859 (13% of the settlement amount).  (Dkt. No. 67 at ¶ 17.)  While counsel indicates other bids were solicited, counsel does not indicate the amount of the bids.  (Dkt. No. 65 at 28, n. 19.)  Further, counsel states in the last two years, they have retained SCS 13 times.  (*Id.*)  The Court requests additional information regarding the other bids and whether counsel has used a settlement administrator other than SCS in the last five years, and if so, how many times.  Further, neither the motion nor SCS's declaration adequately describe the notice plan in this case.  There is also no breakdown of the estimated costs of providing notice.

2

United States District Court
Northern District of California

*Fifth*, class counsel has not submitted a declaration supporting any of the assertions made in the motion for preliminary approval, including the estimated range of damages (or calculations in support thereof), the process by which the settlement was reached, and the risks of continued litigation in light of the arguments regarding the "high risk" of Embark's impending dissolution or bankruptcy.

*Sixth*, the settlement agreement provides any "taxes" are deducted from the settlement fund, but this is not discussed or explained in the motion.  (Dkt. No. 66-1 at 12.)

*Seventh*, the settlement agreement states following the initial distribution of the settlement, if "it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court" (Dkt. No. 66-1 at ¶ 41); however, there is no discussion of this provision or the proposed *cy pres* in the motion for preliminary approval.  *See Dennis v. Kellogg Co*., 697 F.3d 858, 865 (9th Cir. 2012) ("a *cy pres* award must qualify as the next best distribution to giving the funds directly to class members.") (internal citation and quotation marks omitted).

*Finally*, there are numerous issues regarding the notice, which is 21-pages, confusing, and hard to follow including, among others:

- The section of the notice discussing the release does not actually describe the claims released.  (Dkt. No. 66-3 at 11.)
- The "Plan of Allocation," is hard to follow and does not provide information regarding the range of potential recovery for class members.  (*Id*. at 16-22.)
- The process for opting out of the settlement appears to require individuals to essentially prove their class membership by requiring a host of information, including the number shares purchased, dates of purchase, and price of shares.  (*Id*. at 12.)   Unduly burdensome opt out processes are disfavored.  *See Arena v. Intuit Inc*., No. 19-CV-02546-CRB, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021).
- The process for submitting an objection likewise appears to require individuals to prove their membership in the class and requires objectors to provide "a description

3

United States District Court
Northern District of California

of the specific part of the Stipulation or Settlement to which you object and all grounds for your objection, including any evidence you wish to bring to the Court's attention and any legal support known to you or your counsel." (Dkt. No. 66-3 at 13-14.) The notice also warns those who object "subject yourself to the jurisdiction of the Court in this matter and Class Representatives may seek to take your deposition before the Settlement Hearing." (*Id*. at 14.) Onerous objection requirements such as these are disfavored. *See* Fed. R. Civ. P. 23(e)(5)(A) Advisory Committee Notes (2018) ("Courts should take care [] to avoid unduly burdening class members who wish to object, and to recognize that a class member who is not represented by counsel may present objections that do not adhere to technical legal standards."); 4 NEWBERG ON CLASS ACTIONS § 13:30 (5th ed.) (stating overcomplicated objection procedures which among other things require class members to prove their membership in the class can have the effect of unduly chilling objections).

*** 

Plaintiffs shall submit a supplemental brief addressing these issues by August 21, 2023. The Court sets a further preliminary approval hearing for September 7, 2023 at 9:00 a.m. via Zoom video.

**IT IS SO ORDERED.**

Dated: July 20, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

4