# EXHIBIT 1

1

2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

3

4

5

6

7

8

9

10

11

12

TYLER HARDY and DANNY ROCHEFORT,
Individually and On Behalf of All Others
Similarly Situated,

                     Plaintiffs,

        v.

EMBARK TECHNOLOGY, INC. f/k/a
NORTHERN GENESIS ACQUISITION
CORP. II, IAN ROBERTSON, KEN MANGET,
CHRISTOPHER JARRATT, PAUL
DALGLISH, ROBERT SCHAEFER, BRAD
SPARKES, ALEX RODRIGUES, and
RICHARD HAWWA,

                 Defendants.

No. 3:22-cv-02090-JSC

CLASS ACTION

**AMENDED STIPULATION AND
AGREEMENT OF SETTLEMENT**

Hon. Jacqueline Scott Corley

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This Amended Stipulation and Agreement of Settlement dated August 30, 2023 (together, with all exhibits hereto, the "Amended Stipulation") is submitted pursuant to Fed. R. Civ. P. 23 and Fed. R. Evid. 408. Subject to the Court's approval, this Amended Stipulation is entered into between and among Lead Plaintiff Tyler Hardy and named Plaintiff Danny Rochefort (the "Plaintiffs"), individually and on behalf of each member of the proposed Settlement Class (defined below) and Defendants Embark Technology, Inc. f/k/a Northern Genesis Acquisition Corp. II (referred to herein alternatively as "the Company," "Embark," or "Northern Genesis"), Ian Robertson, Ken Manget, Christopher Jarratt, Paul Dalglish, Robert Schaefer, Brad Sparkes, Alex Rodrigues, and Richard Hawwa (collectively, "Defendants"), by and through their respective counsel, and sets forth a settlement (the "Settlement") of the above-captioned action (the "Action").[1] The Settlement is intended to fully, finally, and forever resolve, discharge, release, settle and dismiss with prejudice the Action and the Settled Claims (including Unknown Claims) upon and subject to the terms and conditions set forth herein and the approval of the Court..

## I.     THE LITIGATION

*This Action*

The initial complaint in this action was filed on April 1, 2022. On May 31, 2022, multiple movants filed motions and supporting papers seeking appointment by the Court to serve as lead plaintiffs under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4. On July 7, 2022, the Court entered an Order appointing Tyler Hardy to serve as Lead Plaintiff and appointing its choice of counsel, Pomerantz LLP, to serve as Lead Counsel.

The operative Amended Complaint was filed on August 25, 2022, adding named Plaintiff Danny Rochefort to the Action. On October 24, 2022, certain Defendants moved to dismiss, arguing that, among other things, the Amended Complaint failed to plead a violation of Sections 11 and 15 of the Securities Act and Sections 14(a) and 20(a) of the Exchange Act. The remaining Defendants joined in that motion to dismiss on January 5, 2023. On March 23, 2023, the Court held a hearing on the motion to dismiss

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

and, following argument, took the matter under submission. Before the Court could rule on the motion to dismiss, the parties executed a Memorandum of Understanding memorializing the terms and conditions of a settlement reached through confidential settlement negotiations.

## II.   PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Lead Counsel have conducted a thorough investigation relating to the claims and the underlying events and transactions alleged in the Action. Specifically, the investigation included, among other things: (i) interviews with former Embark employees and/or consultants; (ii) consultation with, and analysis by, damages experts; (iii) detailed reviews of Embark's public filings, annual reports, press releases, and other publicly available information; (iv) review of analysts' reports and articles relating to Embark; and (v) research of the applicable law with respect to the claims asserted in the complaints filed in the litigation and the potential defenses thereto.

Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute this Action against Defendants, including motions to dismiss, motions for class certification, motions for summary judgment, trial, and appeals. Plaintiffs are entering into this Settlement in view of, among other things, the Company's financial condition, the Board's decision to explore potential strategic alternatives (including alternative uses of assets to commercialize its technology, additional sources of financing, as well as potential dissolution), the significant funds the Settlement will provide to Settlement Class Members, and the avoidance of the uncertainties, burden, risk, and expense of further litigation against the Defendants. Plaintiffs and Lead Counsel are mindful of the risks associated with Defendants' pending motion to dismiss the Amended Complaint, including the risks that Plaintiffs' claims could be dismissed in whole or in part with or without prejudice. Even if the Court were not to dismiss the claims, Plaintiffs are mindful of the inherent problems of proof of, and possible defenses to, the federal securities law violations asserted in the Action. Based on the foregoing, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Amended Stipulation confer substantial benefits upon the Settlement Class; are fair, reasonable, and adequate to the Settlement

Class; and that it is in the best interests of the Settlement Class to settle the claims asserted in the Amended Complaint against the Defendants.

As set forth in ¶¶ 62-63 below, and pursuant to the Federal Rules of Evidence, this Amended Stipulation shall in no event be construed as or deemed to be evidence of any admission or concession by the Plaintiffs or any Settlement Class Member or Lead Counsel that any of the claims lack merit, that any of the Defendants' defenses to the claims have merit, or that damages recoverable in the action would not have exceeded the Settlement Fund amount.

## III.    **DEFENDANTS' DENIALS OF LIABILITY**

Throughout the course of this Action and in this Amended Stipulation, the Defendants have denied and continue to deny each and all of the claims, contentions, and allegations made in the Action. They have expressly denied and continue to deny that they have violated the federal securities laws or any other laws or have otherwise misled investors as alleged in the Action. Each Defendant has denied and continues to deny specifically each and all of the claims alleged in the Action; all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions, alleged in the Action; the allegations that any of the Defendants made any material misstatements or omissions; and that any member of the Settlement Class has suffered damages resulting from the conduct alleged in the Action.  Defendants continue to believe that the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial or adjudication of liability and damages.  In addition, the Defendants maintain that they have meritorious defenses to the claims alleged in the Action, including but not limited to the defenses and issues raised in the pending motion to dismiss.

Nonetheless, the Defendants have concluded that further conduct of the Action could be protracted, burdensome, expensive, and distracting. Even if Defendants are successful on the pending motion to dismiss, potential appeals or proceedings on any amended complaints could be costly and time consuming.  The Defendants also have taken into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be fully, finally, and forever

resolved, discharged, and settled in the manner and upon the terms and conditions set forth in this Amended Stipulation.

As set forth in ¶¶ 62-63 below, and pursuant to the Federal Rules of Evidence, neither the Settlement itself nor any of the terms of this Amended Stipulation shall in no event be construed as or deemed to be evidence of any admission or concession by the Defendants that any of the claims have merit, that any of the Defendants' defenses to the claims lack merit, that Plaintiffs or any Settlement Class Members sustained any damages or are entitled to any recovery, or that Defendants face any liability, engaged in any wrongdoing, or are responsible for any alleged damages or losses.

## IV.    TERMS OF AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, WITHOUT ANY ADMISSION OR CONCESSION ON THE PART OF ANY PLAINTIFF OF ANY LACK OF MERIT OF THE ACTION WHATSOEVER, AND WITHOUT ANY ADMISSION OR CONCESSION BY ANY DEFENDANT OF ANY FAULT, DAMAGES, LIABILITY OR WRONGDOING OR LACK OF MERIT IN ANY OF THEIR DEFENSES WHATSOEVER, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and all Settlement Class Members), on the one hand, and the Defendants, on the other hand, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, in consideration of the benefits flowing to them from the Settlement set forth herein, the Action and the Settled Claims shall be finally and fully compromised, settled, and released, and discharged, and the Action shall be dismissed with prejudice, as to the Defendants, upon and subject to these terms and conditions set forth herein:

## DEFINITIONS

1.    In addition to the other defined terms herein, the following definitions shall apply in this Amended Stipulation:

(a)    "Action" means *Hardy v. Embark Technology, Inc. f/k/a Northern Genesis Acquisition Corp. II et al*, No. 3:22-cv-02090 (N.D. Cal. Apr 1, 2022)

(b)    "Affiliate" shall have the meaning ascribed to it by 17 CFR § 230.144.

(c)    "Amended Complaint" means the Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 33) filed in the Action on August 25, 2022.

(d)    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim to the Settlement Administrator, in accordance with the requirements established by the Court, which is approved for payment from the Settlement Fund.

(e)    "Claimant" means a Settlement Class Member who submits a Proof of Claim to the Settlement Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(f)    "Defendant Claims" means any and all claims, rights, causes of action, and liabilities of every nature and description, whether known or Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants, which any of the Defendants could pursue against the Plaintiffs, Lead Counsel, or any Settlement Class Member or their attorneys, agents, experts, or investigators. Defendant Claims do not include any claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

(g)    "Defendants" means the Company, Ian Robertson, Ken Manget, Christopher Jarratt, Paul Dalglish, Robert Schaefer, Brad Sparkes, Alex Rodrigues, and Richard Hawwa.

(h)    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 53 below have been met and have occurred, at which time the Settlement contemplated by this Amended Stipulation shall become effective.

(i)    "Escrow Account" means the escrow account or accounts to be established by Lead Counsel at Huntington National Bank, into which the Settlement Consideration shall be wired, transferred, or otherwise paid pursuant to ¶ 11 below.

(j)    "Escrow Agent" means Huntington National Bank.

(k)    "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or

(ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any for commencing any further appeal has expired. For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59I of the Federal Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of *certiorari*, or other proceeding involving writs of *certiorari* or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining solely to an order or the part of an order adopting or approving a Plan of Allocation or solely to any order or the part of an order issued solely with respect to an application for attorneys' fees and expenses pursuant to ¶¶ 45-49 herein shall not in any way delay or preclude the Judgment from becoming Final.

(l)      "Individual Defendants" means Ian Robertson, Ken Manget, Christopher Jarratt, Paul Dalglish, Robert Schaefer, Brad Sparkes, Alex Rodrigues, and Richard Hawwa.

(m)      "Judgment" means the Judgment and Order of Final Approval to be entered by the Court following the settlement fairness hearing ("Settlement Hearing") approving the Settlement, substantially in the form attached hereto as Exhibit E.

(n)      "MOU" means the Memorandum of Understanding executed by the parties dated April 6, 2023.

(o)      "Net Settlement Fund" means the Settlement Fund, less (i) any taxes; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees, litigation expenses, and awards of reasonable costs and expenses to Plaintiffs awarded by the Court.

(p)      "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing, in all material respects in the form attached hereto as Exhibit A-1.

(q)      "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Settlement Administrator and/or the Escrow Agent in connection with administering the Settlement, including but not limited to: (i) providing notices to the Settlement Class; (ii) administering

the claims process, (iii) engaging in Settlement-related communications with Settlement Class Members, and (iv) overseeing the administration of the Escrow Account.

(r)     "Person" means an individual, corporation, limited liability company, professional corporation, partnership, domestic partnership, limited partnership, limited liability partnership, marital community, association, joint stock company, joint venture, joint venturer, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

(s)     "Plan of Allocation" means the plan for allocating the Net Settlement Fund as set forth in Exhibit A-1, or such other plan of allocation as the Court may approve.

(t)     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice be provided to the Settlement Class.

(u)     "Proof of Claim" means the Proof of Claim and Release Form, substantially in the form attached hereto as Exhibit A-2, which a putative Settlement Class Member must complete and timely submit to the Settlement Administrator if that Settlement Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

(v)     "Recognized Claim" means the amount of an Authorized Claimant's loss that is determined by the Settlement Administrator to be compensable under the Plan of Allocation.

(w)     "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, sponsors, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family

members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

(x)    "Released Persons" means each and all of Defendants, Defendants' Counsel, and all of their respective Related Parties.

(y)    "Settlement" means this Amended Stipulation and Agreement of Settlement and the settlement contained herein.

(z)    "Settlement Administrator" means Strategic Claims Services which, subject to Court approval, shall administer the Settlement, including sending a mailed Notice to Settlement Class Members in the form of Exhibit A-1 hereto, arranging for publication of the Summary Notice in the form of Exhibit A-3 hereto, processing claims, and performing such other administrative functions as are required under this Amended Stipulation.

(aa)    "Settlement Administration Account" means an interest-bearing account to be maintained by Lead Counsel with the Escrow Agent for payment of the expenses incurred by the Settlement Administrator in administering the Settlement.

(bb)    "Settlement Amount" means two million, five hundred thousand dollars ($2,500,000.00).

(cc)    "Settlement Class" means the proposed settlement classes defined as follows:

(i)    The Exchange Act Class: all persons and entities that beneficially owned and/or held the Company's common stock as of October 6, 2021, the record date, and were eligible to vote at the Company's November 9, 2021 special meeting with respect to the business combination between the Company and privately held Embark Trucks Inc. ("Legacy Embark"), completed on or about November 10, 2021 (the "Business Combination"), and were damaged thereby. The "Exchange Act Class Period" is defined as the period from October 6, 2021 through November 10, 2021, both dates inclusive.  Excluded from the Exchange Act Class are (i) Defendants and the Individual Defendants' family members; (ii) directors and officers of the Company, and their families; (iii) any entity in which any of the Defendants have or had a controlling interest; and (v) any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court; and

(ii)    <u>The Securities Act Class</u>: all persons and entities who purchased or otherwise acquired Embark common stock pursuant or traceable to the July 2, 2021 registration statement, including all amendments thereto, issued in connection with the November 2021 Business Combination between the Company and Legacy Embark, including shares of Embark common stock purchased in the open market during the period November 11, 2021 through December 13, 2021, both dates inclusive, (the "Securities Act Class Period") and were damaged thereby. Excluded from the Securities Act Class are (i) Defendants and the Individual Defendants' family members; (ii) directors and officers of the Company and their families; (iii) any entity in which any of the Defendants have or had a controlling interest; and (v) any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

(dd)    "Settled Claims" means the Settlement Class Claims and the Defendant Claims.

(ee)    "Settlement Class Claims" means all claims, rights, liabilities, demands, damages, losses, and causes of action of every nature and description, including Unknown Claims, whether contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, whether arising under federal, state, common or foreign law, whether direct or indirect, that Plaintiffs or any other member(s) of the Settlement Class asserted or could have asserted in any forum that are based on, related to, or arising out of any claims, allegations, statements, representations, omissions, facts, transactions, occurrences or other matters that are or could have been the subject of the Action, whether known or unknown, relating to or arising from the purchase, acquisition, sale, disposition or holding of Northern Genesis and/or Embark common stock during the Exchange Act Class Period and/or the Securities Act Class Period.  For the avoidance of doubt, "Settlement Class Claims" do not include any claims related to the enforcement of the Settlement.

(ff)    "Settlement Class Member" means a Person who is a member of the Settlement Class that does not exclude himself, herself, or itself by filing a request for exclusion in accordance with the requirements set forth in the Notice.

(gg)    "Settlement Consideration" means the Settlement Amount that Embark shall pay or cause to be paid into the Escrow Account within five (5) business days of the later of (i) the Court granting preliminary approval of the settlement; or (ii) the receipt by Defendants' counsel of complete payment instructions, including the bank name and ABA routing number, address, account name and number, and a signed W-9 reflecting the taxpayer identification number for the qualified settlement fund in which the Escrow Account has been established.

(hh)    "Settlement Fund" means the Settlement Consideration plus any and all interest accrued thereon in the Escrow Account.

(ii)    "Settlement Fund Distribution Order" means an order entered by the Court authorizing and directing distribution, in whole or in part, of the Net Settlement Fund to the Authorized Claimants.

(jj)    "Settling Parties" means Plaintiffs, on behalf of themselves and the Settlement Class Members, and the Defendants.

(kk)    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing, substantially in the form attached as Exhibit A-3, which is to be published in a national business publication, such as *Investor's Business Daily*, and transmitted across the internet using the *PR Newswire*, as in the normal course of class action settlement notices, and be posted also on the Settlement Administrator's website.

(ll)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund; and (ii) the reasonable and necessary costs and expenses incurred in connection with determining the amount of, and paying, any taxes owed by the Net Settlement Fund (including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants).

(mm)    "Unknown Claims" means collectively, any and all Settlement Class Claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor, and any Defendant Claims that any Defendant does not know or suspect to exist in his, her, or its favor, which, if known by him, her, or it, might have affected his, her, or its decision to enter into this

Settlement, execute this Amended Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself, or itself from the Settlement Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected or undisclosed, concealed, or hidden.

## CAFA NOTICE

2.      Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after this Amended Stipulation is filed with the Court, the Defendants shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, and shall thereafter notify Lead Counsel and the Court as to completion of such service.

## CLASS CERTIFICATION

3.      Solely for purposes of and in connection with this Settlement, and subject to approval by the Court, the parties consent to certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class, with Lead Plaintiff Tyler Hardy and named Plaintiff Danny Rochefort  as the Class Representatives, and Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. The certification of the Settlement Class shall be binding only with respect to the Settlement.  Following the execution of this Amended Stipulation, Plaintiffs shall apply to the Court for entry of the Preliminary Approval Order in the form attached as Exhibit A hereto.

## RELEASES AND BAR ORDER

4.      The obligations incurred pursuant to this Amended Stipulation shall be in full and final disposition of the Action as to the Defendants, and shall fully and finally release any and all Settled Claims (including Unknown Claims) against the Defendants and all Released Persons.

5.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s) (claiming now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether

such Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim to the Settlement Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, dismissed, and discharged each and all of the Settlement Class Claims (including Unknown Claims), against each and all of the Released Persons, and shall have covenanted not to sue any Released Person with respect to any Settlement Class Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Amended Stipulation or the Judgment entered pursuant hereto and (b) shall be forever permanently barred, enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Settlement Class Claims (including any Unknown Claims) against any Released Person in the Action or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind. The foregoing provisions shall not apply to any Person who would be a member of the Settlement Class and timely excludes himself, herself, or itself. For avoidance of doubt, the claims released hereby do not include any derivative claims, including those alleged in the consolidated shareholder derivative action captioned *In re Embark Tech., Inc. Deriv. Litig.*, No. 3:22-cv-05455-JSC (U.S. Dist. Ct., N.D. Cal.).

6.      By entering into this Amended Stipulation, Plaintiffs represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Settlement Class Claims to any other Person, and the Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Defendant Claims to any other Person.

7.      The Proof of Claim form to be executed by Claimants shall release all Settlement Class Claims (including Unknown Claims) against all Released Persons and shall be substantially in the form attached hereto as Exhibit A-2.

8.      Upon the Effective Date, Defendants, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s)

(claiming now or in the future) through or on behalf of any of them directly or indirectly: (a) shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever released, relinquished, waived, discharged, and dismissed each and all of the Defendant Claims (including Unknown Claims) against Plaintiffs in the Action, Lead Counsel and their attorneys, and all other Settlement Class Members, the members of each Settlement Class Member's immediate family, any entity in which any member of any Settlement Class Member's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Settlement Class Member is the settlor or which is for the benefit of any Settlement Class Member and/or members of his or her family and (b) shall be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Defendant Claims (including any Unknown Claims) against the Plaintiffs, Lead Counsel and their attorneys, and all other Settlement Class Members in the Action or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

9.    It is understood that Plaintiffs and the other Settlement Class Members or Defendants, or any of them, may hereafter discover additional or different facts from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Settlement Class Claims or Defendant Claims (including Unknown Claims), but each of the Plaintiffs and the Defendants shall, upon the Effective Date, expressly fully, finally, and forever discharge, settle, and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of law and of the Judgment shall have, expressly fully, finally, and forever discharged, settled, and released any and all Settled Claims. Plaintiffs and Defendants acknowledge, and the Settlement Class Members by operation of law and of the Judgment shall be deemed to have acknowledged, that the foregoing waiver of Settled Claims that are Unknown Claims (and the inclusion of "Unknown Claims" in the definition of Settlement Class Claims and Defendant Claims) (i) was separately bargained for and is a material element of the Settlement, and (ii) will take effect notwithstanding any and all provisions, rights, and benefits conferred

by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

10.    The Settling Parties shall request that the Court enter a Contribution Bar Order in the Final Order and Judgment as follows: To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, crossclaims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. The foregoing text (beginning with the colon) shall be referred to herein as the "Bar Order." For avoidance of doubt, nothing in the Bar Order shall bar or otherwise affect any claim for insurance coverage, indemnity, or advancement by any Defendant or any other Released Person.

## SETTLEMENT CONSIDERATION

11.    As full and complete consideration for the Settlement, the Company shall pay or cause to be paid the Settlement Amount into the Escrow Account within five (5) business days of the later of (i) the Court granting preliminary approval of the settlement; or (ii) receipt by Defendants' counsel from Lead Counsel of complete payment instructions, including the bank name and ABA routing number, address, account name and number, and a signed W-9 reflecting the taxpayer identification number for the qualified settlement fund in which the Escrow Account has been established.  The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in the Escrow Account.

12. Other than the obligation of the Company to pay or cause to be paid the Settlement Amount into the Escrow Account, under no circumstances will any of the Released Persons have any obligation to make any payment pursuant to this Settlement set forth herein, and no responsibility for, or liability or obligation whatsoever, to anyone, with respect to the Settlement Fund, the Net Settlement Fund, the Escrow Account, the Settlement Administrator, the Settlement Administrator's actions, any transaction executed or approved by the Escrow Agent, the maintenance, administration, investment, or distribution of the Settlement Fund or the Net Settlement Fund, the establishment or administration of the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the administration of the Settlement, or any losses incurred in connection with such matters. The Released Persons shall have no further or other liability or obligations to Plaintiffs, Lead Counsel, or any Settlement Class Member with respect to the Settlement Class Claims, except as expressly stated herein. Notwithstanding anything herein to the contrary, the Escrow Agent shall be obligated to withhold from distribution to Authorized Claimants all funds necessary to pay all Notice and Administration Costs and all other fees, costs, and expenses associated with administration of the Settlement and the Settlement Fund; neither the Defendants nor their counsel nor any of the other Released Persons is responsible therefor, nor shall they have any liability whatsoever with respect thereto, above and beyond the Defendants' obligation to pay the Settlement Amount into the Escrow Account as set forth above. The Settlement Fund shall indemnify and hold harmless all Released Persons for any costs of administration of the Settlement and the Settlement Fund of any kind whatsoever (including, without limitation, costs associated with any such indemnification).

13. The interest earned on the Settlement Fund pursuant to ¶ 15 below shall be for the benefit of the Settlement Class if the Settlement and Judgment become Final. If the Judgment does not become Final or the Settlement is terminated, the interest earned on the Settlement Fund shall be returned to the Company.

### USE OF SETTLEMENT FUND AND ADMINISTRATION OF ESCROW ACCOUNT

14. Prior to any distribution of the Net Settlement Fund, the Settlement Fund shall be used to pay: (i) any Taxes; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees, litigation

expenses, and Plaintiff awards of reasonable costs and expenses awarded by the Court. Under no circumstances shall Plaintiffs or any Settlement Class Member or Lead Counsel have any responsibility for payment of such costs.

15.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Amended Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

16.    The Escrow Agent will bear all responsibility and liability for managing the Settlement Fund for the benefit of the Settlement Class, and cannot assign or delegate its responsibilities without approval of Lead Counsel. Statements of account will be provided to Lead Counsel on a monthly basis until the Judgment becomes Final.

17.    The Escrow Account will, to the extent possible, be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Settlement Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for ensuring that the Escrow Account complies with the requirements and regulations governing Qualified Settlement Funds, for filing all informational and other tax returns (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund, and for

paying all Taxes owed with respect to the Settlement Fund. The Released Persons shall not have any liability or responsibility for any such Taxes. Upon written request, the Defendants will provide to the Escrow Agent the statement described in Treasury Regulation § 1.468B-1(j). The Escrow Agent shall timely make such elections as may be advisable to carry out this paragraph, including making a "relation back election" as described in Treasury Regulation § 1.468B-2(k)(3), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all such actions as may be necessary or appropriate in connection therewith.

18.     In the event the Judgment does not become Final or the Settlement is terminated as provided herein, within thirty (30) days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest earned but less any costs or expenses properly incurred as set forth herein, shall be returned to the Persons who contributed to the Settlement Fund by the Escrow Agent pursuant to written instructions from Defendants' counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons pursuant to written instructions from Defendants' Counsel. Once the Settlement and Judgment become Final, no monies shall revert to the Defendants.

**USE AND ADMINISTRATION OF SETTLEMENT ADMINISTRATION ACCOUNT**

19.     Before the Effective Date and without further order of the Court, up to two hundred fifty thousand ($250,000 USD) of the Settlement Amount may be transferred from the Escrow Account to the Settlement Administration Account in order to pay reasonable, necessary, and actually incurred Notice and Administration Costs. No other disbursements from the Escrow Account related to the Settlement will occur until the Judgment becomes Final, absent agreement of the Settling Parties and approval from the Court.  After the Effective date, additional amounts may be transferred from the Escrow Account to the Settlement Administration Account for Lead Counsel to pay any additional reasonable and necessary Notice and Administration Costs without further Order of the Court.

20.     After the Judgment becomes Final, any remaining monies in the Settlement Administration Account shall be transferred back to the Escrow Account. In the event the Judgment does

not become Final or the Settlement is terminated as provided herein, within thirty (30) days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Settlement Administration Account, including interest earned, shall be returned to the Company except for any monies already paid, or then due to be paid, for work already performed, for administration costs, including notice costs and Taxes. Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration. Once the Settlement and Judgment become Final, no monies shall revert to the Defendants.

21.     Without prior approval from the Court, Lead Counsel may pay the Settlement Administrator from the Settlement Administration Account for the reasonable and necessary costs and expenses associated with administering the Settlement, including without limitation identifying and notifying members of the Settlement Class.

## PLAN OF ALLOCATION

22.     The Settlement Administrator shall administer the Settlement subject to the jurisdiction of the Court and pursuant to this Amended Stipulation and the Plan of Allocation. The Plaintiffs and Lead Counsel are solely responsible for formulation of the Plan of Allocation and have designed it so as to base Recognized Claims on only (i) holdings of Northern Genesis common stock that occurred during the Exchange Act Class Period, and (ii) purchases of Embark common stock that occurred during the Securities Act Class Period.

23.     The Plan of Allocation proposed in the Notice, as set forth in Exhibit A-1 hereto, is not a necessary term of this Amended Stipulation or the Settlement, and any change, modification, or alteration to the Plan of Allocation by the Court shall not be grounds for termination of the Settlement. The Plan of Allocation is to be considered by the Court separately from its determination of the fairness, reasonableness, and adequacy of the Settlement as set forth in this Amended Stipulation.

## ADMINISTRATION OF THE SETTLEMENT

24.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of the Settlement Administrator. The Settlement Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Proofs of Claim, subject to

the jurisdiction of the Court. Other than Defendants' obligation to cooperate in the production of information with respect to the identification of Settlement Class Members as provided in ¶ 25 below, no Released Person shall have any involvement in, responsibility for, or liability or obligation whatsoever with respect to the selection of the Settlement Administrator, the Plan of Allocation, the administration of the Settlement, the management, disposition, investment, distribution, allocation, or disbursement of the Settlement Fund or the Net Settlement Fund, the determination, administration, calculation or payment of claims, the payment or withholding of Taxes, any nonperformance of the Settlement Administrator or any losses incurred in connection with any such matters. No Person shall have any claim against any of the Released Persons arising from or relating to any of the foregoing, and Plaintiffs, Lead Counsel, and each Settlement Class Member hereby fully, finally, and forever releases, relinquishes, and discharges the Released Persons from any and all such liability.

25.     Defendants shall cooperate in the production of information with respect to the identification of Settlement Class Members from the Company's shareholder transfer records.

26.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Settlement Administrator to mail the Notice, in substantially the form as is appended as Exhibit A-1, as the Court shall order, and the Proof of Claim form, in substantially the form as is appended as Exhibit A-2 hereto, as the Court shall order, to those members of the Settlement Class as may be identified through reasonable effort. Additionally, in accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Settlement Administrator to publish the Summary Notice, in substantially the form appended as Exhibit A-3 hereto, as the Court shall order.

27.     The Settlement Administrator shall, among other duties and obligations, receive Proofs of Claim and determine whether they present valid clams in whole or part, work with Settlement Class Members as needed to help them supplement or clarify their Proofs of Claim, and determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation, or in such other plan of allocation as the Court approves).

28.     Any Settlement Class Member who does not submit a timely and valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms in this Amended Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Settlement Class Claims.

29.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions (subject to Court order) shall apply.

30.     Each Settlement Class Member shall be required to submit a valid Proof of Claim, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Settlement Administrator, in its discretion, may deem acceptable.

31.     All Proofs of Claim must be submitted by the date specified in the Notice. Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to the Settlement and this Amended Stipulation, but shall in all other respects be bound by all of the terms of this Amended Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons with respect to any of the Settlement Class Claims. Provided that it is received before the motion for the Settlement Fund Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by First-Class mail and addressed in accordance with the instructions provided in the Notice. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Settlement Administrator.

32.     Each Proof of Claim shall be submitted to and reviewed by the Settlement Administrator, who shall determine in accordance with this Amended Stipulation and the Plan of Allocation the extent, if any, to which each Claimant is an Authorized Claimant.

33.    The administrative determinations of the Settlement Administrator accepting or rejecting claims shall be presented to the Court on notice to the Settling Parties, for approval by the Court in the Settlement Fund Distribution Order.

34.    The Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Amended Stipulation.

35.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in conjunction with the processing of the Proofs of Claim.

36.    Payment pursuant to this Amended Stipulation shall be deemed final and conclusive against all Settlement Class Members. All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in the distribution from the Settlement Fund, but otherwise shall be bound by all of the terms of this Amended Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Settlement Class Claims.

37.    All proceedings with respect to the administration, processing, and determination of claims and all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court.

## DISTRIBUTION OF THE SETTLEMENT

38.    The Settlement Administrator shall determine and allocate to each Authorized Claimant that Authorized Claimant's proportionate share of the Settlement Fund based on each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. The Released Persons shall have no involvement in reviewing, challenging, or approving the Proofs of Claim or in distributing the Net Settlement Fund.

39.     After the Effective Date, Lead Counsel shall apply to the Court for the Settlement Fund Distribution Order.

40.     The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after:

(a)     All claims have been processed;

(b)     All matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, and such resolution by the Court is Final; and

(c)     All costs of administration of the Settlement have been paid.

41.     After the initial distribution of the Net Settlement Fund, the Settlement Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Settlement Administrator, determines that it is cost-effective to do so, the Settlement Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Settlement Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

## TAXES

42.     After the Judgment becomes Final, all costs and Taxes shall be paid out of the Escrow Account, and none of the Released Persons shall have any supervisory authority or responsibility with respect to such payments. Any remaining reasonable and necessary costs of administration, costs of

notice to the Settlement Class, and Taxes shall be paid out of the Settlement Administration and Escrow Accounts without further order of the Court. Under no circumstances shall Plaintiffs or any Settlement Class Member or Lead Counsel have any responsibility for such costs or Taxes.

43.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the terms herein, and without prior Order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Further, Taxes and all related expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); none of the Released Person is responsible therefor, nor shall they have any liability whatsoever with respect thereto, nor shall they be liable for any reporting requirements that may relate thereto.

44.     In all events, none of the Released Persons shall have any responsibility for or liability whatsoever with respect to the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any state or local taxing authority in connection with the Settlement Fund. The Settlement Fund shall indemnify and hold all Released Persons harmless for any Taxes and related expenses on the Settlement Fund after deposit into the Settlement Fund Account of any kind whatsoever (including, without limitation, taxes payable by reason of any such indemnification). Defendants shall notify the Escrow Agent promptly if Defendants receive any notice of any claim for Taxes relating to the Settlement Fund.

## ATTORNEYS' FEES AND EXPENSES

45.     Lead Counsel may submit an application (the "Fee and Expense Application") for distributions from the Settlement Fund for (i) an award of attorneys' fees plus interest from the Settlement Fund; (ii) the reimbursement of actual costs and expenses plus interest, including the fees and

expenses of any experts or consultants, reasonably and actually incurred in connection with prosecuting the Action; and (iii) an award to Plaintiffs for their reasonable costs and expenses.

46.     Lead Counsel's attorneys' fees and expenses, as awarded by the Court, shall be paid by the Escrow Agent within ten (10) business days of the award by the Court ("Fee and Expense Award"), notwithstanding any appeals that may be taken, subject to the obligation of all counsel who receive any award of attorneys' fees and costs to make full refunds or repayments to the Escrow Account plus interest earned thereon if the award is lowered or the Settlement is disapproved by a final order not subject to further review. The Settlement is not conditioned upon any award of attorneys' fees and costs, and any objection to or appeal from such an award shall not affect the finality of the Settlement or the judgment of dismissal. The Released Persons shall have no responsibility for, and no liability with respect to, the allocation of any attorneys' fees or costs among any counsel or to any other person or any obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund or interest earned thereon.

47.     If the Effective Date does not occur or if this Amended Stipulation is terminated, then any Fee and Expense Award is no longer payable. In the event that any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel shall within ten (10) business days from the event which precludes the Effective Date from occurring or the termination of this Amended Stipulation, refund to the Settlement Fund the Fee and Expense Award paid to Lead Counsel.

48.     If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall within ten (10) business days from the date of a Final order by the Court of Appeals directing such reduction or reversal, make such refunds as are required by such Final order, and such funds shall be distributed by the Escrow Agent to the Settlement Class in the manner directed in the Final order.

49.     The procedure for and the allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees and expenses to be paid out of the Settlement Consideration is not a necessary term of the Settlement or this Amended Stipulation, and it is not a condition of this Amended Stipulation that any particular application for attorneys' fees or expenses be approved.

## TERMS OF ORDER FOR NOTICE AND HEARING

50.    After this Amended Stipulation has been fully executed, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order by submitting the fully executed Amended Stipulation together with its Exhibits to the Court and shall request that the Court enter the Preliminary Approval Order, and approve the mailing and publication of the Notice and Summary Notice, substantially in the form of Exhibits A, A-1, and A-3 annexed hereto.  Lead Counsel shall also request that, after notice is given and not earlier than ninety (90) calendar days after all appropriate Federal and State officials have been provided with CAFA Notice, the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and Fee and Expense Application.

51.    Any Settlement Class Member who fails to comply with any of the provisions of ¶¶ 28-32 of this Amended Stipulation shall waive and forfeit any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing and/or to object to the Settlement or to this Amended Stipulation, and shall be bound by all the terms of the Settlement and this Amended Stipulation, and by all proceedings, orders, and judgments in the Action.

## TERMS OF ORDER AND JUDGMENT

52.    If the Settlement contemplated by this Amended Stipulation is approved by the Court, counsel for the Settling Parties shall request that the Court enter the Judgment, substantially in the form of Exhibit B annexed hereto.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION

53.    The Effective Date of Settlement shall be the date when all of the following shall have occurred:

(a)    This Amended Stipulation, and such other documents as may be required to obtain final Court approval of this Amended Stipulation in a form satisfactory to the Settling Parties, have been duly executed;

(b)    The Court has entered the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A;

(c)     The Court has approved the Settlement substantially as described herein, following the period set forth for notice under CAFA, and following notice to the Settlement Class and the Settlement Hearing, as prescribed by Fed. R. Civ. P. 23;

(d)     The Court has entered the Judgment, substantially in the form attached hereto as Exhibit B, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Settling Parties elects to terminate the Settlement, the date that such alternative judgment becomes Final;

(e)     The Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Amended Stipulation (including pursuant to the side agreement described in ¶ 59 below); and

(f)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Amended Stipulation.

54.     Upon the occurrence of all of the events referenced in ¶ 53 herein, any and all remaining interest or right of the Defendants in or to the Settlement Fund shall be absolutely and forever extinguished. Without limiting the foregoing, each Defendant shall have, in his or its sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Action against him or it.

55.     Plaintiffs, provided they unanimously agree, and Defendants shall each have the right to terminate his, her, or its participation in the Settlement by providing written notice of his, her, or its election to do so ("Termination Notice") to counsel for the other Settling Parties hereto within thirty (30) days of any of the following:

(a)     The Court enters an order expressly declining to enter the Preliminary Approval Order in any material respect without reasonable leave to amend;

(b)     The Court refuses to approve this Amended Stipulation in any material respect without reasonable leave to amend;

(c)     The Court declines to enter the Judgment in any material respect; provided, however, that this Settlement is expressly not conditioned on the Court's approval of the proposed Plan

of Allocation, nor on the Court's approval of Lead Counsel's application for attorneys' fees or expenses, nor on the Court's approval of any award to Plaintiffs for their reasonable costs and expenses, and any change in the Judgment relating to these items shall not be considered a material change; or

        (d)     The Judgment does not become Final.

56.     In the event the Court declines to enter the Preliminary Approval Order in substantially the form of Exhibit A attached hereto, or the Judgment in substantially the form of Exhibit B attached hereto, the Settling Parties agree to work in good faith to make appropriate modifications, as may be necessary, to the Amended Stipulation, Notice, Summary Notice, Proof of Claim and Release, and Judgment.

57.     Other than as provided in ¶¶ 54, 55 and the side agreement referenced in ¶ 59, no Party shall have the right to terminate this Amended Stipulation for any reason.

58.     In the event of a termination (whether under ¶ 54, ¶ 55 or the side agreement referenced in ¶ 59), this Amended Stipulation and releases provided for therein shall become null and void and of no further force and effect (except for ¶¶ 12, 18, 20, 47, 53, 54, 55, 56, 57, 60, 71, 74, 79, 81, 82, 83, and 84, which shall survive the termination), and the Settling Parties shall be deemed to have reverted to their respective positions as they existed prior to the execution of the MOU, the execution of this Amended Stipulation, and the entry of any orders pursuant to this Amended Stipulation. The Settling Parties shall thereafter proceed in all respects as if this Amended Stipulation and any related orders had not been entered and shall work together to arrive at a mutually agreeable schedule for resuming litigation of the Action in light of such developments.

## OPT-OUT TERMINATION RIGHT, CONFIDENTIALITY

59.     Plaintiffs and Defendants, by and through their respective counsel, are simultaneously executing a side agreement, which sets forth certain conditions under which this Amended Stipulation may be withdrawn or terminated at the sole discretion of Defendants and which shall not be filed with the Court, except that it may be brought to the attention of the Court, *in camera*, in the event of a dispute between Plaintiffs and Defendants or if so requested or as otherwise ordered by the Court. If the Court requires that the side agreement be filed, the Settling Parties shall jointly petition the Court to file it

under seal and/or to redact the threshold set forth in its "blow provision" for the termination contemplated by this paragraph, with such protections deemed to be important by the Settling Parties, among other reasons, so as to not encourage or induce actions in opposition to the Settlement by serial objectors or their counsel.

60.    The Settling Parties will otherwise keep confidential the terms of the side agreement.

## NOT A CLAIMS-MADE SETTLEMENT

61.    This is not a claims-made settlement; there will be no reversion.

## LIMITATIONS ON USE OF THIS AMENDED STIPULATION

62.    This Settlement compromises claims that are contested and, as such, shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. Plaintiffs acknowledge that the Defendants have denied and continue to deny each and all claims of alleged wrongdoing, while the Defendants acknowledge that Plaintiffs continue to maintain the validity of their lawsuit and the merits of their claims. The Parties acknowledge that Defendants make no admission of liability or wrongdoing.

63.    This Amended Stipulation, whether or not consummated and whether or not the Settlement is approved by the Court, and all negotiations, discussions, drafts, and proceedings made or taken pursuant to or in connection with the Settlement are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a)    Against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiffs in the Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Amended Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

(b)    Against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the

Amended Complaint or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action;

(c)    Against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this Amended Stipulation, provided, however, that if this Amended Stipulation is approved by the Court, the Defendants, the Plaintiffs, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

(d)    Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them;

(e)    Against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and

(f)    As evidence of, or construed as evidence of, any presumption, concession, or admission that the modifications to the class definitions as contemplated herein are appropriate in this Action, except for purposes of this Settlement.

## MISCELLANEOUS PROVISIONS

64.    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event of a conflict or inconsistency between the

terms of this Amended Stipulation and the terms of any Exhibit attached hereto, the terms of this Amended Stipulation shall prevail.

65.    The Settling Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Plaintiffs or the Settlement Class Members against the Defendants and all Released Persons concerning the Settlement Class Claims and against the Plaintiffs and Settlement Class Members by the Defendants concerning the Defendant Claims. Accordingly, the Settling Parties agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by the Defendants in bad faith or without a reasonable basis. The Settling Parties shall assert no claims of any violation of Fed. R. Civ. P. 11 relating to the prosecution, defense, or settlement of this Action. Moreover, none of the Settling Parties shall seek any cost-shifting claims against the others. The Settling Parties agree that the Settlement Consideration and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

66.    This Amended Stipulation may not be modified or amended except by a writing signed by all signatories hereto or their successors-in-interest, nor may a Settling Party be deemed to have waived any provision (including this provision) except by a writing signed by that Settling Party or its successor-in-interest.

67.    Neither the Settlement Class Members nor the Defendants shall be bound by this Amended Stipulation if the Court modifies material terms hereof, provided, however, that it shall not be a basis to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members, or the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate this Amended Stipulation if the Court disapproves of or modifies the terms of this Amended Stipulation with respect to the distribution of the Net Settlement Fund. Nor shall it be a basis to terminate this Amended Stipulation if the Court denies, in whole or in part, Lead Counsel's application for attorneys' fees and expenses or Plaintiffs' application for an award of reasonable costs and expenses.

68.    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Amended Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Amended Stipulation on behalf of the Settlement Class which Lead Counsel deems appropriate.

69.    Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to in this Action or this Amended Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

70.    Each counsel or other Person executing this Amended Stipulation or any of its Exhibits on behalf of any party hereby warrants and represents that such Person has the full authority to do so and that he, she, or it has the authority to take appropriate action required or permitted to be taken pursuant to this Amended Stipulation to effectuate its terms.

71.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

72.    The administration and consummation of the Settlement as embodied in this Amended Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of, among other things, entering orders providing for the implementation and enforcement of the terms of this Amended Stipulation, including, without limitation, the releases provided for herein, and any awards of attorneys' fees and expenses to Lead Counsel, and enforcing the terms of this Amended Stipulation.

73.    The waiver by one Settling Party of any breach of this Amended Stipulation by any other Settling Party shall not be deemed a waiver by the waiving Settling Party of any other prior or subsequent breach of this Amended Stipulation or a waiver by any other Settling Party of any breach of this Amended Stipulation. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Amended Stipulation, unless such extensions conflict with an Order of the Court, in which case the Settling Parties shall move the Court to amend any such Order.

74.    Other than the side agreement discussed in ¶ 59, this Amended Stipulation and its Exhibits constitute the entire agreement among the Settling Parties concerning this Settlement, and no representations, warranties, or inducements have been made by any Settling Party concerning this Amended Stipulation and its Exhibits other than those contained and memorialized in such documents.

75.    This Amended Stipulation may be executed in one or more counterparts, and the counterparts when executed may be made into a composite which shall constitute one integrated original agreement.

76.    This Amended Stipulation shall be binding upon, and inure to the benefit of, the Settling Parties hereto and their successors, heirs, and assigns, including any corporation or other entity into or with which any Settling Party or Released Person merges, consolidates, or reorganizes.

77.    This Amended Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that this Amended Stipulation, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Amended Stipulation.

78.    The Settling Parties warrant that, in entering into this Settlement, they have relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Settling Party, not expressly contained in this Amended Stipulation or any of the incorporated Settlement documents. It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Amended Stipulation is entered into may turn out to be other than or different from the facts and law now known to each Settling Party or believed by such party to be true; each Settling Party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Amended Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

79.    Lead Counsel and the Defendants' counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, this Amended Stipulation and the Settlement,

and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

80.     Pending preliminary and final approval of the Court of the Settlement, as set forth in this Amended Stipulation and its attached Exhibits, all proceedings in the Action shall be stayed.

81.     No part of the Settlement Consideration shall be used to pay the settlement of any other action arising from the facts and circumstances at issue in the Action.

82.     No Person shall have any claim against Plaintiffs, Lead Counsel, the Settlement Administrator, the Escrow Agent, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Amended Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against any of the Released Persons, based on any distributions, determinations, claim rejections, or the design, terms, or implementation of the Plan of Allocation.

83.     All dollar amounts in this Amended Stipulation are in U.S. dollars.

84.     The construction, interpretation, operation, effect, and validity of this Amended Stipulation and any ancillary documents necessary to effectuate it shall be governed by, construed, and enforced in accordance with the internal, substantive laws of the State of California without giving effect to that State's choice-of-law or conflicts-of-laws principles, except to the extent that federal law requires that federal law governs. Any dispute relating to this Amended Stipulation shall be brought exclusively in the United States District Court for the Northern District of California, and each of the Settling Parties agrees not to contest subject matter jurisdiction or personal jurisdiction, or assert that such forum is inconvenient for any such dispute brought in this Court.

85.     Whether or not this Amended Stipulation is approved by the Court and whether or not this Amended Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with this Amended Stipulation confidential.

86.     All agreements made during the course of this Action relating to the confidentiality of information shall survive this Settlement.

87.     No opinion or advice concerning the tax consequences of the Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Amended Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

88.     If any Settling Party is required to give notice to any other Settling Party under this Amended Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-delivery, overnight courier, email, or facsimile transmission with confirmation of receipt. Notice shall be provided as follows:

| If to Class Counsel: | POMERANTZ LLP<br>Brenda Szydlo, Esq.<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone: (212)-661-1100<br>Facsimile: (917)-463-1044<br>bszydlo@pomlaw.com |
|---|---|
| If to Counsel for the Defendants: | WILMER CUTLER PICKERING HALE AND DORR LLP<br>Kevin P. Muck (SBN 120918)<br>Susan S. Muck (SBN 126930)<br>One Front Street, Suite 3500<br>San Francisco, CA 94111<br>Telephone: (628) 235-1002<br>Facsimile: (628) 235-1001<br>kevin.muck@wilmerhale.com<br>susan.muck@wilmerhale.com<br><br>Jeremy T. Adler<br>250 Greenwich Street, 45th Floor<br>New York, NY 10007<br>Telephone: (212) 230-8800<br>jeremy.adler@wilmerhale.com |

Dated: August 30, 2023

**POMERANTZ LLP**

By: ___/s/ Brenda Szydlo_____

Brenda Szydlo
Dean P. Ferrogari
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
bszydlo@pomlaw.com
dean.ferrogari@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorneys for Lead Plaintiff Tyler Hardy,
named Plaintiff Danny Rochefort, and the
proposed Classes*

**WILMER CUTLER PICKERING HALE
AND DORR LLP**

By: ___/s/ Kevin P. Muck_____

Kevin P. Muck (SBN 120918)
Susan S. Muck (SBN 126930)
Jessica L. Lewis (SBN 302467)
Jordan C. Bradford-Shivers (SBN 327461)
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001
kevin.muck@wilmerhale.com
susan.muck@wilmerhale.com
jessica.lewis@wilmerhale.com
jordan.bradfor-shivers@wilmerhale.com

**WILMER CUTLER PICKERING HALE
AND DORR LLP**
Madeeha Dean (SBN 340563)
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6019
Facsimile: (650) 858-6100
madeeha.dean@wilmerhale.com

**WILMER CUTLER PICKERING HALE
AND DORR LLP**
Jeremy T. Adler (admitted pro hac vice)
250 Greenwich Street, 45th Floor
New York, NY 10007
Telephone: (212) 230-8800
jeremy.adler@wilmerhale.com

*Attorneys for Defendants Embark Technology,
Inc. f/k/a Northern Genesis Acquisition Corp.
IL Ian Robertson, Ken Manget, Christopher
Jarratt, Paul Dalglish, Robert Schaefer, Brad
Sparkes, Alex Rodrigues, and Richard Hawwa*

1

**<u>CERTIFICATION</u>**

2      I, Brenda Szydlo, am the ECF User whose identification and password are being used to file

3 this AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT. In compliance with Civil

4 Local Rule 5-1(h)(3), I hereby attest that each other signatory has concurred in this filing.

5 Dated:  August 30, 2023

6                                                                  */s/ Brenda Szydlo*
                                                                    Brenda Szydlo

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28