# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

TYLER HARDY and DANNY ROCHEFORT,
Individually and On Behalf of All Others
Similarly Situated,

                      Plaintiffs,

           v.

EMBARK TECHNOLOGY, INC. f/k/a
NORTHERN GENESIS ACQUISITION CORP.
II, IAN ROBERTSON, KEN MANGET,
CHRISTOPHER JARRATT, PAUL
DALGLISH, ROBERT SCHAEFER, BRAD
SPARKES, ALEX RODRIGUES, and
RICHARD HAWWA,

                      Defendants.

No. 3:22-cv-02090-JSC

CLASS ACTION

**[PROPOSED] ORDER**
**AND FINAL JUDGMENT**

EXHIBIT B

Hon. Jacqueline Scott Corley

On the _____ day of _____, 2023,202_, a hearing having been held before this Court to determine whether the terms and conditions of the Amended Stipulation and Agreement of Settlement dated May 17August 30, 2023 (the "Amended Stipulation"), are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Embark Technology, Inc., f/k/a Northern Genesis Acquisition Corp. II ("Embark" or the "Company"), Ian Robertson, Ken Manget, Christopher Jarratt, Paul Dalglish, Robert Schaefer, Brad Sparkes, Alex Rodrigues, and Richard Hawwa (the "Individual Defendants," and together with Embark, the "Defendants");1;");

The Court having considered all matters submitted to it at the hearing and otherwise; and

---

1 Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants, are collectively referred to as the "Parties".

It appearing that the Notice substantially in the form approved by the Court in the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") was mailed or emailed to all reasonably identifiable Settlement Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Court's specifications;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Amended Stipulation.

2.      The Court has jurisdiction over the subject matter of this action (the "Action"), Plaintiffs, all Settlement Class Members, and the Defendants, including all Settlement Class Members who did not timely file a request for exclusion from the Settlement Class by the relevant deadline pursuant to the Preliminary Approval Order.

3.      The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. § 78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that

the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those listed on Exhibit 1 hereto.

4.     The Settlement is approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that there was no collusion, that the Settlement set forth in the Amended Stipulation is the result of arm's-length negotiations between experienced, competent counsel representing the interests of the Settlement Class Members and the Defendants, and that the record is sufficiently developed and complete to have enabled the Plaintiffs and the Defendants to have adequately evaluated and considered their positions. Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Amended Stipulation.

5.     Except with respect to individual claims by persons who have validly and timely requested exclusion from the Settlement Class (listed on Exhibit 1), all of the claims asserted in the Amended Complaint or the Action against the Defendants are hereby dismissed with prejudice.

6.     Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s) (claiming now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim to the Settlement Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by thisthe Settlement to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, dismissed, and discharged each and all of the Settlement Class Claims (including Unknown Claims), against each and all of the Released Persons, and shall have covenanted not to sue any Released Person with respect to any Settlement Class Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in thisthe Amended Stipulation or the Judgment entered pursuant hereto; and (b) shall be forever permanently barred, enjoined and restrained from

commencing, instituting, asserting, maintaining, enforcing, prosecuting or otherwise pursuing, either directly or in any other capacity, any of the Settlement Class Claims (including any Unknown Claims) against any Released Person in the Action or in any other action or any proceeding, in any state, federal or foreign court of law or equity, arbitration tribunal, administrative forum or other forum of any kind. For avoidance of doubt, the claims released hereby do not include any claims brought derivatively, including those alleged in the consolidated shareholder derivative action captioned *In re Embark Tech., Inc. Deriv. Litig.*, No. 3:22-cv-05455 (U.S. Dist. Ct., N.D. Cal.).

7.     Defendants, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns and any Person(s) (claiming now or in the future) through or on behalf of any of them directly or indirectly: (a) shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever released, relinquished, waived, discharged, and dismissed each and all of the Defendant Claims (including Unknown Claims) against Plaintiffs in the Action, Lead Counsel and their attorneys, and all other Settlement Class Members, the members of each Settlement Class Member's immediate family, any entity in which any member of any Settlement Class Member's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Settlement Class Member is the settlor or which is for the benefit of any Settlement Class Member and/or members of his or her family; and (b) shall be forever permanently barred, enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting or otherwise pursuing, either directly or in any other capacity, any of the Defendant Claims (including any Unknown Claims) against the Plaintiffs, Lead Counsel and their attorneys, and all other Settlement Class Members in the Action or in any other action or any proceeding, in any state, federal or foreign court of law or equity, arbitration tribunal, administrative forum or other forum of any kind.

8.     To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Persons seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Amended Complaint or the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

9.     The Court finds that all parties and their counsel have complied with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

10.     Neither this Order and Final Judgment, the Preliminary Approval Order, the Amended Stipulation (including the exhibits thereto), the Memorandum of Understanding ("MOU"), nor any of the negotiations, documents or proceedings connected with them shall be argued to be or offered or received:

   a.   against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiffs in the Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Amended Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault,

[PROPOSED] ORDER AND FINAL JUDGMENT                     3:22-cv-02090-JSC
                                 5

misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

b.  against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Amended Complaint or the Action or of any lack of merit to the claims or the Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Amended Complaint or the Action;

c.  against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of ~~this~~the Amended Stipulation, provided, however, that ~~if this Stipulation is approved by the Court,~~ the Defendants, the Plaintiffs, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

d.  against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them; and

    e.  against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

    f.  as evidence of, or construed as evidence of, any presumption, concession, or admission that the modifications to the class definitions as ordered in the Preliminary Approval Order are appropriate in this Action, except for purposes of this Settlement.

11.    Notwithstanding the foregoing in Paragraph 9, the Settling Parties and other Released Persons may file or refer to this Order and Final Judgment, the Amended Stipulation, Preliminary Approval Order, and/or any Proof of Claim and Release Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Amended Stipulation and/or this Order and Final Judgment.

12.    Exclusive jurisdiction is hereby retained over the Settling Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Amended Stipulation, or Settlement and this Order and Final Judgment, and includingClass Counsel's application for an award of attorneys' fees and expenses, Plaintiffs' application for an award of reasonable costs and expenses, and any application for an award to the Settlement Administrator for its fees and

expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

13. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in the Amended Stipulation.

14. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Fed. R. Civ. P. 54(b).

15. Any order approving or modifying the Plan of Allocation, Class Counsel's application orfor an award of attorneys' fees and expenses, or Plaintiffs' application orfor an award for payment of reasonable costs and expenses, or any application for an award to the Settlement Administrator for its fees and expenses, shall be separate from, and shall not in any way disturb or affect, the finality of this Judgment, the Amended Stipulation, or the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Amended Stipulation or the Settlement.

16. In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Amended Stipulation, then this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Amended Stipulation, and this Judgment shall be without prejudice to the rights of the Settling Parties, and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the MOU, and the Settling Parties shall proceed in all respects as if the MOU and the Amended Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action. In such circumstances, the parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

17.     In the event the Judgment does not become Final or the Settlement is terminated in accordance with the terms and conditions set forth in the Amended Stipulation, within thirty (30) days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest earned but less any costs or expenses properly incurred as set forth herein, shall be returned to the Defendants. Plaintiffs and the Settlement Class Members shall have no responsibility for the return of such consideration.

**SO ORDERED** in the Northern District of California on _____, 2023.202_ .

_____
HON. JACQUELINE SCOTT CORLEY
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER AND FINAL JUDGMENT                    3:22-cv-02090-JSC
9

Exhibit 1

[List of Person and Entities Excluded from the Settlement Class Pursuant to Request]