# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE EMBARK SOFTWARE TECHNOLOGIES LTD. SECURITIES LITIGATION | Master File No. 1:20-cv-5646-GHW |

DECLARATION OF ZACHARY NYE, PH.D.

August 29, 2023

**I.      Background and Qualifications**

1.      I am a financial economist and Vice President at Stanford Consulting Group, Inc. ("SCG").  Since 1981, SCG has provided economic research and expert testimony for business litigation, and regulatory and legislative proceedings.  All SCG professionals hold masters or doctoral degrees in business, economics, finance or operations research, and certain senior consultants have testified as experts in these fields.  I have an A.B. in Economics from Princeton University; an M.Sc. in Finance from the London Business School; and a Ph.D. in Finance from the Paul Merage School of Business at the University of California, Irvine.  I have co-authored academic research published in peer-reviewed conference proceedings, as well as working papers with finance faculty at various universities.  My research areas include the market efficiency of financial and derivative securities, volatility forecasting, risk management, financial econometrics, valuation and corporate finance.  I have previously served as an expert witness in matters involving securities litigation, as well as business and intellectual property valuation. My curriculum vitae, which includes my academic research, publications in the past ten years, and expert testimony in the preceding four years, is attached hereto as Exhibit 1.

2.      My current hourly rate is $990.  I have received assistance from individuals at SCG, who worked under my direction; their fees charged for this project are their standard hourly rates. Neither my compensation nor that of any individual at SCG is contingent on either my opinions set forth herein or the outcome of this litigation.

**II.     Scope of Engagement**

3.      Over the course of this litigation, SCG has advised Counsel for Plaintiffs regarding potential recoverable damages from a financial standpoint.  SCG also assisted in developing the proposed plan of allocation of the Net Settlement Fund in the above-captioned matter (the "Plan

of Allocation"), described in the Notice of Pendency and Proposed Settlement of Class Action

(the "Notice").

4.      Based upon SCG's prior work on this matter, I now have been asked by Counsel for

Plaintiffs to opine on the following:

    i.   estimated per-share and aggregate Class-wide damages under Section 11 of the Securities Act of 1933 (the "Securities Act") incurred by investors who purchased or otherwise acquired the common stock of Embark Technology, Inc. ("Embark" or the "Company") pursuant or traceable to the July 2, 2021 registration statement, including all amendments thereto, issued in connection with the Business Combination, including shares of Embark common stock purchased in the open market during the period November 11, 2021 through December 13, 2021, both dates inclusive (the "Securities Act Settlement Class");

    ii.   estimated per-share and aggregate Class-wide damages under Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") incurred by investors who beneficially owned and/or held the common stock of Northern Genesis Acquisition Corp. II ("Northern Genesis" or "NGA") as of October 6, 2021, the record date, and were eligible to vote at Northern Genesis' November 9, 2021 special meeting with respect to the Business Combination (the "Exchange Act Settlement Class");

    iii.   estimated average recovery per share for the Securities Act Settlement Class and the Exchange Act Settlement Class; and

    iv.   the reasonableness and fairness of the Plan of Allocation.

5.      It is my understanding that Section 20(a) of the Exchange Act imposes liability on any

person who directly or indirectly controls any person liable under Section 14(a) to the same

extent as the controlled person. Accordingly, it is my understanding the damages associated with

violations of Sections 14(a) and 20(a) of the Exchange Act are equivalent. Similarly, it is my

understanding that Section 15 establishes control-person liability under the Securities Act, and

thus damages associated with violations of Sections 11 and 15 of the Exchange Act are

equivalent.

**III.    Summary of the Business Combination and Plaintiffs' Allegations**

6.       According to the Complaint, "Embark develops self-driving software solutions for the trucking industry in the U.S."[1]  The Company was formed through a business combination (the "Business Combination") with a publicly traded Special Purpose Acquisition Company ("SPAC"), Northern Genesis Acquisition Corp. II.[2]  The Business Combination was consummated on November 10, 2021, "whereby, among other things, the Company changed its name from 'Northern Genesis Acquisition Corp. II' to 'Embark Technology, Inc.'"[3]  Prior to the Business Combination, Northern Genesis ordinary shares were listed and traded on the New York Stock Exchange ("NYSE") under the ticker symbol "NGAB."  On November 11, 2021, the Company's Class A common stock was listed and began trading on the NASDAQ under the ticker symbol "EMBK."[4]

7.       I understand that Plaintiffs allege that the Company's registration statement filed on July 2, 2021 in connection with the Business Combination on SEC Form S-4, and amendments thereto (collectively, the 'Registration Statement"), contained materially false and misleading statements.  Specifically, according to Plaintiffs, the Company's financial statements in the Registration Statement for second-quarter 2021 contained material errors relating to the Company's classification of certain of its public shares as permanent equity, instead of as temporary equity.[5]  The alleged misstatements were also contained in the proxy

---

[1] Amended Complaint for Violations of the Federal Securities Laws, dated August 25, 2022 (the "Complaint"), ¶4.

[2] Embark Technology, Inc., Form 10-K for Year-End 2021, filed March 21, 2022, p. 14.

[3] Complaint, ¶12.

[4] Embark Technology, Inc., Form 10-K for Year-End 2021, filed March 21, 2022, p. 63.

[5] Complaint, ¶90.

statement/prospectus mailed to NGA stockholders as of October 6, 2021 (the record date) for purposes of the Company's solicitation of proxies for its November 9, 2021 special meeting of stockholders to approve the proposed Business Combination.[6]

8.      Plaintiffs further allege that the truth was disclosed through the following corrective disclosures:

i.   "After the market closed on November 17, 2021, the Company filed a Form 8-K with the SEC … which disclosed that the Company's audited balance sheet as of January 15, 2021 and the Company's unaudited financial statements as of March 31, 2021 and for the three months ended March 31, 2021 should no longer be relied upon due to the reclassification of all the Company's public shares as temporary equity. … On this news, Embark's stock price fell $0.72 per share, or approximately 9%, to close at $7.17 per share on November 18, 2021."[7]

ii.  "On November 24, 2021, the Company filed an amendment to its November 10, 2021 10-Q on Form 10-Q/A … to reflect a restatement of the Company's condensed financial statements as of January 15, 2021, as of and for the three months ended March 31, 2021, as of and for the three and six months ended June 30, 2021 and for the three and nine months ended September 30, 2021 to correct errors in the Company's classification of public shares as permanent equity …. On this news, Embark's stock price fell $0.51 per share, or approximately 6%, to close at $8.01 per share on November 24, 2021."[8]

## IV.    Per-Share Damages Under the Securities Act

9.      Section 11 of the Securities Act concerns liability for false statements in a registration statement, under which damages are defined as the:

difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the

---

[6] Complaint, ¶10.

[7] Complaint, ¶¶93, 94 (emphasis removed).

[8] Complaint, ¶¶96, 100.

security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought ….[9]

10.    In addition, Section 11 provides for an affirmative defense of negative causation which prevents recovery for losses that defendants prove are not attributable to alleged misrepresentations and/or omissions in the offering's registration statement.  Thus, assuming Defendants would be able to demonstrate negative causation at trial, the decline in the price of Embark common stock in response to the corrective events alleged by Plaintiffs, net of market and industry-wide effects, are the only compensable losses in this matter.  As discussed above, Plaintiffs allege that the price of Embark common stock declined in response to the corrective events on November 18, 2021 and November 24. 2021 (the "Corrective Disclosure Dates").  The Company-specific decline in the price of Embark common stock on each of the Corrective Disclosure Dates follows:

| Corrective Disclosure Date | Previous Closing Price | Company-Specific Return | Company-Specific Share Price Decline |
|---|---|---|---|
| 11/18/2021 | $7.89 | -7.53% | $0.59 |
| 11/24/2021 | $8.52 | -5.71% | $0.49 |
| | | **Total:** | **$1.08** |

Accordingly, no damages are incurred on shares sold before November 18, 2021, or on shares both purchased and sold between November 18, 2021 and November 24, 2021.  In addition, no damages are incurred on shares purchased on or after November 24, 2021.

11.    Furthermore, in my calculations, I have been asked to assume that the Securities Act Settlement Class includes the following shares: (i) shares of NGA publicly traded stock that were reclassified as newly issued Embark Class A shares in connection with the Business Combination; (ii) shares of Embark Class A common stock issued to legacy Embark

---

[9] 15 U.S.C. § 77k(e).

shareholders in connection with the Business Combination (excluding shares issued to insiders and affiliated companies); and (iii) purchases of Embark stock in the open market during the period from November 11, 2021 (*i.e.*, the first trading day following the close of the Business Combination) through November 23, 2021 (*i.e.*, the last trading day prior to the latest Corrective Disclosure date), inclusive.  I note that the earliest effective date of a registration statement filed by the Company for shares not already registered by the Business Combination Registration Statement was December 13, 2021, 4:30 p.m.[10]  Thus, in my calculations, I have assumed purchases of Embark stock in the open market during the period from November 11, 2021 through November 23, 2021, inclusive, are traceable to the Registration Statement.

12.      In addition. I have assumed that "the price at which the security was offered to the public" was $10.00, which is the approximate per-share fair value of the Northern Genesis trust account.  I was also asked to assume that the first lawsuit filed on behalf of the purchasers of Embark common stock with a claim under the Securities Act was filed on August 25, 2022 (the "Suit Date").  However, given the relatively low price of Embark common stock as of the Suit Date (*i.e.*, $0.58 closing price), the Section 11 provision limiting damages to "the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought," has no impact on my damages calculations.

13.      Based on the above, per-share damages under the Securities Act are calculated as follows:

> I.      For each share that was purchased or otherwise acquired prior to or on November 17, 2021, and
>
>> a.   sold prior to November 18, 2021, per-share damages are $0.

---

[10] Embark Technology, Inc., SEC Form Effect, filed December 13, 2021.  (Source: https://pro.edgar-online.com/.)

    b.   sold during the period November 18, 2021 through November 23, 2021, both dates inclusive, per-share damages are the lesser of:

       i.   $0.59; or

      ii.   the purchase price (not to exceed $10.00) minus the sale price.

    c.   still held as of November 24, 2021, per-share damages are the lesser of:

       i.   $1.08; or

      ii.   the purchase price (not to exceed $10.00) minus the sale price, if sold.

II.    For each share that was purchased or otherwise acquired during the period November 18, 2021 through November 23, 2021, both dates inclusive, and

    a.   sold prior to November 24, 2021, per-share damages are $0.

    b.   still held as of November 24, 2021, per-share damages are the lesser of:

       i.   $0.49; or

      ii.   the purchase price (not to exceed $10.00) minus the sale price, if sold.

III.    For each share that was purchased or otherwise acquired on or after November 24, 2021, per share damages are $0.

## V.    Per-Share Damages Under the Exchange Act

14.    I understand that the Exchange Act requires disclosure by parties soliciting shareholders' votes on a merger or acquisition, so that shareholders can make informed decisions on issues affecting their economic interests. Disclosure must include a proxy statement filed with the SEC in advance of the shareholder vote. SEC Rule 14a-9, regarding "False or Misleading Statements," implements Section 14(a) of the Exchange Act, and prohibits solicitation of shareholder votes by means of a proxy statement or uncorrected earlier communication in solicitation which:

> … at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication

- 7 -

with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.[11]

15.    I have been asked to opine on the resulting damages per share incurred under Section 14(a) of the Exchange Act and Rule 14a-9, by those persons and entities who held Northern Genesis common stock as of October 6, 2021, and were entitled to vote on the Business Combination, assuming that damages incurred as a result of the Company's release of previously concealed information as measured by the contemporaneous Company-specific stock price declines on November 18, 2021 and November 24, 2021.

16.    Based on the above, for each share of Northern Genesis common stock beneficially owned and/or held as of the close of the U.S. financial markets on October 6, 2021, per-share damages under the Exchange Act are calculated as follows:

    I.    For each share that was sold or redeemed prior to November 18, 2021, per-share damages are $0.

    II.    For each share that was sold during the period November 18, 2021 through November 23, 2021, both dates inclusive, per-share damages are the lesser of:

        a.  $0.59; or

        b.  $10.00 minus the sale price.

    III.    For each share that was still held on November 24, 2021, per-share damages are the lesser of:

        a.  $1.08; or

        b.  $10 minus the sale price, if sold.

## VI.    Aggregate Class-Wide Damages and Per-Share Recovery Estimates

17.    To estimate aggregate Class-wide damages, the timing and quantity of investor transactions in the Company's stock was estimated using the proportional "80/20 Multi-Trader

---

[11] https://www.law.cornell.edu/cfr/text/17/240.14a-9.

Model," which is a version of the General Trading Model ("GTM"),[12] which has been advocated by representative authors from Cornerstone Research, an economic consulting firm frequently engaged by defendants in class action securities litigation.[13]  "Virtually every securities litigation case in which aggregate damages are estimated relies on a version of the GTM for the number of shares damaged and the damage theory for the amount of artificial inflation."[14]

18.     The so-called "80/20" split between the two sets of traders specifies a large set of "slow" traders (*i.e.*, they hold 80% of shares available, but trade 20% of the volume) and a small set of "fast" traders (*i.e.*, they hold 20% of shares available, but trade 80% of the volume).  I have also assumed that shares of Embark Class A common stock issued to legacy Embark shareholders in connection with the Business Combination were subject to a 6-month lock up provision.[15] Furthermore, trading volume has been reduced by 33% to correct for the typical level of dealer-intermediated trading.[16]

19.     Assuming Plaintiffs prevailed under the theory of per-share damages described above, aggregate Class-wide damages under each claim are estimated to be as follows:

| Claim | Number of Damaged Shares | Aggregate Damages |
| --- | --- | --- |
| Securities Act | 214.5 million | $230.3 million |
| Exchange Act | 10.76 million | $11.1 million |

---

[12] Barclay, Michael, and Frank C. Torchio. "A Comparison of Trading Models Used for Calculating Aggregate Damages in Securities Litigation." *Law and Contemporary Problems*, vol. 64, no. 2/3, 2001, pp. 105–136 ("Barclay and Torchio (2001)") at 117.

[13] William H. Beaver, James K. Malernee and Michael C. Keeley, "Stock Trading Behavior and Damage Estimation in Securities Cases," Cornerstone Research working paper, 1993.

[14] Barclay and Torchio (2001) at p. 105.

[15] *See*, *e.g.*, Embark Technology, Inc., SEC Form S-4/A, filed October 14, 2021, p. 11.

[16] *See* Barclay and Torchio (2001) at p. 110.

Given that Northern Genesis shares held as of the October 6, 2021 record date and retained through one or both of the alleged Corrective Disclosure Dates are damaged under both the Exchange Act and the Securities Act, the damage figures presented above are not additive.

20.    Based on the gross settlement amount of $2,500,000, the estimated average recovery per damaged share is **$0.012** for the Securities Act claims and **$0.011** for the Exchange Act claims.

21.    I have been informed by Counsel that the estimated total fees and expenses in this matter (excluding administrative costs) is $980,000 (including $835,000 in attorneys' fees, $140,000 in expenses, and an award of $5,000 to the Class Representatives), which equates to **$0.005** per damaged share.

22.    I have also been informed by Counsel that the administrative costs in this matter are estimated to be $333,859.  The estimated average recovery, after deducting attorneys' fees, expenses, administrative costs, and the Class Representatives award, is approximately **$0.006** per damaged share.

**VII.    The Plan of Allocation Is Equitable and Reasonable**

23.    In my opinion, the Plan of Allocation provides a fair and reasonable method for calculating a Claimant's Recognized Loss and distributing the Net Settlement Fund.  The proposed distribution of the Net Settlement Fund under the Plan of Allocation represents an equitable allocation of the Net Settlement Fund among Claimants who suffered economic losses as a result of the alleged fraud.  My opinion is based upon the fact that the per-share Recognized Loss formulas used in the Plan of Allocation are based on the per-share compensable loss figures that SCG calculated for litigation purposes and provided to Plaintiffs' Counsel as the estimated maximum amounts of damages Class members could likely recover at trial.

- 11 -

Executed on August 29, 2023, at Redwood City, California.

Zachary Nye, Ph.D.

- 11 -

**Exhibit 1**



702 MARSHALL STREET, SUITE 200
REDWOOD CITY, CA  94063
650.298.0200
WWW.SCGINC.COM

## Zachary R. Nye
*Email:* zach@scginc.com

---

### Education

**Ph.D. – University of California, Irvine**                                              2009
Finance                                                                    Irvine, California

- Dissertation: Macro-Augmented Volatility Forecasting.

- Research Interests: Market efficiency of underlying and derivative securities, volatility forecasting, risk management, financial econometrics, valuation and corporate finance.

- Teaching Experience: Corporate Finance, Investments, and Risk Management.

**M.Sc. – London Business School**                                                        2004
Finance                                                                    London, England

- Earned distinction for Masters Thesis on the informational efficiency of credit-linked notes.

**A.B. – Princeton University**                                                           2001
Economics                                                             Princeton, New Jersey

---

### Employment History

**Vice President**                                                    Summer 2015 – present
Stanford Consulting Group, Inc.                                        Redwood City, California

The Stanford Consulting Group, Inc. provides economic research and expert testimony for business litigation, as well as regulatory and legislative proceedings.

Responsibilities include:

- quantifying economic damages (*e.g.*, present value of expected future earnings, price inflation, lost profits, unjust enrichment, reasonable royalties);

- enterprise, project, equity, debt, derivative-security and intellectual-property valuation;

- assessing the informational efficiency of financial securities;

- analyzing fairness opinions related to corporate mergers and acquisitions;

- econometric modeling and analysis;

- marginal cost analysis;

- preparing expert reports and declarations;

- providing deposition and trial testimony; and

- supporting counsel in preparation for cross examination of opposing experts.

**Senior Consultant**                                                Summer 2009 – Summer 2015
Stanford Consulting Group, Inc.                                        Redwood City, California

**Exhibit 1**

| | |
|---|---|
| **Associate**<br>Stanford Consulting Group, Inc. | Summer 2004 – Summer 2005<br>Redwood City, California |
| **Mortgage Consultant**<br>Woolwich PLC | Fall 2002 – Summer 2003<br>Oxford, UK |
| **Trading Desk Specialist**<br>Merrill Lynch, Defined Asset Funds | Fall 2001 – Summer 2002<br>Plainsboro, New Jersey |

---

### Academic Research

Nye, Zachary and Mark Washburn, 2013, "Macro-Augmented Volatility Forecasting," *Western Decision Sciences Institute Proceedings*. Paper presented at the WDSI Annual Meeting, Long Beach, California, March 27, 2013. Winner of the 2013 Best Theoretical/Empirical Research Paper Awards.

Nye, Zachary and Philippe Jorion, 2009, "Macro-Augmented Volatility Forecasting," Working Paper, University of California at Irvine.

Nye, Zachary and Timothy C. Johnson, 2005, "Market Efficiency's Hidden Teeth: An Unambiguous Test for Derivative Securities," Working Paper, London Business School.

---

### Testimony

Miriam Edwards, et al. v. McDermott International, Inc., et al., United States District Court, Southern District of Texas, Houston Division, Case No. 4:18-cv-04330
        Deposition               April 26, 2023

John V. Ferris, et al. v. Wynn Resorts Limited, et al., United States District Court, District of Nevada, Case No. 2:18-cv-00479-GMN-DJA
        Deposition               August 26, 2022
        Deposition               January 31, 2023

In re Jernigan Capital, Inc. Securities Litigation, United States District Court, Southern District of New York, Case No. 1:20-cv-09575-JLR
        Deposition               January 27, 2023

Halman Aldubi Provident and Pension Funds Ltd., et al. v. Teva Pharmaceuticals Industries Limited, et al., United States District Court, Eastern District of Pennsylvania, Case No. 2:20-cv-04660-KSM
        Deposition               November 4, 2022

Ali Karimi, et al. v. Deutsche Bank AG, et al., United States District Court, Southern District of New York, Case No. 1:22-cv-02854-JSR
        Deposition               August 12, 2022

Teresa Doskocz, et al. v. ALS Lien Services, et al., Superior Court of California, County of Contra Costa, Case No. C17-01486
        Deposition               April 23, 2018
        Deposition               March 8, 2022
        Deposition               April 14, 2022
        Trial                   April 29, 2022

Paul Hayden, et al. v. Portola Pharmaceuticals, Inc., et al., United States District Court, Northern District of California, Case No. 3:20-cv-00367-VC
        Deposition               March 30, 2022

**Exhibit 1**

United States of America ex rel. Lori Morsell, et al. v. Symantec Corporation, United States District Court for the District of Columbia, Civil Action No. 12-cv-0800 (RC)

          Deposition              March 13, 2019

          Trial                     March 22, 2022

United States of America ex rel. Tiffany Montcrieff, et al. v. Peripheral Vascular Associates, P.A., United States District Court for the Western District of Texas, San Antonio Division, Civil Action No. SA-17-CV-00317-XR

          Deposition              July 31, 2020

          Trial                     February 14, 2022

In re Advance Auto Parts, Inc. Securities Litigation, United States District Court, District of Delaware, Case No. 1:18-CV-00212-RGA

          Deposition              July 14, 2020

          Deposition              September 30, 2021

In re Allergan PLC Securities Litigation, United States District Court, Southern District of New York, Civil Action No. 18-CV-12089-CM

          Deposition              May 19, 2020

          Deposition              September 27, 2021

Gabby Klein, et al. v. Altria Group, Inc., et al., United States District Court, Eastern District of Virginia, Richmond Division, Case No. 3:20-cv-00075-DJN

          Deposition              August 31, 2021

In re Tahoe Resources, Inc. Securities Litigation, United States District Court, District of Nevada, Case No. 2:17-cv-01868-RFB-NJK

          Deposition              August 4, 2021

Hawaii Structural Ironworkers Pension Trust Fund, et al. v. AMC Entertainment Holdings, Inc., et al., United States District Court, Southern District of New York, Case 1:18-cv-00299-AJN-SLC

          Deposition              July 9, 2020

          Deposition              July 28, 2021

In re Mylan N.V. Securities Litigation, United States District Court, Southern District of New York, Case No. 1:16-CV-07926 (JPO)

          Deposition              November 22, 2019

          Deposition              July 20, 2021

Oregon Laborers Employers Pension Trust Fund, et al. v. Maxar Technologies Inc., et al., United States District Court, District of Colorado, Case No. 1:19-cv-00124-WJM-SKC

          Deposition              May 28, 2021

Roei Azar, et al. v. Yelp, Inc., et al., United States District Court, Northern District of California, Case No. 3:18-cv-00400-EMC

          Deposition              March 2, 2021

Roofers' Pension Fund, et al. v. Joseph C. Papa, et al., United States District Court, District of New Jersey, Civil Action No. 2:16-cv-02805-MCA-LDW

          Deposition              April 2, 2019

          Deposition              January 14, 2021

Utah Retirement Systems, et al. v. Healthcare Services Group, Inc., et al., United States District Court, Eastern District of Pennsylvania, Case No. 2:19-cv-01227-ER

          Deposition              December 10, 2020

**Exhibit 1**

Matt Karinski, et al. v. Stamps.com, Inc., et al., United States District Court, Central District of California, Case No. 2:19-cv-01828-MWF-SK
  Deposition     August 14, 2020

Alexandre Pelletier, et al. v. Endo International PLC, et al., United States District Court, Eastern District of New Pennsylvania, Civil Action No. 2:17-cv-05114-MMB
  Deposition     July 27, 2020

In re Zillow Group, Inc. Securities Litigation, United States District Court, Western District of Washington at Seattle, Case No. 2:17-cv-01387-JCC
  Deposition     March 10, 2020

Joseph Prause, et al. v. TechnipFMC plc, et al., United States District Court, Southern District of Texas, Houston Division, Case No. 4:17-cv-02368
  Deposition     February 5, 2020
  Deposition     March 9, 2020

In re Quorum Health Securities Litigation, United States District Court, Middle District of Tennessee, Case No. 3:16-cv-02475
  Deposition     August 17, 2018
  Deposition     January 14, 2020

In re Snap Inc. Securities Litigation, United States District Court, Central District of California, Western Division, Case No. 2:17-cv-03679-SVW-AGR
  Deposition     December 13, 2019

Jet Capital Master Fund, L.P., et al. v. American Realty Capital Properties, Inc., et al., United States District Court, Southern District of New York, Case No. 1:15-cv-00307-AKH
  Deposition     July 26, 2019

City of Pontiac General Employees' Retirement System, et al. v. Dell Inc., et al., United States District Court, Western District of Texas, Austin Division, Case No. 1:15-cv-00374-LY
  Deposition     April 19, 2017
  Deposition     November 6, 2018

Pirnik v. Fiat Chrysler Automobiles N.V., et al., United States District Court, Southern District of New York, Case No. 1:15-CV-07199-JMF
  Deposition     February 2, 2018
  Deposition     September 13, 2018

Bradley Cooper, et al. v. Thoratec Corporation, et al., United States District Court, Northern District of California, Oakland Division, Case No. 4:14-cv-00360-CW
  Deposition     March 6, 2018

L-3 Communications Corporation, et al. v. Serco, Inc., United States District Court for the Eastern District of Virginia, Case No. 1:15-cv-701-GBL-JFA
  Deposition     October 22, 2015
  Deposition     October 18, 2017

In re Juno Therapeutics, Inc., United States District Court of Western District of Washington at Seattle, Case No. C16-1069RSM
  Deposition     October 4, 2017

Brad Mauss, et al. v. NuVasive, Inc., et al., United States District Court, Southern District of California, Case No.: 13-cv-02005-JM
  Deposition     December 20, 2016
  Deposition     August 28, 2017

**Exhibit 1**

In re Akorn, Inc. Securities Litigation, United States District Court, Northern District of Illinois, Eastern Division, Case No. 15-CV-01944
   Deposition     June 21, 2017

In re Ocwen Financial Corporation Securities Litigation, United States District Court, Southern District of Florida, Case 14-81057-CIV-WPD
   Deposition     September 23, 2016
   Deposition     March 28, 2017

Stephen Calfo, et al. v. John P. Messina, Sr., et al., United States District Court, Southern District of New York, Civil Action No. 15 Civ. 04010 (LGS)
   Deposition     January 5, 2017

In re EZCORP, Inc. Securities Litigation, United States District Court, Southern District of New York, Case No. 14-cv-6834 (ALC)
   Deposition     October 14, 2016

Arthur Menaldi, et al. v. Och-Ziff Capital Management Group LLC, et al., United States District Court, Southern District of New York, No. 14-CV-03251-JPO
   Deposition     October 3, 2016

Keith Thomas, et al. v. MagnaChip Semiconductor Corp., et al., United States District Court, Northern District of California, Case No. 3:14-cv-01160-JST
   Deposition     September 16, 2016

In re Rocket Fuel, Inc. Securities Litigation, United States District Court, Northern District of California, Oakland Division, Case No. 4:14-cv-03998-PJH
   Deposition     September 14, 2016

Barbara Strougo, Individually and on Behalf of All Others Similarly Situated v. Barclays PLC, et al., United States District Court, Southern District of New York, Case No. 14-cv-5797 (SAS)
   Deposition     August 11, 2015
   Evidentiary Hearing  November 5, 2015
   Deposition     June 16, 2016

In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation, United States District Court, District of New Jersey, Case Numbers: 05-cv-5060; 07-cv-4021; 07-cv-4022; 07-cv-4023; 07-cv-4024; 07-cv-4546; 11-cv-6259; and 15-cv-518
   Deposition     December 6, 2013
   Deposition     October 1, 2015

Richard Thorpe and Darrel Weisheit, Individually and on Behalf of All Others Similarly Situated v. Walter Investment Management Corp., et al., United States District Court, Southern District of Florida, Case No. 1:14-cv-20880-UU
   Deposition     September 16, 2015

City of Austin Police Retirement System, *Individually and on Behalf of All Others Similarly Situated* v. Kinross Gold Corporation, et al., United States District Court, Southern District of New York, Civil Action No. 1:12-cv-01203-VEC-KNF
   Deposition     November 19, 2014

In re El Paso Partners, L.P. Derivative Litigation, Court of Chancery of the State of Delaware, C.A. No. 7141-CS
   Deposition     September 24, 2013
   Trial       November 12 and 13, 2014

**Exhibit 1**

L-3 Communications Corporation, et al. v. Jaxon Engineering & Maintenance, Inc., et al., United States District Court for the District of Colorado, Civil Action No. 10-cv-02868-MSK-KMT
          Deposition                    August 7, 2014

Axa Corporate Solutions Assurance, et al. v. Honeywell International, Inc., et al., Superior Court of the State of Arizona in and for the County of Maricopa, No. CV2011-019334
          Deposition                    February 24, 2014

In re Heckmann Corporation Securities Litigation, United States District Court for the District of Delaware, Case No. 1:10-cv-00378-LPS-MPT
          Deposition                    November 9, 2012