UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jacqueline S. Corley, Magistrate Judge

HARDY,                          ) No. C 22-02090-JSC
                                )
          Plaintiff,            )
                                )
vs.                             )
                                )
EMBARK TECHNOLOGY, INC.,        )
                                )
          Defendant.            )
_____)

                                San Francisco, California
                                Thursday, July 7, 2022

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
          RECORDING 9:00 - 9:06 = 6 MINUTES

APPEARANCES:

For Plaintiff:
                              Pomerantz, LLP
                              600 Third Avenue
                              20th Floor
                              New York, New York 10016
                        BY:   J ALEXANDER HOOD, II, ESQ.

For Defendant:
                              Wilmer Cutler Pickering Hale
                                and Door, LLP
                              One Front Street
                              Suite 3500
                              San Francisco, California
                                94111
                        BY:   JESSICA L. LEWIS, ESQ.


          (APPEARANCES CONTINUED ON THE NEXT PAGE.)

*Echo Reporting, Inc.*

APPEARANCES:   (Cont'd.)

For Movant Whitford:          The Rosen Law Firm, P.A.
                              101 Greenwood Avenue
                              Suite 440
                              Jenkintown Pennsylvania 19046
                         BY:  JACOB A. GOLDBERG, ESQ.

Transcribed by:               Echo Reporting, Inc.
                              Contracted Court Reporter/
                              Transcriber
                              echoreporting@yahoo.com

3

<u>Thursday, July 7, 2022</u>                                    <u>9:00 a.m.</u>

                    P-R-O-C-E-E-D-I-N-G-S

                         --oOo--

        THE COURT:  Good morning.  The court is now in session, the Honorable Jacqueline Scott Corley presiding.

        Calling civil action C-22-02090, Hardy versus Embark Technology, Inc.

        Counsel, starting with plaintiffs, can you please state your appearance for the record?

        MR. GOLDBERG:  Good morning, your Honor.

        MR. HOOD:  Good morning.

        MR. GOLDBERG:  Go ahead, Alex.

        MR. HOOD:  Apologies.

        Good morning, your Honor.  Alexander Hood of Pomerantz, LLP.  My firm is counsel to a plaintiff and lead plaintiff movant Tyler Hardy.

        THE COURT:  Good morning.

        MR. GOLDBERG:  Good morning, your Honor.  On behalf of Mr. Whitford, movant, Jacob Goldberg, The Rosen Law Firm.

        THE COURT:  Good morning.

        MS. LEWIS:  Good morning, your Honor.  Jessica Lewis from the law firm Wilmer Hale on behalf of defendants.

        THE COURT:  All right.  And you have no dog in this fight.  All right.

4

MS. LEWIS:  That's right.  I'll go back and --

THE COURT:  Well, there's not really a fight.

So there is a stipulation which I did not sign and I'm not going to sign for the reasons that Judge Gonzalez Rogers stated in Ginkgo Bowers.  Judge Chhabria stated in ACM Research the exact same stipulation from the same two law firms and that the Ninth Circuit stated in Cohen vs. United States District Court for the Northern District of California that you doesn't really -- that PSLRA doesn't allow for appointment of co-lead plaintiffs nor in a case of this size where the investors seem to each have not lost very much money.  It wouldn't make sense to appoint two very qualified law firms.  I think it would just spend money.

So that would -- my view.  And then it would follow that I would appoint Pomerantz, because Mr. Hardy had the greater loss.

So that's my view on that, and I'll allow anyone to be heard if you want to.

MR. GOLDBERG:  Your Honor, this is Jacob Goldberg from The Rosen Law Firm.  We understand the Court's reasoning.  We would state in response, however, that with plaintiffs who do not have substantially enormous losses, it is often best to have two lead plaintiffs or more so that the class is not left unrepresented if one happens not to be able to continue with the litigation for any reason.

5

THE COURT: But that happens and we substitute in new lead plaintiffs. But what you're not addressing, Mr. Goldberg, is the Ninth Circuit's decision in Cohen, in which they suggested a district court errs when it does -- appoints co-lead plaintiffs.

MR. GOLDBERG: Yeah. So, your Honor, I would say about Cohen that there is little distinction between appointing co-lead plaintiffs and effectively appointing a group. It seems to me to be a distinction without a difference. And in Kavanaugh (phonetic) and its progeny, the courts of this district in the Ninth Circuit have appointed groups. So I -- what I would suggest only, your Honor, is -- without meaning to disparage any particular precedent -- that in this particular instance, co-lead plaintiffs is the functional equivalent of a group.

THE COURT: Okay. All right. I hear you. This is what I'm going to suggest is the next time you guys do that, you should in your stipulation file a brief that acknowledges the adverse precedent, particularly in this district, so that we don't have to find it, right? We actually found it. You didn't bring it to our attention. And that you address it in writing in the stipulation. That's what you should do. That would probably give the judge more confidence in accepting your argument. But it doesn't give me any confidence now because you didn't raise

6

it.  And that creates an inference.  I'm sure you weren't doing that, but it creates an inference of hiding it, not taking it on head on.  It's much more persuasive to identify that precedent and explain to the judge why it -- the judge shouldn't follow it as opposed to waiting until the judge raises it at argument, all right?

So I'm going to stick with my tentative, not sign the -- not sign the stipulation and appoint Mr. Hardy as lead plaintiff.  Mr. Whitford will be there.  And they've submitted and made representations that Mr. Hardy does qualify and will be an adequate representative should something happen.

It's easier than a lot of other cases you have, Mr. Whitford, waiting in the wings -- waiting in the wings. There.  All right.  Either firm would have been qualified to do that.

So, Mr. Hood, are you going to be -- because I do want to know from Pomerantz who's going to be my go-to person that would be responsible for leading the team.

MR. HOOD:  Certainly, your Honor.  It will not be me in this instance.  Currently, one of my partners, Brenda Szydlo, is going to be staffed to this.  Ms. Szydlo, I believe, is on vacation this week, thus my presence here.

THE COURT:  Okay.  All right.  Great.  Thank you. I just wanted to know who is the person.  So I believe we

7

have a stipulation which gives you two weeks.  I'll do the order appointing today.  We'll just sign the proposed order. Two weeks to submit a stip with respect to the schedule for the amended complaint and motions to dismiss, if any.  If Ms. Lewis -- and if -- it could also include then, if no motion to dismiss is filed, a CMC date -- proposed CMC date.

MR. HOOD:  Understood, your Honor.  Certainly.

THE COURT:  Okay.  Great.

All right.  Mr. Goldberg, until next time.

MR. GOLDBERG:  I'll look forward to it, your Honor.  Thank you very much.

THE COURT:  All right.  Thank you.

MR. HOOD:  Thank you, your Honor.

MS. LEWIS:  Thank you, your Honor.

(Proceedings concluded at 9:06 a.m.)

8

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.



Echo Reporting, Inc., Transcriber

Tuesday, November 21, 2023

*Echo Reporting, Inc.*