**POMERANTZ LLP**
Brenda Szydlo (admitted *pro hac vice*)
Dean Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: bszydlo@pomlaw.com
dferrogari@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorneys for Lead Plaintiff Tyler Hardy,*
*Plaintiff Danny Rochefort, and*
*the Settlement Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| TYLER HARDY and DANNY ROCHEFORT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, CHRISTOPHER JARRATT, PAUL DALGLISH, ROBERT SCHAEFER, BRAD SPARKES, ALEX RODRIGUES, and RICHARD HAWWA,<br><br>Defendants. | No. 3:22-cv-02090-JSC<br><br>CLASS ACTION<br><br>**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS**<br><br>Date:    February 8, 2024<br>Time:    10:00 a.m.<br>Judge: Hon. Jacqueline Scott Corley<br>Courtroom: Hearing Via Zoom Video |

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on February 8, 2024, at 10:00 a.m., or as soon thereafter as counsel may be heard, at a Settlement Fairness Hearing via Zoom video before the Honorable Jacqueline Scott Corley, of the United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 8 – 19th floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Lead Plaintiff Tyler Hardy and Plaintiff Danny Rochefort (together "Plaintiffs"), by their undersigned attorneys, will move for an order (1) granting an award of attorneys' fees and authorizing reimbursement of expenses, plus any interest earned on these amounts at the same rate and for the same period as earned by the Settlement Fund; and (2) granting compensatory awards to Plaintiffs. The requested fee award, reimbursement of expenses, and Plaintiffs' compensatory awards are warranted under the fee-setting and expense reimbursement criteria applicable to common fund and Private Securities Litigation Reform Act ("PSLRA") cases.

This Motion is supported by the incorporated memorandum of points and authorities; the proposed order filed herewith; the Amended Stipulation and Agreement of Settlement dated August 30, 2023 (the "Amended Stipulation") (ECF No. 82-1) and exhibits thereto; the declarations of Brenda Szydlo, Josephine Bravata, Tyler Hardy, and Danny Rochefort filed herewith; Plaintiffs' forthcoming Motion for Final Approval of Settlement, Class Certification and Plan of Allocation ("Final Approval Motion"); the Court's file in this Action; and any other argument or evidence that Class Counsel may present at the Settlement Fairness Hearing or that the Court may otherwise request.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Plaintiffs' request for an award of attorneys' fees in the amount of 33.4% (or $835,000) of the Settlement Fund, plus any interest earned on this amount at the same rate and for the same period as earned by the Settlement Fund, payable to Class Counsel from the Settlement Fund, should be granted.

2.      Whether Class Counsel's out-of-pocket expenses of $120,456.77 were reasonable and necessarily incurred to achieve the benefit obtained and should be reimbursed from the Settlement Fund, with any interest earned on this amount at the same rate and for the same period as earned by the Settlement Fund.

3.      Whether Plaintiffs' request for compensatory awards of $2,500 each ($5,000 in total), in reimbursement for their time, costs and expenses directly relating to their representation of the Settlement Class, should be granted and paid from the Settlement Fund.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF
EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................3

ARGUMENT.........................................................................................................................4

    I.      CLASS COUNSEL SHOULD BE AWARDED ATTORNEYS' FEES OF 33.4% OF THE SETTLEMENT AMOUNT FROM THE COMMON FUND ................................4

          A.     It Is Appropriate to Award a Reasonable Percentage of the Common Fund as Attorneys' Fees ................................................................................................4

          B.     The Requested Attorneys' Fees Are Reasonable When Viewed Against Ninth Circuit Norms................................................................................................6

          C.     Relevant Ninth Circuit Factors Support the Requested Fee Award ....................7

               1.     Class Counsel Achieved a Favorable Result for the Settlement Class .....8

               2.     The Risks of Litigation Were High.............................................................8

               3.     The Contingent Nature of the Fee and the Financial Burden Carried By Counsel......................................................................................................11

               4.     The Skill Required and the Quality of the Work ....................................12

               5.     A Lodestar Cross-Check Shows the Fee Request Is Reasonable ...........14

               6.     The Settlement Class's Reaction to the Proposed Fee Request Is Overwhelmingly Positive........................................................................16

    II.     CLASS COUNSEL'S EXPENSES SHOULD BE AWARDED AS REASONABLE AND NECESSARY................................................................................................17

    III.    THE REQUESTED AWARDS TO PLAINTIFFS SHOULD BE APPROVED ...........18

CONCLUSION....................................................................................................................20

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

**TABLE OF AUTHORITIES**

**Page(s)**

<u>**Cases**</u>

*Backman v. Polaroid Corp.*,
   910 F.2d 10 (1st Cir. 1990) ............................................................................................... 11

*Blum v. Stenson*,
   465 U.S. 886 (1984) ............................................................................................................. 5

*Camancho v. Bridgeport Fin., Inc.*,
   523 F.3d 973 (9th Cir. 2008) ............................................................................................ 15

*Chang v. Wells Fargo Bank, N.A.*,
   2023 WL 6961555 (N.D. Cal. Oct. 19, 2023) .................................................................. 17

*Cullen v. Whitman Med. Corp.*,
   197 F.R.D. 136 (E.D. Pa. 2000) ....................................................................................... 16

*Destefano v. Zynga, Inc.*,
   2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ............................................................... 13, 16

*Fischel v. Equitable Life Assurance Soc'y of U.S.*,
   307 F.3d 997 (9th Cir. 2002) ............................................................................................ 14

*Gunter v. Ridgewood Energy Corp.*,
   223 F.3d 190 (3d Cir. 2000) ............................................................................................. 13

*Harris v. Marhoefer*,
   24 F.3d 16 (9th Cir. 1994) ................................................................................................ 17

*Harris v. Vector Mktg. Corp.*,
   2012 WL 381202 (N.D. Cal. Feb. 6, 2012) ...................................................................... 19

*Hubbard v. BankAtlantic Bancorp, Inc.*,
   688 F.3d 713 (11th Cir. 2012) .......................................................................................... 11

*In re Am. Apparel, Inc. S'holder Litig.*,
   2014 WL 10212865 (C.D. Cal. July 28, 2014) .......................................................... 5, 9, 13

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) .......................................................................................... 5, 6

*In re BP p.l.c. Sec. Litig.*,
   852 F. Supp. 2d 767 (S.D. Tex. 2012) ................................................................................ 9

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF
EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

*In re Businessland Sec. Litig.*,
   1991 WL 427887 (N.D. Cal. June 14, 1991) ................................................................. 17

*In re Cendant Corp. Sec. Litig.*,
   404 F.3d 173 (3d Cir. 2005) .......................................................................................... 5

*In re CenturyLink Sales Pracs. & Sec. Litig.*,
   2020 WL 7133805 (D. Minn. Dec. 4, 2020) ................................................................ 19

*In re ECOtality, Inc. Sec. Litig.*,
   2015 WL 5117618 (N.D. Cal. Aug. 28, 2015) .............................................................. 19

*In re Equity Funding Corp. of Am. Sec. Litig.*,
   438 F. Supp. 1303 (C.D. Cal. 1977) ............................................................................ 13

*In re Gen. Instrument Sec. Litig.*,
   209 F. Supp. 2d 423 (E.D. Pa. 2001) ........................................................................... 12

*In re Heritage Bond Litig.*,
   2005 WL 1594389 (C.D. Cal. June 10, 2005) ..................................................... 9, 12, 16

*In re Heritage Bond Litig.*,
   2005 WL 1594403 (C.D. Cal. June 10, 2005) .............................................................. 12

*In re Heritage Bond Litig.*,
   233 F. App'x 627 (9th Cir. 2007) .................................................................................. 4

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
   2014 WL 6473044 (S.D. Cal. Nov. 18, 2014) .............................................................. 17

*In re Ikon Off. Sols., Inc. Sec. Litig.*,
   194 F.R.D. 166 (E.D. Pa. 2000) ................................................................................... 10

*In re Immune Response Sec. Litig.*,
   497 F. Supp. 2d 1166 (S.D. Cal. 2007) .................................................................... 8, 12

*In re JDS Uniphase Corp. Sec. Litig.*,
   2007 WL 4788556 (N.D. Cal. Nov. 27, 2007) .............................................................. 11

*In re Lidoderm Antitrust Litig.*,
   2018 WL 4620695 (N.D. Cal. Sept. 20, 2018) .............................................................. 9

*In re Magsafe Apple Power Adapter Litig.*,
   2015 WL 428105 (N.D. Cal. Jan. 30, 2015) ................................................................ 18

*In re Media Vision Tech. Sec. Lit.*,
   913 F. Supp. 1362 (N.D. Cal. 1996) ............................................................................ 17

iii

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF
EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

*In re OmniVision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ................................................................................*passim*

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) ...................................................................................................... 17

*In re Pub. Serv. Co. of N.M.*,
    1992 WL 278452 (S.D. Cal. July 28, 1992) ................................................................................ 13

*In re Restoration Robotics, Inc. Sec. Litig.*,
    2021 WL 4124089 (N.D. Cal. Sept. 9, 2021) .............................................................................. 19

*In re Telik, Inc. Sec. Litig.*,
    576 F. Supp. 2d 570 (S.D.N.Y. 2008) ........................................................................................... 5

*In re Tripath Tech., Inc., Sec. Litig.*,
    2006 WL 1009228 (N.D. Cal. Apr. 18, 2006) ............................................................................. 18

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
    2017 WL 1047834 (N.D. Cal. Mar. 17, 2017) ............................................................................ 15

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ................................................................................................*passim*

*Kanawi v. Bechtel Corp.*,
    2011 WL 782244 (N.D. Cal. Mar. 1, 2011) ................................................................................ 19

*Kelly v. Wengler*,
    822 F.3d 1085 (9th Cir. 2016) .................................................................................................... 15

*Knight v. Red Door Salons, Inc.*,
    2009 WL 248367 (N.D. Cal. Feb. 2, 2009) .............................................................................. 6, 12

*Milligan v. Toyota Motor Sales, U.S.A., Inc.*,
    2012 WL 10277179 (N.D. Cal. Jan. 6, 2012) ............................................................................. 17

*Missouri v. Jenkins by Agyei*,
    491 U.S. 274 (1989) .................................................................................................................... 15

*Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*,
    2009 WL 9100391 (C.D. Cal. June 24, 2009) .............................................................................. 6

*Nunez v. BAE Sys. San Diego Ship Repair Inc.*,
    292 F. Supp. 3d 1018 (S.D. Cal. 2017) ....................................................................................... 19

*Patel v. Trans Union, LLC*,
    2018 WL 1258194 (N.D. Cal. Mar. 11, 2018) ............................................................................ 15

iv

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF
EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

*Powers v. Eichen*,
229 F.3d 1249 (9th Cir. 2000) ................................................................................................. 6

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ................................................................................................ 18

*Romero v. Producers Dairy Foods, Inc.*,
2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) ........................................................................ 6

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
904 F.2d 1301 (9th Cir. 1990) ............................................................................................... 5

*Stanger v. China Elec. Motor, Inc.*,
812 F.3d 734 (9th Cir. 2016) ..................................................................................... 7, 11, 14

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ................................................................................................ 18

*Thomas v. MagnaChip Semiconductor Corp.*,
2018 WL 2234598 (N.D. Cal. May 15, 2018) ...................................................................... 19

*Torrisi v. Tucson Elec. Power Co.*,
8 F.3d 1370 (9th Cir. 1993) ................................................................................................... 5

*Vincent v. Hughes Air West, Inc.*,
557 F.2d 759 (9th Cir. 1977) ................................................................................................. 4

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002) ......................................................................................*passim*

*Wehlage v. Evergreen at Arvin LLC*,
2012 WL 4755371 (N.D. Cal. Oct. 4, 2012) ........................................................................ 19

*Wong v. Arlo Techs., Inc.*,
2021 WL 1531171 (N.D. Cal. Apr. 19, 2021) ...................................................................... 15

## Statutes

15 U.S.C.A. §77z-1 .................................................................................................................... 5

15 U.S.C.A. §78u-4 ................................................................................................... 4, 5, 18, 20

## Rules

Fed. R. Civ. P. 23 .................................................................................................................. 1, 4

## Other Authorities

4 Newberg and Conte, Newberg on Class Actions §14.6 (4th ed. 2007) ................................. 6

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

7B Charles A. Wright, Arthur R. Miller & Mary Kay Kane,
Federal Practice and Procedure §1803 (3d ed.), Westlaw (database updated Apr. 2023) .................. 4

Richard Posner, Economic Analysis of Law §21.9 (3d ed. 1986) ........................................................ 11

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF
EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

Lead Plaintiff Tyler Hardy and Plaintiff Danny Rochefort (together "Plaintiffs") individually and on behalf of all other members of the Settlement Class, respectfully move this Court, pursuant to Fed. R. Civ. P. 23(e), for an order: (1) granting an award of attorneys' fees equaling 33.4% of the $2,500,000 Settlement Fund, or $835,000, plus any interest earned on this amount at the same rate and for the same period as earned by the Settlement Fund; (2) granting reimbursement of $120,456.77 in reasonable and necessary expenses that were incurred by Class Counsel in prosecuting this Action, plus any interest earned on this amount at the same rate and for the same period as earned by the Settlement Fund; and (3) granting compensatory awards in the amount of $2,500 each ($5,000 in total) to Plaintiffs. (Unless otherwise defined, capitalized terms herein have the same meanings as assigned in the Amended Stipulation and Agreement of Settlement, dated August 30, 2023 (the "Amended Stipulation") (ECF No. 82-1).)

**INTRODUCTION**

Class Counsel began prosecuting this action over a year ago on an entirely contingent basis. There was no companion government case and no guarantee of a successful resolution. Class Counsel advanced $120,456.77 in expenses with no guarantee of reimbursement. After over a year and 1,805.85 hours in time, Class Counsel obtained a Settlement for a gross recovery of $2.5 million in cash—an excellent benefit for the Settlement Class, particularly given the difficulties of proving Plaintiffs' case at trial, the substantial risk that Embark might dissolve during the pendency of this suit, and the risk that Embark lacked the capacity to pay the estimated $230.3 million in aggregate damages were Plaintiffs to prevail at trial.

As compensation for their efforts, Class Counsel respectfully requests an award of attorneys' fees in the amount of 33.4% of the gross Settlement Fund (or $835,000), plus any interest earned on this amount at the same rate and for the same period as earned by the Settlement Fund. *See* Declaration of

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

Brenda Szydlo, dated November 30, 2023 ("Szydlo Decl.") ¶7. This requested fee award is reasonable under the percentage-of-recovery method favored in the Ninth Circuit for common-fund cases, is consistent with the range typically awarded in similar cases in the Ninth Circuit, and is justified by a lodestar cross-check.

Class Counsel also seeks reimbursement of the out-of-pocket expenses incurred in prosecuting these claims in the total amount of $120,456.77, plus any interest earned on this amount at the same rate and for the same period as earned by the Settlement Fund. *Id.* ¶4, Ex. C. The expenses are reasonable, were necessarily incurred as part of the successful prosecution of this Action, and are of the kind regularly reimbursed by courts within this Circuit. Significantly, the requested expenses are almost $20,000 less than the $140,000 expense figure reported in the Notice. ECF No. 87-1, at 2.

Additionally, Plaintiffs seek compensatory awards in the amount of $2,500 each ($5,000 in total) for their personal time and effort dedicated to prosecuting this Action, including reviewing filings in this Action and documents related to this proposed Settlement; overseeing Class Counsel through periodic communications, and conferring with Class Counsel about whether to agree to the Settlement and approving  the Settlement. *See* Szydlo Decl. ¶¶22-23; *id.* Ex. G. (Declaration of Tyler Hardy, dated November 20, 2023 ("Hardy Decl.")) ¶¶5, 9; *id.* Ex. H (Declaration of Danny Rochefort, dated November 20, 2023 ("Rochefort Decl.")) ¶¶5, 9. Here, too, potential compensatory awards of up to $5,000 in total were publicized in the Notice. ECF No. 87-1, at 10.

Class Counsel respectfully submits that the requested attorneys' fees and expenses are fair and reasonable under applicable legal standards, especially in light of the contingency risk undertaken, and should be awarded by the Court along with compensatory awards to Plaintiffs.

Pursuant to the Preliminary Approval Order (ECF No. 91), copies of the long-form Notice were disseminated to potential Settlement Class Members and nominees. *See* Szydlo Decl. Ex. I

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

(Supplemental Declaration of Josephine Bravata Concerning: (a) Mailing of the Long Notice and Claim Form; (b) Report on Requests for Exclusion and Objections; and (c) Claims Received to Date, dated November 29, 2023) ¶¶4-6. The Notice stated that Class Counsel would seek an award of attorneys' fees of up to 33.4% of the Settlement, reimbursement of up to $140,000 in litigation expenses, and compensatory awards of up to $5,000 ($2,500 each) to Plaintiffs. ECF No. 87-1, at 2. While the deadline for filing an objection to Plaintiffs' request for attorneys' fees, litigation expenses and compensatory awards to Plaintiffs is December 22, 2023, to date, no Settlement Class Member has filed an objection to these requests. This overwhelmingly favorable response by the Settlement Class to date strongly supports the reasonableness of the requested fee award, reimbursement of expenses, and compensatory awards.

Thus, Plaintiffs and Class Counsel respectfully request that the Court grant this Motion.

## **BACKGROUND**

The relevant facts along with the procedural history and settlement negotiations will be explained in detail in the forthcoming Final Approval Motion under the heading "Factual and Procedural Background." *See* Northern District of California's Procedural Guidance for Class Action Settlements ("N.D. Cal. Guidance"), available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/ (last modified Aug. 4, 2022) ("If the plaintiffs choose to file two separate motions, they should not repeat the case history and background facts in both motions. The motion for attorneys' fees should refer to the history and facts set out in the motion for final approval.").

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

**ARGUMENT**

**I.    CLASS COUNSEL SHOULD BE AWARDED ATTORNEYS' FEES OF 33.4% OF THE SETTLEMENT AMOUNT FROM THE COMMON FUND**

It has long been recognized in this Circuit that "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). "The court's authority to reimburse the representative parties . . . for their attorney fees stems from the fact that the class-action device is a creature of equity and the allowance of attorney-related costs is considered part of the historic equity power of the federal courts." 7B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1803 (3d ed.), Westlaw (database updated Apr. 2023). The policy rationale for awarding attorneys' fees from the common fund is that "those who benefit[] from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*"). The 33.4% fee requested here is appropriate given Ninth Circuit precedent and will fairly compensate counsel for the risks undertaken in this action. *See* Szydlo Decl. Ex. E (collecting Ninth Circuit cases where 33% or higher fee awards were granted in complex, contingent litigations). The lodestar crosscheck confirms the fairness of the requested fee, as the multiplier amounts to a negative number.

**A.    It Is Appropriate to Award a Reasonable Percentage of the Common Fund as Attorneys' Fees**

Under applicable standards, an attorney fee award must be reasonable. *See* 15 U.S.C. §78u-4(b); Fed. R. Civ. P. 23(h) ("[T]he court may award reasonable attorney[s'] fees and nontaxable costs . . . ."); *In re Heritage Bond Litig.*, 233 F. App'x 627, 631 (9th Cir. 2007). For its effort in creating a common

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

fund for the benefit of the Settlement Class, Class Counsel seeks a fee of 33.4% of the gross Settlement Fund ($835,000), plus any interest earned on this amount.

Ample precedent supports Class Counsel's request for a percentage of the Settlement Fund. In *Blum v. Stenson*, the Supreme Court recognized that under the "common fund doctrine" a reasonable fee may be based "on a percentage of the fund bestowed to the class." 465 U.S. 886, 900 n.16 (1984). The Ninth Circuit has expressly approved the use of the percentage of recovery method in common fund cases. *See*, *e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("we have allowed courts to award attorneys a percentage of the common fund" in common fund settlements); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993); *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). In fact, the percentage method "appears to be dominant." *In re OmniVision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008).

Moreover, using the percentage method is proper in securities fraud cases. The plain language of the PSLRA states that class counsel is entitled to attorneys' fees that represent a "reasonable percentage" of the damages recovered by the class. *See* 15 U.S.C.A. §78u-4(a)(6); 15 U.S.C.A. §77z-1(a)(6). "By using this language, 'Congress plainly contemplated that percentage-of-recovery would be the primary measure of attorneys' fees awards in federal securities class actions.'" *In re Am. Apparel, Inc. S'holder Litig.*, 2014 WL 10212865, at *20 (C.D. Cal. July 28, 2014) (quoting *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 586 (S.D.N.Y. 2008)); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 188 n.7 (3d Cir. 2005) ("[T]he PSLRA has made percentage-of recovery the standard for determining whether attorney's fees are reasonable.").

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

**B.     The Requested Attorneys' Fees Are Reasonable When Viewed Against Ninth Circuit Norms**

The Settlement Fund consists of $2,500,000 in cash. The instant request for a 33.4% attorneys' fee is equal to $835,000 and is well within the range of such fees awarded under similar circumstances and by judges in this District and Circuit. *See* Szydlo Decl. Ex. E (collecting Ninth Circuit cases with 33% or higher fee awards in complex, contingent litigation).

The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33.3% of the total settlement value, with 25% considered something of a benchmark. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *see also Bluetooth*, 654 F.3d at 943. However, as noted by courts in this Circuit, in "most common fund cases, the award exceeds that [25%] benchmark." *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009). However, "a reasonable fee award is the hallmark of common fund cases" and the guiding principle in this Circuit is that a fee award be "reasonable under the circumstances." *WPPSS*, 19 F.3d at 1295 n.2 (citation omitted). As applied, this means that "in most common fund cases, the award exceeds that [25%] benchmark." *OmniVision*, 559 F. Supp. 2d at 1047; *see also Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*, 2009 WL 9100391, at *4 (C.D. Cal. June 24, 2009) (reviewing empirical research and stating "[n]ationally, the average percentage of the fund award in class actions is approximately one-third"); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841, at *4 (E.D. Cal. Nov. 14, 2007) (approving a fee award of 33% of the common fund, and stating "'[e]mpirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery'") (quoting 4 Newberg and Conte, Newberg on Class Actions §14.6 (4th ed. 2007)).

In view of the result obtained, the contingent fee risk, the number of hours dedicated to the matter by Class Counsel, the financial commitment of Class Counsel, and the important public policy advanced

6

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

by securities litigation such as this, it is respectfully submitted than an award of 33.4% of the recovery obtained for the Class is appropriate. *See*, *e.g.*, *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016) ("Risk multipliers incentivize attorneys to represent class clients, who might otherwise be denied access to counsel, on a contingency basis. This incentive is especially important in securities cases."). Moreover, the requested fee award is consistent with recently granted attorneys' fee awards in similarly complex, contingent litigations in the Ninth Circuit. *See* Szydlo Decl. Ex. E (collecting Ninth Circuit cases with 33% or higher fee awards in complex, contingent litigations).

Accordingly, Class Counsel's request for a 33.4% fee award is in line with other comparable complex cases and should be approved.

**C.      Relevant Ninth Circuit Factors Support the Requested Fee Award**

Relevant factors in assessing whether the requested fee percentage is appropriate include: (1) the results for the class; (2) the risks for its counsel, (3) whether the fee is within the range typically associated with cases of a similar kind; (4) the burden on plaintiffs' counsel of prosecuting the case, and (5) the difficulty of the questions presented. *See Vizcaino*, 290 F.3d at 1048-50. Here, the requested fee percentage is reasonable in light of these factors and a lodestar cross-check.

Class Counsel aggressively prosecuted this Action with no guarantee of receiving any remuneration. Throughout this litigation, Class Counsel has been aware of numerous risks, including the difficulty of surviving Defendants' motion to dismiss and the difficulty of proving key elements at trial, and/or on appeal, including materially false or misleading statements, Section 11 tracing, and damages.

In the face of all of these challenges, Class Counsel expended 1,805.85 hours in professional services (*see* Szydlo Decl. Exs. A, B) and incurred $120,456.77 in out-of-pocket expenses (*see id.* Ex. D) in its efforts to litigate this Action and secure and advance the Settlement, without any compensation

7

or reimbursement of their expenses. *See* Szydlo Decl. ¶¶16, 19. An attorney fee award of 33.4% is particularly justified here given the recovery of $2,500,000 obtained despite the various obstacles discussed herein. *Id.* ¶11. Accordingly, the favorable result under the circumstances, combined with the substantial risks faced by Plaintiffs and Class Counsel, and the other factors cited herein, support the requested attorneys' fee of 33.4% of the Settlement amount.

### 1.    Class Counsel Achieved a Favorable Result for the Settlement Class

Courts have recognized that the result achieved is an important factor to be considered in making a fee award. *See Vizcaino*, 290 F.3d at 1048; *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1175 (S.D. Cal. 2007). Here, the Settlement Fund for the Settlement consists of $2,500,000 in cash.

Notably, recovery of potentially higher damages would have depended on overcoming Defendants' motion to dismiss. Plaintiffs would then have had to seek class certification, prevail at trial, survive any appeals, and then attempt to collect from Defendants. *See* Szydlo Decl. ¶11. By resolving this Action now, Plaintiffs and Class Counsel secured a certain and favorable recovery for the Settlement Class while avoiding these risks. *Id.* ¶8. Under any measure, this result is reasonable and supports the requested fee award. Indeed, fees representing a similar percentage as requested here have been awarded by courts, including those within the Ninth Circuit, in comparably sized (and even considerably larger) class action settlements. *See id.* Ex. E (collecting Ninth Circuit cases with 33% or higher fee awards in complex, contingent litigation); *see also Vizcaino*, 290 F.3d at 1052 (listing settlement amounts and percentage fee awards in "megafund" cases with settlements over $50 million, in which the three smallest securities settlements had fee awards ranging from 27.5% to 37.1%).

### 2.    The Risks of Litigation Were High

Class Counsel undertook this litigation with substantial risk that they might not obtain any recovery for Plaintiffs and the Settlement Class, a significant factor in the award of fees. *See Omnivision*,

559 F. Supp. 2d at 1047; *WPPSS*, 19 F.3d at 1299-301. As endorsed by the Ninth Circuit, the risk of litigation is an important, if not the foremost, factor in determining the attorneys' percentage fee award. *See Vizcaino*, 290 F.3d at 1048 (finding that courts must take into account that the case is "fraught with risk and recovery [is] far from certain") (citation omitted); *see also Am. Apparel*, 2014 WL 10212865, at *21 ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award.") (citation omitted). Here, there was no parallel government action, making the contingent risk even higher. *In re Lidoderm Antitrust Litig.*, 2018 WL 4620695, at *3 (N.D. Cal. Sept. 20, 2018) (holding that "class counsel undert[aking] this matter on an entirely contingent fee basis with no apparently actively litigated, parallel government litigation" "weigh[s] in favor of a fee award of one-third of the settlements"). Moreover, Embark was moving toward a total company shutdown after running out of money to get to commercial production. ECF No. 82, ¶6 ("Declaration of Brenda Szydlo in Further Support of Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement" or "Prelim. Approval Szydlo Decl."). Embark's financial problems raised serious concerns about the pre-revenue-Company's potential dissolution during the pendency of this Action. *Id*. ¶7. There was also substantial risk that the Company would go bankrupt if Plaintiff succeeded at trial and were able to prove the $230.3 million in estimated aggregate damages. *Id.* These risk factors weigh in favor of the requested fee award.

Additionally, courts nationwide have long recognized that the risk of no recovery is substantially increased in securities class actions, which are notoriously complex and difficult to both plead and prove. *See*, *e.g.*, *In re BP p.l.c. Sec. Litig.*, 852 F. Supp. 2d 767, 820 (S.D. Tex. 2012) ("[F]ederal legislation and authoritative precedents have created for plaintiffs in all securities actions formidable challenges to successful pleading."); *In re Heritage Bond Litig.*, 2005 WL 1594389, at *12-13 (C.D. Cal. June 10, 2005) ("*Heritage I*") (class actions, and particularly securities class actions, typically involve substantial

9

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

complexity); *In re Ikon Off. Sols., Inc. Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("[S]ecurities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA.").

This litigation was no different. Class Counsel undertook a comprehensive investigation including interviews with former Embark employees and/or consultants; detailed reviews of Embark's public filings, annual reports, press releases, and other publicly available information, including information related to Embark's financial position as disclosed in the Company's Form 10-Qs and Form 10-K filed with the SEC; review of articles relating to Embark; research of the applicable law with respect to the claims asserted in the two complaints filed in this litigation and the potential defenses thereto, in addition to relevant accounting and SEC guidance; consultations with experts; and the preparation of the Complaint and the Amended Complaint. Szydlo Decl. ¶11.

Additionally, Class Counsel navigated the challenging terrain of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act") by asserting claims under Sections 11 and 15 of the Securities Act and 14 and 20 of the Exchange Act in the detailed Amended Complaint; and thereafter engaged in a hard-fought battle over Defendants' motion to dismiss, which included oral argument. *Id.* This was all before devoting the substantial time and resources needed to negotiate, secure, prepare, and seek approval by the Court of the Settlement. *Id.* Even assuming Plaintiffs could have successfully overcome Defendants' motion to dismiss, Class Counsel anticipated that discovery and trial would have been highly contested. *Id.* Plaintiffs would then have been required to successfully overcome likely post-trial appeals. *Id.*

In sum, the obstacles faced by Plaintiffs and Class Counsel in seeking to recover against the Defendants in this securities class action were significant, particularly given the strict pleading requirements of the Securities Act and Exchange Act and the applicable proof requirements during the later stages of the case, including on appeal.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

### 3.    The Contingent Nature of the Fee and the Financial Burden Carried By Counsel

A determination of a fair fee must include consideration of its contingent nature. It is "an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases." *WPPSS*, 19 F.3d at 1299 (citing Richard Posner, Economic Analysis of Law §21.9, at 534-35 (3d ed. 1986)). In fact, contingent fees that may far exceed the market value of the services, if rendered on a non-contingent basis, are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis, regardless of whether they win or lose. *Id.*; *Stanger*, 812 F.3d at 741 ("Risk multipliers incentivize attorneys to represent class clients, who might otherwise be denied access to counsel, on a contingency basis."). Courts have consistently recognized that the risk of receiving little or no recovery is a factor in considering an award of attorneys' fees. *Vizcaino*, 290 F.3d at 1050.

The contingent nature of the fee supports a 33.4% award. Class Counsel made a substantial outlay of both time and money (*see* Szydlo Decl. Exs. A, D) in this case pursuing the claims at issue, resources that could have been devoted to the prosecution of other matters, while facing the very real risk of no recovery. *See* Szydlo Decl. ¶8. Many securities cases have been lost at trial, on post-trial motions, or on appeal. For example, in *In re JDS Uniphase Corp. Sec. Litig.*, 2007 WL 4788556 (N.D. Cal. Nov. 27, 2007), a securities class action litigated in this District, the jury issued a verdict in favor of defendants after years of litigation. In *Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713 (11th Cir. 2012), the jury issued a verdict on liability in favor of plaintiffs, but the Eleventh Circuit affirmed judgment as a matter of law against the plaintiffs for lack of proof of loss causation. In *Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990), the class won a $38 million jury verdict and defendants'

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

motion for judgment notwithstanding the verdict was denied; however, on appeal, the judgment was reversed and the case dismissed after ten years of litigation.

Class Counsel has received no compensation since this Action was filed approximately 20 months ago and has incurred significant litigation expenses for the benefit of the Settlement Class. Although reimbursement was not assured, Class Counsel advanced $120,456.77 in expenses to date for the benefit of the Settlement Class. *See* Szydlo Decl. Ex. D. Any fee award or expense reimbursement to Class Counsel has always been at risk and completely contingent both on the result achieved and on this Court's exercise of discretion in making the award. Thus, this factor militates in favor of the Court granting Class Counsel's requested award of attorneys' fees and reimbursement of out-of-pocket expenses. *See In re Heritage Bond Litig.*, 2005 WL 1594403, at \*21 (C.D. Cal. June 10, 2005) (recognizing the risk of non-payment or reimbursement of expenses as a factor weighing strongly in favor of counsel's requested fee award); *see also Vizcaino*, 290 F.3d at 1050; *Omnivision*, 559 F. Supp. 2d at 1046-47; *Immune Response*, 497 F. Supp. 2d at 1175-76.

### 4.     The Skill Required and the Quality of the Work

The "prosecution and management of a complex [ ] class action requires unique legal skills and abilities" that are to be considered when evaluating fees. *Omnivision*, 559 F. Supp. 2d at 1047 (citation omitted); *Knight*, 2009 WL 248367, at \*6 (same). Here, the quality of Class Counsel's work on this case is reflected in the recovery obtained, and the complex factual landscape under which it was obtained, including the Company's potential dissolution during the pendency of this Action and Defendants' unresolved motion to dismiss.

"The experience of counsel is also a factor in determining the appropriate fee award." *Heritage I*, 2005 WL 1594389, at \*12 (citing *In re Gen. Instrument Sec. Litig.*, 209 F. Supp. 2d 423, 432-33 (E.D. Pa. 2001)) (where "the court justified its fee award of one-third of a common fund based in part on the

experience of counsel in litigating securities class actions"); *In re Pub. Serv. Co. of N.M.*, 1992 WL 278452, at *8 (S.D. Cal. July 28, 1992) (finding counsel's experience in complex class actions weighed in favor of fee award of one-third of common fund). Pomerantz LLP's attorneys are experienced and skilled practitioners in the securities litigation field. *See* Szydlo Decl. ¶9, Ex. F (Pomerantz LLP's firm resume). Throughout the conduct of this litigation, Class Counsel demonstrated considerable skill in drafting and filing the Amended Complaint after an extensive investigation, opposing Defendants' motion to dismiss, and negotiating a favorable settlement at a time when Embark was facing potential dissolution due to a lack of funds. Szydlo Decl. ¶¶11-12; Prelim. Approval Szydlo Decl. ¶7. The skill demonstrated by Class Counsel supports the requested fee.

"The difficulty of securities litigation generally – particularly the challenges presented by the PSLRA's pleading requirements – requires skilled counsel familiar with the relevant statutes and case law." *Am. Apparel*, 2014 WL 10212865, at *22. Given the complexity of the issues presented in this Action—which include, for example, Section 11 tracing requirements and whether Defendants made any actionable misstatements—only skilled counsel who applied themselves diligently could have obtained such a favorable recovery. It is important to reward skilled counsel for pursuing difficult cases because "the stated goal in percentage fee-award cases [is] ensuring that competent counsel continue to be willing to undertake risky, complex, and novel litigation." *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 198 (3d Cir. 2000) (citation and internal quotation marks omitted).

The quality and vigor of opposing counsel is relevant in evaluating the services rendered by Class Counsel. *See*, *e.g.*, *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *17 (N.D. Cal. Feb. 11, 2016); *Am. Apparel*, 2014 WL 10212865, at *22; *In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977). Here, defense counsel are prominent and highly-skilled attorneys from

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

WilmerHale with substantial experience in defending securities class actions, who vigorously defended this Action and provided top-tier legal services to their clients. Szydlo Decl. ¶12.

### 5.    A Lodestar Cross-Check Shows the Fee Request Is Reasonable

As a "cross-check" on the reasonableness of a requested fee award, courts often compare counsel's "lodestar" (a compilation of the hours performed at the various rates charged for the professionals providing the services) with the fee request made under the percentage-of-the-fund method. *See, e.g., Vizcaino*, 290 F.3d at 1050; *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002). "[T]he lodestar calculation can be helpful in suggesting a higher percentage when litigation has been protracted . . . [and] may provide a useful perspective on the reasonableness of a given percentage award." *Vizcaino*, 290 F.3d at 1050.

Significantly, in securities class actions it is common for lodestar figures to be adjusted upward by a sizeable multiplier to reflect a variety of factors, including the complexity of the case and the risks assumed by counsel. For example, the court in *Vizcaino* approved a fee representing a multiplier of 3.65 times counsel's lodestar. *Id.* at 1051-52 (listing twenty-four shareholder settlements and the multipliers for each in which the average multiplier is 3.28); *id.* at 1051 (citing *WPPSS*, 19 F.3d at 1300 for the proposition that "courts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases"). Indeed, the Ninth Circuit has recognized that the "[risk multiplier] incentive is especially important in securities cases." *Stanger*, 812 F.3d at 741.

The lodestar that Class Counsel has incurred from inception until October 6, 2023, is $1,359,589.50, which includes 1,805.85 hours. *See* Szydlo Decl. ¶16, Exs. A, B. Class Counsel's lodestar does not include: (i) the time of any attorney or staff member who billed less than ten (10) hours in connection with this Action; (ii) the additional time and effort that Class Counsel will continue to devote to the case on behalf of the Settlement Class by, for example, directing the claims administration

process and final distribution; (iii) the time spent preparing this Motion; and (iv) the time that will be spent by Class Counsel preparing the Final Approval Motion (which would typically be included in Pomerantz's lodestar). *Id.* In accordance with N.D. Cal. Guidance, the Szydlo Declaration adequately details "the number of hours spent on various categories of activities related to the action by each biller, together with hourly billing rate information." N.D. Cal. Guidance, Final Approval, ¶2 (Attorneys' Fees).

Class Counsel's current rates range from $900 for partners, and $450-$550 for associates. *See* Szydlo Decl. ¶18, Ex. A. The "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation[.]" *Camancho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (internal quotation marks and citation omitted); *see* Szydlo Decl. Ex. C (chart of rates charged by peer plaintiff and defense counsel in complex litigation); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving fee award following lodestar cross-check with billing rates ranging from $275 to $1600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals). Moreover, the Supreme Court and other courts have held that the use of current rates is proper since such rates compensate for inflation and the loss of use of funds. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283-84 (1989); *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community.") (citation and internal quotation marks omitted); *Patel v. Trans Union, LLC*, 2018 WL 1258194, at *7 (N.D. Cal. Mar. 11, 2018) (San Francisco market rates were "appropriate given the deferred and contingent nature of counsel's compensation").

The requested 33.4% fee amounts to a negative multiplier of 0.61 and is unquestionably reasonable when compared to frequently awarded multipliers in cases from this Circuit. *See Wong v.*

15

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

*Arlo Techs., Inc.*, 2021 WL 1531171, at *11 (N.D. Cal. Apr. 19, 2021) ("[A] multiplier below 1.0 is below the range typically awarded by courts and is presumptively reasonable."); *Destefano*, 2016 WL 537946, at *21 ("In securities class actions in particular, courts have applied multipliers ranging from 1.25 up to 4.") (collecting cases). Therefore, the lodestar cross-check confirms that the fee requested by Counsel is very fair and reasonable.

### 6.    The Settlement Class's Reaction to the Proposed Fee Request Is Overwhelmingly Positive

Despite wide dissemination of the Notice to the Settlement Class, which included (i) the mailing of 1,714 Notice Packets by SCS; (ii) SCS sending 4,028 emails with the direct link to the Notice Packet; (iii) a nominee mailing 40 Notice Packets to its clients; (iv) a nominee emailing 3,754 of its clients a direct link to the Notice Packet on the settlement website; (v) SCS sending the Depository Trust Company ("DTC") the Notice Packet for the DTC to publish on its Legal Notice System (vi) and the publication of the summary notice, there are no objections, to date, to the requested 33.4% fee award. Szydlo Decl. Ex. I (Bravata Decl.) ¶¶4-6. Courts have recognized that "[t]he presence or absence of objections from the class is also a factor in determining the proper fee award." *Heritage I*, 2005 WL 1594389, at *15-16 (holding that "the lack of significant objections to the requested fees justifies an award of one-third of the Settlement Fund[,]" particularly where the number of objections to the fee was "remarkably small given the wide dissemination of notice"); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 149 (E.D. Pa. 2000) (filing of only one objection despite mailed notices to over 5,250 potential class members "weighs in favor of approving the fee petition").

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

## II.     CLASS COUNSEL'S EXPENSES SHOULD BE AWARDED AS REASONABLE AND NECESSARY

Class Counsel incurred out-of-pocket expenses of $120,456.77 in prosecuting this Action. Szydlo Decl. ¶19, Ex. D (table reflecting summary of expenses). Such litigation expenses consist primarily of necessary expert fees, investigation expenses, research costs, travel expenses, press releases and newswires, and expenses associated with necessary court filings. *See* Szydlo Decl. Ex. D.

Traditionally, Ninth Circuit "courts have awarded expenses from the litigation, in addition to a percentage of the fund." *In re Businessland Sec. Litig.*, 1991 WL 427887, at \*2 (N.D. Cal. June 14, 1991); *see*, *e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 953 (9th Cir. 2015) ("[L]itigation expenses make the entire action possible."). It is well-established that counsel who create a common fund are entitled to the reimbursement of expenses that they advanced for the benefit of the class. *Chang v. Wells Fargo Bank, N.A.*, 2023 WL 6961555, at \*7 (N.D. Cal. Oct. 19, 2023) ("Class Counsel is also entitled to recover 'those out-of-pocket expenses that would normally be charged to a fee paying client.'") (quoting *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)); *see also Omnivision*, 559 F. Supp. 2d at 1048 ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.").

Courts within this Circuit, including this District, have granted requests for reimbursement of expenses, such as the one here. Counsel's expenses, which included "filing fees, photocopies, postage, … computer research, … and travel" fall squarely within "the types of expenses routinely charged to paying clients." *In re Hydroxycut Mktg. & Sales Practices Litig.*, 2014 WL 6473044, at \*10 (S.D. Cal. Nov. 18, 2014) (citing *In re Media Vision Tech. Sec. Lit.*, 913 F. Supp. 1362, 1367-72 (N.D. Cal. 1996)); *Milligan v. Toyota Motor Sales, U.S.A., Inc.*, 2012 WL 10277179, at \*9 (N.D. Cal. Jan. 6, 2012) (granting request for expenses which included filing fees; copying, mailing, faxing and serving

17

documents; conducting computer research; travel to hearings and expert fees); *see also In re Magsafe Apple Power Adapter Litig.*, 2015 WL 428105, at *15 (N.D. Cal. Jan. 30, 2015) (approving request of $100,000 in expenses that included "cost of experts and consultants, computerized research such as the use of Lexis and Westlaw, travel expenses such as airfare, meals, lodging and transportation, and costs such as photocopies, postage, filing fees, and telephone charges").

Additionally, to date, there are no objections to Class Counsel's request for reimbursement of litigation expenses which supports approval. *See* Szydlo Decl. Ex. I (Bravata Decl.) ¶10; *see In re Tripath Tech., Inc., Sec. Litig.*, 2006 WL 1009228, at *4-5 (N.D. Cal. Apr. 18, 2006) (finding that no objections to counsel's request for reimbursement of expenses supported approval).

## III.    THE REQUESTED AWARDS TO PLAINTIFFS SHOULD BE APPROVED

Plaintiffs Hardy and Rochefort also request that the Court award each of them $2,500 for their representation of the Settlement Class. Szydlo Decl. Ex. G (Hardy Decl.) ¶¶9-11; *id.* Ex. H (Rochefort Decl.) ¶¶9-11. The PSLRA allows for reimbursements to representative plaintiffs in securities class actions for "reasonable costs and expenses (including lost wages) directly relating to the representation of the class." 15 U.S.C. §78u-4(a)(4); *see Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009); *Staton v. Boeing Co.*, 327 F.3d 938, 976-77 (9th Cir. 2003) (approving awards of $5,000 each to two class representatives in a $1.725 million settlement).

Plaintiffs dedicated their personal time and effort to prosecuting the Action. Szydlo Decl. ¶23; *id.* Ex. G (Hardy Decl.) ¶9; *id.* Ex. H (Rochefort Decl.) ¶9. They each submitted a declaration setting forth their participation in this Action, including time (Hardy 17 hours; Rochefort 25 hours) and effort devoted to, among other things, reviewing court filings; providing trading records, providing PSLRA certifications, overseeing the litigation; communicating with Class Counsel about the Action; and considering and approving the Settlement. *See* Szydlo Decl. Ex. G (Hardy Decl.) ¶¶5, 9; *id.* Ex. H

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

(Rochefort Decl.) ¶¶5, 9; N.D. Cal. Guidance, Final Approval, ¶3 (Service Awards). Moreover, both Plaintiffs undertook risks in pursuing these claims when they lent their names to this lawsuit and opened themselves up to public scrutiny. *See*, *e.g.*, *Wehlage v. Evergreen at Arvin LLC*, 2012 WL 4755371, at *5 (N.D. Cal. Oct. 4, 2012) (finding award for plaintiffs was justified because they lent "their names to this case, and thus subject[ed] themselves to public attention"); *In re CenturyLink Sales Pracs. & Sec. Litig.*, 2020 WL 7133805, at *13 (D. Minn. Dec. 4, 2020) (finding award justified because "[c]lass [r]epresentatives participated and willingly took on the responsibility of prosecuting the case and publicly lending their names to this lawsuit, opening themselves up to scrutiny and attention from both the public and media"); Szydlo Decl. (Hardy Decl.) ¶10; *id.* Ex. H (Rochefort Decl.) ¶10.

The requested compensatory awards totaling $5,000 ($2,500 per Plaintiff) are fair and reasonable in comparison to award amounts routinely granted courts in this Circuit. *Thomas v. MagnaChip Semiconductor Corp.*, 2018 WL 2234598, at *4 (N.D. Cal. May 15, 2018) ("An award of $5,000 is 'presumptively reasonable.'") (citation omitted); *Harris v. Vector Mktg. Corp.*, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012) ("as a general matter, $5,000 is a reasonable amount" for compensatory awards); *In re Restoration Robotics, Inc. Sec. Litig.*, 2021 WL 4124089, at *1 (N.D. Cal. Sept. 9, 2021) (awarding $15,000 to plaintiff as incentive award); *Kanawi v. Bechtel Corp.*, 2011 WL 782244, at *3 (N.D. Cal. Mar. 1, 2011) (granting $7,500 incentive awards to each named plaintiff). Additionally, to date, there are no objections to these requested awards to Plaintiffs. Szydlo Decl. Ex. I (Bravata Decl.) ¶10; *see Nunez v. BAE Sys. San Diego Ship Repair Inc.*, 292 F. Supp. 3d 1018, 1059 (S.D. Cal. 2017) ("Finally, and importantly, there have been no Class Member objections to the service award provision, further indicating the reasonableness of a $5,000 total incentive award for the [two] named representatives."); *see also In re ECOtality, Inc. Sec. Litig.*, 2015 WL 5117618, at *2, *5 (N.D. Cal. Aug. 28, 2015) (approving incentive award to plaintiff where no objections had been filed).

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)

## CONCLUSION

For all the reasons stated above and in the accompanying declarations, Plaintiffs respectfully request that the Court (i) award attorneys' fees of 33.4% of the gross Settlement Fund ($835,000) and payment of litigation expenses of $120,456.77, plus interest on both amounts at the same rate and for the same period as earned by the Settlement Fund; and (ii) award each Plaintiff $2,500 in connection with their representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4). To effectuate this relief, Plaintiffs and Class Counsel respectfully submit the Proposed Order filed herewith (*see* Szydlo Decl. Ex. J).

DATED: November 30, 2023

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Brenda Szydlo*
Brenda Szydlo (admitted *pro hac vice*)
Dean Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: bszydlo@pomlaw.com
dferrogari@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorneys for Lead Plaintiff Tyler Hardy, Plaintiff Danny Rochefort, and the Settlement Class*

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS (3:22-cv-02090-JSC)