**POMERANTZ LLP**
Brenda Szydlo (*pro hac vice*)
Dean P. Ferrogari (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: bszydlo@pomlaw.com
dferrogari@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Telephone: (310) 2405-7190
Email: jpafiti@pomlaw.com

*Attorneys for Lead Plaintiff Tyler Hardy,*
*Plaintiff Danny Rochefort, and*
*the Settlement Class*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| TYLER HARDY and DANNY ROCHEFORT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, CHRISTOPHER JARRATT, PAUL DALGLISH, ROBERT SCHAEFER, BRAD SPARKES, ALEX RODRIGUES, and RICHARD HAWWA,<br><br>Defendants. | No. 3:22-cv-02090-JSC<br><br>CLASS ACTION<br><br>**DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS**<br><br>Date:   February 8, 2024<br>Time:   10:00 a.m.<br>Judge:  Hon. Jacqueline Scott Corley<br>Courtroom: Hearing Via Zoom Video |

DECLARATION OF BRENDA SZYDLO - No. 3:22-cv-02090-JSC

Pursuant to 28 U.S.C. §1746, I, BRENDA SZYDLO, hereby declare:

1.    I am an attorney admitted to practice *pro hac vice* in this Court and a Partner at Pomerantz LLP ("Pomerantz"), Class Counsel for Lead Plaintiff Tyler Hardy, Plaintiff Danny Rochefort (collectively, "Plaintiffs"), and the Settlement Class in this litigation ("Action"). (Unless otherwise stated or defined, all capitalized terms used herein have the meanings provided in the Amended Stipulation and Agreement of Settlement (the "Amended Stipulation") dated August 30, 2023 (ECF No. 82-1).)

2.    I have been the lead attorney responsible for the prosecution and resolution of this Action since Pomerantz was appointed Lead Counsel on July 7, 2022. I am familiar with the proceedings in this litigation and have knowledge of the matters set forth herein based upon my involvement in this matter and my supervision of and communications with other lawyers and staff assigned to this case. I believe the information contained herein to be accurate based on information I know, as well as information provided to me by others.

3.    I submit this declaration in support of Plaintiffs' motion for an award of attorneys' fees and litigation expenses, and compensatory awards to Lead Plaintiff Tyler Hardy and Plaintiff Danny Rochefort.

4.    Class Counsel respectfully requests that the Court award 33.4% (or $835,000) of the $2.5 million Settlement Amount in attorneys' fees, and $120,456.77 in litigation expenses, plus any interest earned on these amounts at the same rate and for the same period as that earned on the Settlement Fund until paid. Class Counsel further requests that the Court award Lead Plaintiff Tyler Hardy and Plaintiff Danny Rochefort $2,500 each in connection with their representation of the Class pursuant to 15 U.S.C. § 78u-4(a)(4).

5.    Class Counsel believes that these requests are fair, reasonable, and appropriate.

6.    Below, I have highlighted certain facts that I view as particularly significant to the requested fee and expense awards, and the requested class representative awards.

7.      The Notice informed Settlement Class Members of Class Counsel's intent to apply for an award of attorneys' fees in an amount not to exceed 33.4% of the Settlement Fund (or $835,000), and up to $140,000 in reimbursement for Class Counsel's litigation expenses, plus interest on both amounts. ECF 92-1 (Bravata Decl., dated Oct. 26, 2023, Ex. A (Notice Packet)). As set forth in Plaintiffs' memorandum of points and authorities filed herewith, 33.4% of the common fund that Class Counsel's efforts created falls in line with similar awards that courts in this Circuit have granted.

8.      Class Counsel achieved a favorable result for the Settlement Class at risk and expense to itself. Throughout this litigation, Class Counsel was committed to the interests of the Settlement Class and invested the time and resources necessary to resolve the claims. As a result of this Settlement, Settlement Class Members will receive compensation for their losses and avoid the risk of no recovery at all.

9.      The attorneys at Pomerantz are experienced and skilled practitioners in the securities litigation field. The expertise and experience of Pomerantz is further described in the firm resume attached hereto as Exhibit F.

10.     The arguments and authorities supporting Plaintiffs' requests are set forth in Plaintiffs' memorandum of points and authorities filed herewith. Details concerning the time and resources expended in the investigation, research, and prosecution of this litigation, and additional support for the fees and expenses sought, are set forth herein.

11.     In this Action, Class Counsel (i) conducted a comprehensive investigation which included interviews with former Embark employees and/or consultants, detailed reviews of Embark's SEC filings, press releases, and other publicly available information, including information related to Embark's financial position as disclosed in the Company's Form 10-Qs and Form 10-K filed with the SEC, and a review of articles relating to Embark; (ii) researched the applicable law with respect to the claims asserted in the two complaints filed in this litigation and the potential defenses thereto, in addition to relevant

DECLARATION OF BRENDA SZYDLO - No. 3:22-cv-02090-JSC

accounting and SEC guidance; (iii) had consultations with experts; (iv) prepared and filed the Complaint and the Amended Complaint; (v) engaged in contentious motion practice with respect to Defendants' motion to dismiss; (vi) engaged in arm's-length settlement negotiations; and (vii) devoted substantial time and resources needed to secure, prepare, and seek approval by the Court of the $2.5 million Settlement. Even assuming Plaintiffs could have successfully overcome Defendants' motion to dismiss, Class Counsel anticipated that discovery and trial would have been highly contested. Plaintiffs would then have been required to successfully overcome likely post-trial appeals.

12.    Wilmer Cutler Pickering Hale and Dorr LLP represented Defendants ("WilmerHale"). WilmerHale is a respected defense firm with substantial securities litigation experience and resources. Defendants' counsel zealously advocated for their clients. In the face of this opposition, Plaintiffs and Class Counsel were nevertheless able to develop a case that was sufficiently strong to persuade Defendants to settle it on terms that were favorable to the Settlement Class. This confirms the quality of the Settlement Class's representation in this matter.

13.    The time spent by Class Counsel on this case was at the expense of the time that it could have devoted to other matters.

14.    In addition, the requested fee of 33.4% of the Settlement Amount is consistent with the terms of the retainer agreements between Plaintiffs and Class Counsel.

15.    Moreover, Class Counsel's fee request is in line with other comparable complex-litigation cases. A collection of 56 complex, contingent litigation class actions in the Ninth Circuit granting 33% or higher fee awards is provided in Exhibit E.

16.    With respect to Class Counsel's time, the total number of hours spent on the litigation is 1,805.85, which excludes: (i) the time of any attorney or staff member who billed less than ten (10) hours in connection with this Action; (ii) the additional time and effort that Pomerantz will continue to devote to the case on behalf of the Settlement Class by, for example, directing the claims administration process

and final distribution; (iii) the time spent preparing Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Plaintiffs; and (iv) the time that will be spent preparing the Final Approval Motion, due on January 11, 2024, which Pomerantz would typically include in its lodestar. The lodestar amount for attorney time is $1,359,589.50.

17.     If the requested 33.4% fee were to be granted in full, such award would result in a negative lodestar multiplier of approximately 0.61 on all lodestar time billed to October 6, 2023 – *i.e.*, it would not fully compensate Class Counsel. Attached hereto as Exhibits A and B are summary tables (in aggregate and by task category, respectively) of the hours expended from case inception through October 6, 2023, together with the current hourly rates of all Pomerantz attorneys and staff and lodestar calculations. The Supreme Court and other courts have held that the use of current rates is proper since such rates compensate for inflation and the loss of use of funds. *See Mo. v. Jenkins by Agyei*, 491 U.S. 274, 283-84 (1989).

18.     Class Counsel's requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably compared skill, experience, and reputation. The rates billed by Class Counsel (ranging from $450-$550 per hour for associates, and $900 per hour for partners) are comparable to peer plaintiff and defense firms litigating matters of similar magnitude. A breakdown of reasonably comparable rates, by firm, is provided in the attached Exhibit C.

19.     Additionally, Class Counsel has incurred significant expenses of $120,456.77 in connection with this litigation. This sum is almost $20,000 less than the $140,000 amount set forth in the Notice. Such litigation expenses consist primarily of necessary expert fees, investigation expenses, research costs, travel expenses, press releases and newswires, and expenses associated with necessary court filings. All expenses are summarized in Exhibit D.

20.     The information regarding Class Counsel's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by my firm in the ordinary

DECLARATION OF BRENDA SZYDLO - No. 3:22-cv-02090-JSC

course of business. I am the Partner who oversaw and/or conducted the day-to-day activities in the litigation and I reviewed these reports in connection with the preparation of this declaration. Based on this review, I believe that the time reflected in my firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the litigation.

21.     The deadline for objections is December 22, 2023. To date, there have been no objections to the requested attorneys' fees or reimbursement of expenses.

22.     Class Counsel also requests that the Court award Lead Plaintiff Tyler Hardy and Plaintiff Danny Rochefort $2,500 each in connection with their representation of the Class pursuant to 15 U.S.C. § 78u-4(a)(4). These proposed awards are merited in light of the time and effort spent by Plaintiffs in monitoring counsel and participating in the Action, and are fully consistent with awards in similar cases.

23.     Lead Plaintiff Tyler Hardy and Plaintiff Danny Rochefort willingly took on the responsibility of prosecuting this Action on behalf of the Class and publicly lent their names to this lawsuit, which opened Plaintiffs up to potential scrutiny and attention from both the public and media. Plaintiffs were in contact with me or other Pomerantz attorneys throughout the course of this Action. As stated in their declarations, Plaintiffs reviewed court filings, provided trading records, provided PSLRA certifications, and oversaw the litigation. Moreover, Plaintiffs requested and received updates as to the progress of the litigation and issues of strategy. I consulted with Plaintiffs before and during the settlement discussions, each of whom approved the Settlement before it was finalized.

24.     To date, there have been no objections to the requested compensatory awards to Plaintiffs.

25.     Attached hereto as Exhibit G is a true and correct copy of the Declaration of Tyler Hardy, dated November 20, 2023.

26.     Attached hereto as Exhibit H is a true and correct copy of the Declaration of Danny Rochefort, dated November 20, 2023.

DECLARATION OF BRENDA SZYDLO - No. 3:22-cv-02090-JSC

27.     Attached hereto as Exhibit I is a true and correct copy of the Supplemental Declaration of Josephine Bravata Concerning: (a) Mailing of the Long Notice and Claim Form; (b) Report on Requests for Exclusion and Objections; and (c) Claims Received to Date, dated November 29, 2023.

28.     Attached hereto as Exhibit J is a proposed order.


I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of November, 2023 in New York, New York.


*/s/ Brenda Szydlo*
Brenda Szydlo

DECLARATION OF BRENDA SZYDLO - No. 3:22-cv-02090-JSC