**POMERANTZ LLP**
Brenda Szydlo (admitted *pro hac vice*)
Dean Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: bszydlo@pomlaw.com
dferrogari@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorneys for Lead Plaintiff Tyler Hardy,*
*Plaintiff Danny Rochefort, and*
*the Settlement Class*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| TYLER HARDY and DANNY ROCHEFORT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, CHRISTOPHER JARRATT, PAUL DALGLISH, ROBERT SCHAEFER, BRAD SPARKES, ALEX RODRIGUES, and RICHARD HAWWA, <br><br> Defendants. | No. 3:22-cv-02090-JSC <br><br> <u>CLASS ACTION</u> <br><br> **DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION** <br><br> Date:  February 8, 2024 <br> Time:  9:00 a.m. <br> Judge: Hon. Jacqueline Scott Corley <br> Courtroom: Hearing Via Zoom Video |

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

Pursuant to 28 U.S.C. §1746, I, BRENDA SZYDLO, hereby declare:

1.     I am an attorney admitted to practice *pro hac vice* in this Court and a Partner at Pomerantz LLP ("Pomerantz"), Class Counsel for Lead Plaintiff Tyler Hardy, Plaintiff Danny Rochefort (collectively, "Plaintiffs"), and the Settlement Class in this litigation. Unless otherwise stated or defined, all capitalized terms used herein have the meanings provided in the Amended Stipulation and Agreement of Settlement (the "Amended Stipulation") dated August 30, 2023 (ECF No. 82-1).

2.     I have been the lead attorney responsible for the prosecution and resolution of this Action since Pomerantz was appointed Lead Counsel on July 7, 2022. I am familiar with the proceedings in this litigation and have knowledge of the matters set forth herein based upon my involvement in this matter and my supervision of and communications with other lawyers and staff assigned to this case. I believe the information contained herein to be accurate based on information I know, as well as information provided to me by others.

3.     I submit this declaration in support of Plaintiffs' Motion for Final Approval of Settlement, Class Certification, and Plan of Allocation (the "Final Approval Brief").

4.     Attached hereto are true and correct copies of Exhibits 1 through 2:

**Exhibit 1**: Third Supplemental Declaration of Josephine Bravata Concerning: (a) Mailing of the Long Notice and Claim Form; (b) Report On Requests for Exclusion and Objections; and (c) Claims Received to Date, dated January 11, 2024

**Exhibit 2**: [Proposed] Order and Final Judgment

**RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

5.     On April 1, 2022, a class action complaint was filed in the U.S. District Court for the Northern District of California, styled *Hardy v. Embark Technology, Inc. f/k/a Northern Genesis Acquisition Corp. II et al*, No. 3:22-cv-02090-JSC (N.D. Cal. Apr. 1, 2022) (the "Action").

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

6.     On May 31, 2022, Tyler Hardy and other movants filed motions and supporting papers seeking appointment by the Court to serve as lead plaintiffs under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4. ECF Nos. 6, 10. On July 7, 2022, the Court entered an Order appointing Tyler Hardy to serve as Lead Plaintiff and appointing his choice of counsel, Pomerantz LLP ("Pomerantz"), to serve as Lead Counsel. ECF No. 24.

7.     On August 25, 2022, the Amended Complaint (ECF No. 33) was filed, adding Plaintiff Danny Rochefort to the Action.

8.     On October 24, 2022, certain Defendants moved to dismiss, arguing that the Amended Complaint failed to plead violations of Sections 11 and 15 of the Securities Act and Sections 14(a) and 20(a) of the Exchange Act. ECF No. 36. The remaining Defendants joined the motion to dismiss on January 5, 2023. ECF No. 53. Defendants argued in their motion to dismiss (ECF Nos. 36, 56) that Plaintiffs failed to adequately allege that the Proxy Statement/Prospectus contained materially false and misleading statements because the allegedly misstated or undisclosed facts underlying Plaintiffs' claims were fully disclosed. Defendants also argued that the Section 11 and Section 14(a) claims were premised on statements relating to the exercise of accounting judgment, and thus were opinions subject to the heightened pleading standards set forth in *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pens. Fund*, 575 U.S. 175, 183-85 (2015), and *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615-16 (9th Cir. 2017), and that Plaintiffs' allegations failed to demonstrate that they met those standards. Defendants also argued that Hardy lacked standing to assert a claim under Section 11, and that Plaintiffs failed to sufficiently allege that any defendant acted negligently under Section 14(a). Plaintiffs disagreed with these arguments for the reasons submitted in their opposition brief (ECF No. 54) but understood that, if Defendants succeeded on these arguments, it would preclude recovery on behalf of Plaintiffs and the proposed Settlement Class.

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

9. On March 23, 2023, the Court held a hearing on Defendants' motion to dismiss. At the hearing, the Court focused on Defendants' argument that the alleged misstatements are expressions of opinion, subject to heightened pleading standards under *Omnicare* and *City of Dearborn Heights*. ECF No. 64 at 6-19. The Court also questioned Plaintiffs' counsel regarding the threshold question as to Lead Plaintiff Hardy's ability to trace his shares to the challenged registration statement, which was a potentially dispositive argument with respect to Mr. Hardy's Section 11 claim. *Id.* at 24-35. Following argument, the Court took the matter under submission. ECF No. 62.

**OVERVIEW OF THE SETTLEMENT NEGOTIATIONS**

10. After the hearing, but before the Court could rule on the motion to dismiss, the parties initiated confidential settlement discussions to determine whether the parties might be able to reach a resolution of the matter and avoid further litigation expense and risk. The parties agreed that, given the Company's limited financial resources, and given that Plaintiffs' counsel and Defendants' counsel are both highly experienced in litigating securities class actions, it was not necessary to incur the expense of a mediator.

11. The Settlement was reached after one year of litigation. In this Action, Class Counsel: (i) conducted a comprehensive investigation which included interviews with former Embark employees and/or consultants, detailed reviews of Embark's SEC filings, press releases, and other publicly available information, including information related to Embark's financial position as disclosed in the Company's Form 10-Qs and Form 10-K filed with the SEC, and a review of articles relating to Embark; (ii) researched the applicable law with respect to the claims asserted in the two complaints filed in this litigation and the potential defenses thereto, in addition to relevant accounting and SEC guidance; (iii) had consultations with experts; (iv) prepared and filed the Complaint and the Amended Complaint; (v) engaged in contentious motion practice with respect to Defendants' motion to dismiss; (vi) engaged

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

in arm's-length settlement negotiations; and (vii) devoted substantial time and resources needed to secure, prepare, and seek approval by the Court of the $2.5 million Settlement. Even assuming Plaintiffs could have successfully overcome Defendants' motion to dismiss, Class Counsel anticipated that discovery and trial would have been highly contested. Plaintiffs would then have been required to successfully overcome likely post-trial appeals.

12.     During the parties' settlement discussions, both sides explained their views, discussed their respective settlement requirements, and worked in good faith toward a negotiated resolution. I understood that, if the parties were unable to reach agreement, Defendants would continue to defend the case, particularly because they believed that the claims could not survive a motion to dismiss. Plaintiffs made clear that they disagreed with Defendants' views on the merits of the case and reiterated why they believed their claims had merit.

13.     Following the parties' arm's-length negotiations, Plaintiffs and Defendants were ultimately able to reach agreement on a proposed settlement.

14.     On April 6, 2023, with the motion to dismiss still pending, the parties reached an agreement in principle to settle the Action for a cash payment by or on behalf of Defendants in the amount of $2,500,000 for the benefit of the Settlement Class.

15.     On May 17, 2023, the parties also entered into a confidential supplemental agreement, which gives the Company the right to terminate the Settlement if valid requests for exclusion from persons and entities entitled to be members of the Settlement Class exceed an amount agreed to by the parties.

16.     The parties formalized the Settlement in the Stipulation and Agreement of Settlement on May 17, 2023 ("Stipulation") (ECF No. 66-1) and Plaintiffs filed the Motion for Preliminary Approval of Settlement (ECF No. 65) on the same date.

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

17.    On July 20, 2023, the Court entered an Order Requesting Additional Briefing Re: Motion for Preliminary Approval (ECF No. 75).

18.    On August 30, 2023, the parties executed the Amended Stipulation (ECF No. 82-1) and Plaintiffs filed their Supplemental Memorandum of Points and Authorities in Further Support of Plaintiffs' Unopposed Motion for Preliminary approval of Class Action Settlement (ECF No. 81) on the same date.

19.    On September 26, 2023, following a preliminary approval hearing with all parties, the Court entered an order preliminarily approving the Settlement and the Plan of Allocation and directing that notice be disseminated to the Settlement Class Members (the "Preliminary Approval Order") (ECF No. 91).

20.    The Settlement represents approximately 1.1% of the $230.3 million in estimated recoverable damages—should: (i) all the claims alleged survive to trial, (ii) a class be certified, (iii) a jury adopt the expert damages model of Plaintiffs, and (iv) Defendants have the ability to pay such a judgment. A guaranteed cash settlement that provides a substantial benefit in the face of these challenges – not to mention the appeals that would likely be filed should Plaintiffs prevail – is a favorable outcome. In light of these circumstances, and especially when the Settlement is the product of comprehensive legal and factual investigation and arm's-length negotiations by experienced counsel, there is ample support for a finding that the Settlement is fair, reasonable, and adequate.

21.    The favorable reaction of the members of the Settlement Class also supports the reasonableness of the Settlement. Pursuant to the Notice, the deadline for filing any objections or exclusion requests to the Settlement was December 22, 2023. To date, despite the mailing and/or emailing of 12,402 Notices, no objections to the Settlement have been filed and only three Settlement Class Members have requested exclusion. Ex. 1 ¶¶5, 9-10. (Although there was one objection to the

5

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

request for attorneys' fees and expenses (*see* ECF No. 100), which is invalid because the objector failed to provide the information necessary to determine if the objector is a damaged settlement class member who therefore has standing to object, the objector *did not* object to the Settlement.)

22.     In my opinion, the Settlement is a fair, reasonable, and adequate result for the Settlement Class. The Settlement confers a certain and tangible benefit on the Settlement Class, eliminating the risk of continued litigation under circumstances where a more favorable outcome is less likely. Additionally, the Plan of Allocation is a fair and reasonable method for distributing the proceeds of the Settlement to Settlement Class Members.

**THE SETTLEMENT CLASS IS THE SAME AS ALLEGED IN THE AMENDED COMPLAINT**

23.     There are two classes that comprise the Settlement Class in the Amended Complaint: the "Exchange Act Class" and the "Securities Act Class." The former is defined as "all persons and entities that beneficially owned and/or held the Company's common stock as of October 6, 2021, the record date, and were eligible to vote at the Company's November 9, 2021 special meeting with respect to the Business Combination between the Company and privately held Legacy Embark, completed on or about November 10, 2021, and were damaged thereby." The "Exchange Act Class Period" is defined as the period from October 6, 2021 through November 10, 2021, both dates inclusive. The Securities Act Class is defined as "all persons and entities who purchased or otherwise acquired Embark common stock pursuant or traceable to the July 2, 2021 registration statement, including all amendments thereto, issued in connection with the November 2021 Business Combination between the Company and Legacy Embark, including shares of Embark common stock purchased in the open market during the period November 11, 2021 through December 13, 2021, both dates inclusive, (the "Securities Act Class Period") and were damaged thereby."

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

24. The only (non-material) difference between the "Securities Act Class" proposed herein and in the Amended Complaint is that Embark "securities" in the Amended Complaint was changed to Embark "common stock" for avoidance of confusion and to make clear that the only security included under the Section 11 claim is Embark Class A common stock. Warrants are not part of the registration statement at issue. Additionally, the defined class periods provide further clarity. Excluded from both the Exchange Act Class and the Securities Act Class are (i) Defendants and the Individual Defendants' family members; (ii) directors and officers of Embark and Northern Genesis and their families; (iii) any entity in which the Defendants have or had a controlling interest; and (iv) any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court.

**NOTICE PROCEDURES**

25. At Class Counsel's direction, and pursuant to the Court's Preliminary Approval Order, on October 16, 2023, Strategic Claims Services ("SCS" or the "Settlement Administrator") published the Summary Notice on *Investor's Business Daily* and transmitted it once over the *PR Newswire*. The Administrator also posted the Notice, the Proof of Claim, the Amended Stipulation, Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 65), Plaintiffs' Supplemental Memorandum of Points and Authorities in Further Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 81), the Preliminary Approval Order (ECF No. 91), and Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Plaintiffs (ECF No. 95), on the settlement webpage on its website. *See* Ex. 1 ¶8.

26. There was wide dissemination of the Notice to the Settlement Class, which included: (i) the mailing of 2,657 Notice Packets by Strategic Claims Services ("SCS") to potential Settlement Class Members or nominees; (ii) SCS sending 4,028 emails with the direct link to the Notice Packet

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

from nominee responses; (iii) a nominee mailing 40 Notice Packets to its clients; (iv) a nominee emailing 5,671 of its clients a direct link to the Notice Packet on the settlement website; (v) SCS being notified by a nominee that an additional six (6) emails were sent to its clients with a direct link to the Notice Packet; (vi) SCS sending the Depository Trust Company ("DTC") the Notice Packet for the DTC to publish on its Legal Notice System; and (vii) the publication of the Summary Notice. Ex. 1 ¶5. To date, a total of 12,402 potential Settlement Class Members were either mailed a Notice Packet or emailed a direct link to the Notice Packet. *Id.*

27.     Additionally, 71 Notices were returned undeliverable to the Settlement Administrator. Ex. 1 ¶6. Of these, the United States Postal Service provided a forwarding address for 13, and the Settlement Administrator immediately mailed another Notice to the updated addresses. *Id.* The remaining 58 Notices returned as undeliverable were "skip-traced" to obtain updated addresses, and 27 were re-mailed to the updated addresses. *Id.*

28.     To date, the Settlement Administrator has received 1,497 claims. *Id.* at ¶11. The Settlement Administrator is currently conducting quality assurance reviews of the submitted claims, such as verifying that the claim includes the required supporting documentation and detecting duplicative claims. *Id.* Once this audit process is complete, claimants with incomplete or invalid claims will be given an opportunity to supplement or complete their claims. *Id.* With these steps outstanding, the number of claims considered valid has not yet been finally determined. *Id.*

**THE PROPOSED PLAN OF ALLOCATION IS FAIR AND REASONABLE**

29.     The proposed Plan of Allocation was formulated in consultation with Plaintiffs' damages consultant, Zachary Nye, Ph.D. of Stanford Consulting Group ("SCG"), and provides for a customary *pro rata* distribution of the Net Settlement Fund among Authorized Claimants (all eligible Settlement Class Members who have submitted a timely and valid proof of claim).

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

30. The general objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misconduct, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged misconduct.

31. The Settlement Administrator will determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described in the Plan of Allocation. *See* ECF No. 92-1 (Notice), at 12. A Recognized Loss will be calculated for shares eligible to be included: (i) in the Securities Act Settlement Class as described under "Calculation of Recognized Loss Per Share Under the Securities Act;" and (ii) in the Exchange Act Settlement Class as described under "Calculation of Recognized Loss Per Share Under the Exchange Act." *Id.* The Plan of Allocation was fully described in the Notice and has a rational basis.

32. The Settlement Administrator will allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.

33. Dr. Nye opined that "the Plan of Allocation provides a fair and reasonable method for calculating a Claimant's Recognized Loss and distributing the Net Settlement Fund." Declaration of Zachary Nye, Ph.D., dated August 29, 2023 (ECF No. 82-19) ¶23. "The proposed distribution … under the Plan of Allocation represents an equitable allocation of the Net Settlement Fund among Claimants who suffered economic losses as a result of the alleged fraud. My opinion is based upon the fact that the per-share Recognized Loss formulas used in the Plan of Allocation are based on the per-share compensable loss figures that SCG calculated for litigation purposes and provided to Plaintiffs' Counsel as the estimated maximum amounts of damages Class members could likely recover at trial. *Id.* Dr. Nye calculated the per share damages under Section 11 of the Securities Act and Section 14(a) of the

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

Exchange Act. *Id.* ¶¶ 9-16. Section 20(a) of the Exchange Act imposes liability on any person who directly or indirectly controls any person liable under Section 14(a) to the same extent as the controlled person. Accordingly, the damages associated with violations of Section 14(a) and 20(a) of the Exchange Act are equivalent. *Id.* ¶ 5. Similarly, Section 15 establishes control-person liability under the Securities Act, and thus damages associated with violation of Sections 11 and 15 of the Exchange Act are equivalent. *Id.* ¶ 5.

**THE FAIRNESS AND REASONABLENESS OF THE SETTLEMENT**

34. The proposed Settlement was reached through arm's-length settlement negotiations. Before entering into the Settlement, Class Counsel understood the strengths and weaknesses of the claims and defenses in this Action and engaged in significant efforts to protect the interests of the Settlement Class. The parties reached the Settlement after Class Counsel had thoroughly investigated the case, filed the operative Amended Complaint, consulted with accounting and damages experts, and argued Defendants' motion to dismiss.

35. Class Counsel evaluated the prospects of obtaining a better result if the case were to go forward, taking into account the risks of this case surviving on the pleadings, at summary judgment, at the class certification stage, and at trial, the Company's financial position and potential liquidation, and other factors related to collectability of any settlement or judgment. Plaintiffs would have faced multiple hurdles and significant merit-based risks involved with protracted litigation. Class Counsel carefully considered each of these risks before agreeing to the Settlement.

36. As stated above, Defendants' motion to dismiss was pending when the parties reached an agreement to settle the Action. While Class Counsel believes that the merits of the case are strong, there is no certainty that Plaintiffs would defeat Defendants' motion to dismiss. Plaintiffs understood

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

that, if Defendants' motion were granted, the Action would be dismissed and the dismissal would preclude recovery.

37.    Plaintiffs also faced the challenge of obtaining class certification. If the Court were to refuse certification, the unrepresented potential plaintiffs would likely lose their chance at recovery entirely. Additionally, even if Plaintiffs were successful in obtaining class certification, they faced a real risk that they would not be able to sustain class certification through judgment. Federal Rule of Civil Procedure 23(c)(1) expressly provides that a class certification order may be "altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1). A class is not safely certified until judgment, and therefore, the costly class certification proceedings, together with the risk that this Court may deny certification, supports the Settlement's adequacy.

38.    Plaintiffs also faced the risk of establishing the proper amount of damages. Estimating aggregate damages can be challenging due to, among other things, assumptions that must be made regarding trading activity. Plaintiffs' damages expert calculated the estimated maximum aggregate damages to be $230.3 million, assuming Plaintiffs prevailed on all their claims. Defendants would, of course, contend that damages are lower, or zero. Based on Class Counsel's experience, retaining an expert to opine and testify as to damages would cost several thousand dollars.

39.    Discovery would also be costly and time consuming. Plaintiffs would likely need to review thousands of documents and take several depositions of Defendants, Embark employees, and third parties. Moreover, since the Class Period began in 2021, it is possible that evidence could be lost because as time passes memories fade and it would be a challenge to obtain useful deposition or in-person testimony.

40.    Even if Plaintiffs succeeded in getting discovery and obtaining a favorable judgment at trial, Plaintiffs would still have to defeat any applicable appeals and enforce the judgment.

11

41.    Embark's financial problems raised serious concerns about the pre-revenue-Company's potential dissolution during the pendency of this case. According to the Company's Annual Report on Form 10-K for the fiscal year ended December 31, 2022, filed with SEC on March 28, 2023 (the "2022 10-K"), the Board on March 1, 2023, approved a process to explore "potential strategic alternatives" including "alternative uses of the Company's assets to commercialize its technology, additional sources of financing, *as well as potential dissolution or winding up of the Company and liquidation of its assets.*" 2022 10-K at 1-2 (emphasis added). The 2022 10-K further disclosed that the Company would lay off 230 employees or 70% of its headcount, and there was "substantial doubt about the Company's ability to continue as a going concern." *Id.* at 2. On March 3, 2023, Embark's CEO, Alex Rodrigues disseminated an email to employees discussing the Company's financial problems. *See* Co-founder Alex Rodrigues' email to Embark employees (Mar. 3, 2023), https://medium.com/embark-trucks/co-founder-alex-rodrigues-email-to-embark-employees-5523b4fb0b2c. The email stated that "the capital markets have turned their backs on pre-revenue companies," and "we have been unable to identify a path forward for the business in its current form." *Id.* The email further stated that the remaining 30% of employees would focus on winding down operations. *Id.* There was also substantial risk that the Company would go bankrupt if Plaintiffs succeeded at trial and were able to prove the $230.3 million in estimated aggregate damages. Indeed, as of the date of Embark's balance sheet on December 31, 2022, the Company had cash and restricted cash of only $158.5 million. And Plaintiffs would also later learn that the Company did not maintain D&O liability insurance for alleged securities claims against the Company. The Company only maintained "Side A" D&O insurance which typically provides coverage for claims asserted against directors and officers whose costs are not indemnified or advanced by the corporate entity. Without the Settlement, there exists the real possibility that Plaintiffs would spend years litigating the case to a verdict, and ultimately recover nothing.

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

42.    This recovery provides an immediate and tangible benefit to the Settlement Class that is well-within a range of reasonableness, particularly in light of the possible recovery and the substantial risks presented by the litigation, due to, among other reasons, Embark's serious financial problems and the difficulties of proving Plaintiffs' case at trial.

43.    Class Counsel is a well-funded, financially sound, and experienced securities litigation firm. In scores of past cases, Class Counsel has served class interests through final distribution without the need for deferral of fees. The same will be true here – Class Counsel will devote the necessary time to ensure that distribution is completed in a timely fashion.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of January, 2024 in New York, New York.

*/s/ Brenda Szydlo*
Brenda Szydlo

DECLARATION OF BRENDA SZYDLO IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)