1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7     TYLER HARDY, et al.,                    Case No.  3:22-cv-02090-JSC

8                     Plaintiffs,

9             v.                              **ORDER REQUESTING**
                                             **SUPPLEMENTAL INFORMATION IN**
10    EMBARK TECHNOLOGY, INC., et al.,        **SUPPORT OF MOTION FOR FINAL**
                                             **APPROVAL**
11                    Defendants.
                                             Re: Dkt. No. 101

12

13          Plaintiffs filed this putative securities class action alleging claims under Sections 11 and 15

14    of the Securities Act of 1933 and Sections 14(a) and 20(a) of the Securities Exchange Act of 1934

15    on behalf of individuals who purchased stock in Embark Technologies Inc., or its predecessor

16    Northern Genesis Acquisition Corp. II.   While Defendants' motion to dismiss was pending, the

17    parties reached an agreement to resolve Plaintiffs' claims, and on September 26, 2023, the Court

18    granted Plaintiffs' unopposed motion for preliminary approval of the class action settlement. (Dkt.

19    No. 91.[1])  Plaintiffs' motion for final approval of the settlement is now pending before the Court.

20    (Dkt. No. 101.)  Having reviewed the motion and the declarations in support, the Court ORDERS

21    Plaintiffs to submit a supplemental brief regarding the notice process and claims as set forth

22    below.

23          "[S]ettlements in class actions present unique due process concerns for absent class

24    members, including the risk that class counsel may collude with the defendants." *In re Online*

25    *DVD-Rental Antitrust Litig*., 779 F.3d 934, 944 (9th Cir. 2015) (cleaned up). "To guard against

26    these dangers, Federal Rule of Civil Procedure 23(e) 'requires court approval of all class action

27    _____

28    [1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
      ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

1   settlements, which may be granted only after a fairness hearing and a determination that the

2   settlement taken as a whole is fair, reasonable, and adequate.'" *Id*. (citation omitted).  Because the

3   claims administration process is ongoing, Plaintiff's motion lacks sufficient information from

4   which the Court can evaluate the settlement.

5   First, the motion lacks sufficient information from which the Court can evaluate the

6   effectiveness of notice.  *See* Fed. R. Civ. Pro. 23(e)(2)(B) ("the court must direct to class members

7   the best notice that is practicable under the circumstances, including individual notice to all

8   members who can be identified through reasonable effort.").  On preliminary approval, SCS, the

9   Settlement Administrator, estimated the Settlement Class could contain approximately 100,000

10   members.  (Dkt. No. 82-20 at ¶ 20.)   Because the "vast majority" of class members were believed

11   to have purchased or sold Embark or Northern Genesis common stock through a nominee, the

12   notice plan called for SCS to obtain the contact information from the nominees.  (*Id*. at ¶¶ 10-12.)

13   On final approval, SCS reports it provided notice to 12,402 "potential Settlement Class Members."

14   (Dkt. No. 102-1 at ¶ 5.)   This figure is substantially less than the 100,000 class members initially

15   estimated.  The motion does not address or explain this difference.

16   Second, while SCS has received 1,497 claims, it is still processing these claims.  (Dkt. No.

17   102-1 at ¶ 11.)  In particular, "SCS is currently conducting quality assurance reviews of the

18   submitted claims, such as verifying that the claim includes the required supporting documentation

19   and detecting duplicative claims. Once this audit process is complete, claimants with incomplete

20   or invalid claims will be given an opportunity to supplement or complete their claims." (*Id*.)  As a

21   result, it is unclear how many of the 1,497 claims will be found valid. (*Id*.)

22   Third, the motion lacks sufficient information from which the Court can evaluate the

23   claims rate.  The motion should address both the claims rate here and the range of claims rates in

24   these types of cases based on counsel and/or SCS's experience.

25   Finally, because SCS has not completed processing the claims, the motion does not include

26   information regarding class members' recovery under the plan of allocation.  This information is

27   necessary for the Court to evaluate the reasonableness of the settlement based on the range of class

28   member recovery under the settlement and the underlying legal claims.

United States District Court
Northern District of California

2

Accordingly, Plaintiffs are ORDERED to submit a supplemental brief addressing these issues by February 29, 2024.  If this date does not give the Settlement Administrator sufficient time to complete processing of the claims and provide the above requested information, the parties may stipulate to another date.

In light of this Order, the Court CONTINUES the hearing on the motion for final approval (Dkt. No. 101) and Plaintiffs' motion for attorneys fees and costs (Dkt. No. 95) to March 14, 2024 at 9:00 a.m. via videoconference.

**IT IS SO ORDERED.**

Dated: January 30, 2024

JACQUELINE SCOTT CORLEY
United States District Judge