**POMERANTZ LLP**
Brenda Szydlo (admitted *pro hac vice*)
Dean Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: bszydlo@pomlaw.com
dferrogari@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorneys for Lead Plaintiff Tyler Hardy,*
*Plaintiff Danny Rochefort, and*
*the Settlement Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TYLER HARDY and DANNY ROCHEFORT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, CHRISTOPHER JARRATT, PAUL DALGLISH, ROBERT SCHAEFER, BRAD SPARKES, ALEX RODRIGUES, and RICHARD HAWWA,<br><br>Defendants. | No. 3:22-cv-02090-JSC<br><br>CLASS ACTION<br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION**<br><br>Date: March 14, 2024<br>Time: 9:00 a.m.<br>Judge: Hon. Jacqueline Scott Corley<br>Courtroom: Hearing Via Zoom Video |

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF
SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

**INTRODUCTION**

Lead Plaintiff Tyler Hardy and named Plaintiff Danny Rochefort (the "Plaintiffs") submit this reply memorandum in further support of Plaintiffs' Motion for Final Approval of Settlement, Class Certification, and Plan of Allocation (the "Final Approval Brief") (ECF No. 101). Additionally, pursuant to the Court's January 30, 2024 Order (ECF No. 103), Plaintiffs will file a supplemental brief on February 29, 2024 addressing the issues raised in such Order. (Unless otherwise stated or defined, all capitalized terms used herein have the meanings provided in the Amended Stipulation and Agreement of Settlement (the "Amended Stipulation"), dated August 30, 2023 (ECF No. 82-1). Internal citations and quotations are omitted and emphasis is added unless otherwise noted).

**I.   The Settlement Administrator Provided Notice of the Settlement to Over Twelve Thousand Potential Settlement Class Members.**

The Settlement Administrator, Strategic Claims Services ("SCS"), mailed the Notice and Proof of Claim (collectively the "Notice Packet") or emailed a direct link to the Notice Packet to 12,402 potential Settlement Class Members. *See* Fourth Supplemental Declaration of Josephine Bravata Concerning: (a) Mailing of the Long Notice and Claim Form; (b) Report On Requests for Exclusion and Objections; and (c) Claims Received to Date, dated January 31, 2024 (the "Supp. Jan. Bravata Decl.") ¶5, attached as Exhibit 1 to the February 1, 2024 Supplemental Declaration of Brenda Szydlo in Further Support of Plaintiffs' Motion for Final Approval, Class Certification, and Plan of Allocation, filed herewith. There was wide dissemination of the Notice to the Settlement Class, which included: (i) the mailing of 2,657 Notice Packets by SCS to potential Settlement Class Members or nominees; (ii) SCS sending 4,028 emails with the direct link to the Notice Packet from nominee responses; (iii) a nominee mailing 40 Notice Packets to its clients; (iv) a nominee emailing 5,677 of its clients a direct link to the Notice Packet on the settlement website; (v) SCS sending the Notice Packet to the Depository Trust

1

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF
SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

Company ("DTC") for the DTC to publish on its Legal Notice System; and (vi) the publication of the Summary Notice. *Id.* ¶5.

Additionally, 71 Notices were returned undeliverable to the Settlement Administrator. *See* Third Supplemental Declaration of Josephine Bravata Concerning: (a) Mailing of the Long Notice and Claim Form; (b) Report On Requests for Exclusion and Objections; and (c) Claims Received to Date, dated January 11, 2024 (the "Jan. Bravata Decl.") (ECF No. 102-1) ¶6. Of these, the United States Postal Service provided a forwarding address for 13, and the Settlement Administrator immediately mailed another Notice to the updated addresses. *Id.* The remaining 58 Notices returned as undeliverable were "skip-traced" to obtain updated addresses, and 27 were re-mailed to the updated addresses. *Id.*

On October 16, 2023, SCS disseminated the Court-approved Summary Notice electronically over *Investor's Business Daily* and transmitted it once over the *PR Newswire*. *See* Declaration of Josephine Bravata Concerning: (a) Mailing of the Long Notice and Claim Form; Publication of the Summary Notice; and (c) Report on Requests for Exclusion and Objections, dated October 26, 2023 (the "Oct. Bravata Decl.") (ECF No. 92) ¶8. SCS also established a website dedicated to the Settlement which included certain Court-ordered deadlines and the posting of the Notice, Proof of Claim, Amended Stipulation (ECF No. 82-1), Preliminary Approval Order (ECF No. 91), Plaintiffs' Motion for Award of Attorneys Fees, Reimbursement of Expenses, and Compensatory Awards to Plaintiffs (ECF No. 95), and other relevant documents. *See* Jan. Bravata Decl. (ECF No. 102-1) ¶8. SCS has also maintained a toll-free telephone number for potential Settlement Class Members. *Id.* ¶7.

## II. The Positive Reaction of the Settlement Class Supports Final Approval

### A. The Lack of Objections or Requests for Exclusion Supports Final Approval of the Settlement

The December 22, 2023 deadline for filing objections and exclusion requests has passed. To

2

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF
SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

date, SCS has received only three exclusion requests and no objections to the Settlement or Plan of Allocation. *See* Supp. Jan. Bravata Decl. ¶¶8-9.

However, there was one objection to the request for attorneys' fees and expenses *only* (*see* Jan. Bravata Decl., Exhibit B), which Plaintiffs initially deemed to be invalid because the objector failed to provide the information necessary to determine if the objector is a damaged Settlement Class Member who therefore has standing to object, such as the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Embark common stock during the Securities Act Class Period, as required in the Court-approved Notice (ECF No. 92-1 at 9). *See* ECF No. 101 at 16. Upon further review of the objection, the Company's Form 8-K filed with the SEC on November 10, 2021 ("Form 8-K"), and consultation with the Settlement Administrator, Plaintiffs have determined that the objector has standing to object notwithstanding the failure to provide the requested information. The objector's restricted shares were subject to a lock-up provision that prohibited the selling of the stock until May 2022. *See* Form 8-K at 5. Notwithstanding the one objection, "the lack of significant objections to the requested fees [and expenses] justifies an award of one-third of the Settlement Fund[,]" particularly where the number of objections to the fee and expenses was "remarkably small given the wide dissemination of notice." *See In re Heritage Bond Litig.*, No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at *15-16 (C.D. Cal. June 10, 2005); *see also In re Avista Corp. Sec. Litig.*, No. CV-02-0328-FVS, 2007 WL 4568933, at *5 (E.D. Wash. Dec. 20, 2007) (finding that only one objection justifies an award of attorney fees in the amount of 30% of the settlement fund and full reimbursement of expenses).

The absence of any objections to the Settlement or Plan of Allocation supports their approval. *Nat'l Rural Telecomm'cns Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("[t]he absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement"). Likewise, only three requests for exclusion from the Settlement further

3

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF
SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)

demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (affirming final approval of settlement, noting "that the overwhelming majority of the class … stayed in the class presents at least some objective positive commentary as to its fairness"), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming district court's final approval of settlement, finding that there was only one opt-out supported the district court's approval of settlement).

## CONCLUSION

For the foregoing reasons, and those set forth in the Final Approval Brief (ECF No. 101), Plaintiffs respectfully request that this Court find that the Notice and the procedures for its dissemination satisfied due process and complied with the PSLRA and Rule 23(e); approve the Settlement and Plan of Allocation as fair, reasonable and adequate; grant final certification to the Settlement Class for settlement purposes; enter the [Proposed] Order and Final Judgment (ECF No. 102-2); and dismiss the Action with prejudice.

DATED: February 1, 2024                                  Respectfully submitted,

**POMERANTZ LLP**

*/s/ Brenda Szydlo*
Brenda Szydlo (admitted *pro hac vice*)
Dean Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: bszydlo@pomlaw.com
dferrogari@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)

1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorneys for Lead Plaintiff Tyler Hardy, Plaintiff Danny Rochefort, and the Settlement Class*

5

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION
(3:22-CV-02090-JSC)