**POMERANTZ LLP**
Brenda Szydlo (admitted *pro hac vice*)
Dean Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: bszydlo@pomlaw.com
dferrogari@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorneys for Lead Plaintiff Tyler Hardy,*
*Plaintiff Danny Rochefort, and*
*the Settlement Class*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| TYLER HARDY and DANNY ROCHEFORT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, CHRISTOPHER JARRATT, PAUL DALGLISH, ROBERT SCHAEFER, BRAD SPARKES, ALEX RODRIGUES, and RICHARD HAWWA,<br><br>Defendants. | No. 3:22-cv-02090-JSC<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION**<br><br>Date:   March 14, 2024<br>Time:   9:00 a.m.<br>Judge: Hon. Jacqueline Scott Corley<br>Courtroom: Hearing Via Zoom Video |

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION (3:22-CV-02090-JSC)

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs submit this Supplemental Memorandum of Points and Authorities pursuant to this Court's January 30, 2024 Order Requesting Supplemental Information in Support of Motion for Final Approval (the "Order"). ECF No. 103. (Unless otherwise stated or defined, all capitalized terms used herein have the meanings provided in the Amended Stipulation and Agreement of Settlement (the "Amended Stipulation"), dated August 30, 2023 (ECF No. 82-1).)

## I.    Information As to Why SCS Provided Notice to 12,402 Potential Settlement Class Members vs. the Original Estimate of 100,000 Notices

According to the February 29, 2024 Declaration of Paul Mulholland of Strategic Claims Services ("SCS"), the Settlement Administrator, approximately 53.94% of Embark Technology Inc.'s ("Embark" or the "Company") Class A common stock was owned by 51 institutions as of December 31, 2021. *See* Declaration of Paul Mulholland on Behalf of Strategic Claims Services Responding to the Court's January 30, 2024 Order Requesting Supplemental Information in Support of Motion for Final Approval, dated February 29, 2024 (the "Mulholland Decl." or the "February 29, 2024 Mulholland Declaration") ¶3, Exhibit ("Ex.") I, attached as Ex. 1 to the Second Supplemental Declaration of Brenda Szydlo in Further Support of Plaintiffs' Motion for Final Approval of Settlement, Class Certification, and Plan of Allocation, dated February 29, 2024. In addition, only .81% of Embark Class A common stock was owned directly by the officers and directors of the Company during the Settlement Class Period. *Id.* ¶3, Ex. II. As a result, "54.75% (53.94% plus .81%) or approximately 198.7 million shares were owned by institutions, and officers and directors of Embark during the Settlement Class Period." *Id.* In its initial Class size estimate, SCS "mistakenly presumed the remaining 45.25% (100% minus 54.75%), or approximately 164 million shares were owned by non-institutional investors." *Id.* "Non-institutional or retail investors typically invest in a lower quantity of shares as compared to institutional investors." *Id.* As such, "SCS assumed the average retail investor held Class A common stock ranging from approximately 1,500 to 1,800 (mid-point 1,650) shares." *Id.* As a result, SCS estimated a Class size of approximately 100,000 potential Settlement Class Members (164 million divided by 1,650). *Id.* Although SCS states it is not possible to quantify the size of the proposed Settlement Class with

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION (3:22-CV-02090-JSC)

precision, this method has been used by SCS when estimating class sizes in hundreds of past class action settlements, typically with favorable results. *Id.*

SCS reviewed Embark's December 31, 2021 Annual Report on Form 10-K (the "December Form 10-K") when researching the variance between the actual 12,402 Notices SCS disseminated to potential Settlement Class Members and the original estimate of 100,000 Notices. Mulholland Decl. ¶4. As noted in the December Form 10-K, upon the closing on November 8, 2021, approximately 91% of Embark's outstanding common stock and approximately 89% of its Class A outstanding common stock were restricted shares owned or controlled by Embark's insiders, directors, officers, and employees during the Settlement Class Period. *Id.* "Restricted shares typically are not available for sale until 180 days after the offering." *Id.* "Many of these restricted shares were owned by Embark employees and insiders who owned a substantial number of restricted Class A common shares." *Id.* To date, only eleven Embark employees out of the total 231 employees (as of December 31, 2021) filed claims. *Id.* "These eleven employees filed claims totaling 5.4 million restricted Class A damaged shares (ranging from 447 shares to 2,975,483 shares)." *Id.*, Ex. III. In addition, SCS identified in the December Form 10-K certain insiders with large holdings of Embark Class A restricted common shares that were not found when reviewing the Company's Form 13-F filings. *Id.* ¶4. For example, "entities affiliated with YCombinator owned 27.9 million shares during the Settlement Class Period." *Id.* SCS was unaware of these items at the time it made the initial class size estimates for Class Counsel. *Id.* As a result, "only approximately 40 million Class A common shares were unrestricted during the Settlement Class Period." *Id.* Of these, a significant number of shares were owned by institutions. *Id.* "Assuming 50% or 20 million of these shares were owned by non-institutional investors and assuming each non-institutional or retail investor owned an estimated 1,650 shares[,] … the adjusted estimated Class size would have been approximately 12,100. *Id.* (the estimated 1,650 shares represents the same "mid-point" estimate per non institutional holder mentioned above). "This quantity is consistent with the actual Settlement Class size of 12,402." *Id.*

## II.    Over 1,200 Settlement Class Members Submitted Valid Claims

"Of the 1,497 claims filed to date, SCS expects 1,238 claims to be valid, totaling $45,439,693 in

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION (3:22-CV-02090-JSC)

Recognized Losses and 42,788,999 in damaged shares." *Id.* ¶5. "The remaining 259 claims are being rejected." *Id.* These figures are subject to a final quality assurance review by SCS that may result in minor changes. *Id.*

**III.    The Claims Rate and the Range of Claims Rates in Comparable Class Action Settlements**

**A.    The Claims Rate**

According to the February 29, 2024 Mulholland Declaration, the claims rate here is 12.1%, which is lower than SCS anticipated. *Id.* ¶6. One possible reason for the lower-than-expected claims rate "may be due to the low estimated average recovery per share of $.006," as disclosed in the Notice (ECF No. 92-1 at 2). Mulholland Dec.  ¶6. SCS believes that additional potential Settlement Class Members may have taken the time to file claims if the estimated recovery per share had been higher. *Id.*

**B.    The Range of Claims Rates in Comparable Settlements**

To obtain comparative claims rates to that of the Embark settlement, "SCS identified five settlements it [ ] recently administered where the recovery per damaged share, after legal fees, expenses, and compensatory awards to Plaintiffs, were at or below $.07 per damaged share (ranging from $.01 to $.07 per damaged share, or an average of $.04 per damaged share)." *Id.*  In those five settlements, the settlement amounts ranged from $900,000 to $5,650.000, or an average of $2,605,000. *Id.*  "These five settlements had a claims rate ranging from 4.9% to 14.9% or an average of 9.52%." *Id.*  Notably, the Embark claims rate of 12.1% is slightly higher than the 9.52% average. *See id.*, Ex. IV.

**IV.    Settlement Class Members' Recovery Under the Plan of Allocation**

The estimated Net Settlement Fund is approximately $1,434,543, assuming maximum total estimated administration costs of $105,000 and that proposed attorneys' fees, reimbursement of litigation expenses, and compensatory awards to Plaintiffs are approved by the Court. *See id.*  ¶7, Ex. V. "The total estimated Recognized Losses are $45,439,693 representing 42,788,999 damaged shares." Under the Plan of Allocation, "[t]his equates to an estimated recovery of 3.16% of the claimants' Recognized Losses and $.034 per damaged share." *Id.*

**CONCLUSION**

For the foregoing reasons, and those set forth in the previously filed papers in support of

3

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION (3:22-CV-02090-JSC)

Plaintiffs' Motion for Final Approval of Settlement, Class Certification, and Plan of Allocation (ECF Nos. 101—102-1, 104—104-2), Plaintiffs respectfully request that this Court find that the Notice and the procedures for its dissemination satisfied due process and complied with the PSLRA and Rule 23(e); approve the Settlement and Plan of Allocation as fair, reasonable and adequate; grant final certification of the Settlement Class for settlement purposes; enter the [Proposed] Order and Final Judgment (ECF No. 102-2); and dismiss the Action with prejudice.

DATED: February 29, 2024                    Respectfully submitted,

                                            **POMERANTZ LLP**

                                            */s/ Brenda Szydlo*
                                            Brenda Szydlo (admitted *pro hac vice*)
                                            Dean Ferrogari (admitted *pro hac vice*)
                                            600 Third Avenue, 20th Floor
                                            New York, New York 10016
                                            Telephone: (212) 661-1100
                                            Facsimile: (917) 463-1044
                                            Email: bszydlo@pomlaw.com
                                            dferrogari@pomlaw.com

                                            **POMERANTZ LLP**
                                            Jennifer Pafiti (SBN 282790)
                                            1100 Glendon Avenue, 15th Floor
                                            Los Angeles, California 90024
                                            Telephone: (310) 405-7190
                                            Email: jpafiti@pomlaw.com

                                            *Attorneys for Lead Plaintiff Tyler Hardy, Plaintiff Danny Rochefort, and the Settlement Class*

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AND PLAN OF ALLOCATION (3:22-CV-02090-JSC)