**POMERANTZ LLP**
Brenda Szydlo (admitted *pro hac vice*)
Dean Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: bszydlo@pomlaw.com
dferrogari@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorneys for Lead Plaintiff Tyler Hardy,*
*Plaintiff Danny Rochefort, and*
*the Settlement Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TYLER HARDY and DANNY ROCHEFORT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, CHRISTOPHER JARRATT, PAUL DALGLISH, ROBERT SCHAEFER, BRAD SPARKES, ALEX RODRIGUES, and RICHARD HAWWA, <br><br> Defendants. | No. 3:22-cv-02090-JSC <br><br> <u>CLASS ACTION</u> <br><br> **SUPPLEMENTAL DECLARATION OF BRENDA SZYDLO** <br><br> Hon. Jacqueline Scott Corley |

SUPPLEMENTAL DECLARATION OF BRENDA SZYDLO (3:22-CV-02090-JSC)

Pursuant to 28 U.S.C. §1746, I, BRENDA SZYDLO, hereby declare:

1. I am an attorney admitted to practice *pro hac vice* in this Court and a Partner at Pomerantz LLP, Class Counsel for Lead Plaintiff Tyler Hardy, Plaintiff Danny Rochefort (collectively, "Plaintiffs"), and the Settlement Class in this litigation. (Unless otherwise stated or defined, all capitalized terms used herein have the meanings provided in the Amended Stipulation and Agreement of Settlement (the "Amended Stipulation"), dated August 30, 2023 (ECF No. 82-1).).

2. I submit this supplemental declaration pursuant to the Court's request that Class Counsel submit a declaration further explaining the costs incurred during the prosecution of this action. ECF No. 106. I also submit this declaration to correct a statement made by Class Counsel during the March 14, 2024 final settlement approval hearing (the "Final Approval Hearing").

3. Additionally, attached hereto as Exhibit 1 is a true and correct copy of the March 19, 2024 Declaration of Paul Mulholland on Behalf of Strategic Claims Services Responding to the Court's March 14, 2024 Request for Verification that Employee Shareholders of Embark Were Sent A Timely Notice (the "Mulholland Declaration").

4. Class Counsel incurred $1,353.00 in "Clerk Filing Fees" in connection with this action. ECF No. 95-5. Filing fees were paid to the United States District Court for the Northern District of California when the complaint, amended complaint, and *pro hac vice* admissions were filed.

5. Class Counsel incurred $7,083.25 in "Computer Legal Research Fees" in connection with this action. ECF No. 95-5. Such research fees include (i) Westlaw database charges; (ii) LexisNexis database charges; and (iii) Pacer Service Center charges.

6. Class Counsel expended $89,556.25 in "Expert Fees" in connection with this action. ECF No. 95-5. Specifically, three expert firms were retained to assist with the prosecution of this case, including (i) Stanford Consulting Group, Inc. ("SGC"); (ii) Arcadia Consulting, LLC ("Arcadia"); and

(iii) Marcum LLP ("Marcum"). Each expert firm provided key assistance to Class Counsel in their efforts to successfully litigate this action. For example, "SCG advised Counsel for Plaintiffs regarding potential recoverable damages from a financial standpoint [and] also assisted in developing the proposed plan of allocation." ECF No. 82-19 (Declaration of Zachary Nye, Ph.D.). In total, the work performed by SGC cost $66,962.00. Additionally, Arcadia provided counsel with professional accounting and consulting services. Primarily, Arcadia: (i) researched relevant accounting, auditing, and financial reporting standards and practices; (ii) prepared written summaries of relevant accounting findings and positions; (iii) performed a comprehensive review of Embark's public filings and press releases; and (iv) examined SEC staff statements, publications, and financial reporting standards. In total, the work performed by Arcadia cost $13,013.00. Marcum also provided counsel with professional accounting and consulting services including, primarily: (i) technical research and consultation pertaining to pertinent accounting guidance in the context of Embark's public filings made with the SEC; and (ii) telephone calls and other communications with Class Counsel in connection therewith. In total, the work performed by Marcum cost $9,581.25.

7. Class Counsel incurred $6,631.75 in "Investigator Fees" in connection with the prosecution of this action. ECF No. 95-5. At the outset of this litigation, Class Counsel retained On Point Investigations LLC ("On Point") to identify and interview potential confidential witnesses. On Point spent 22.25 hours (i) reviewing case materials and notes; (ii) searching select databases for potential witnesses; (iii) researching potential witness phone numbers to set up interviews; (iv) interviewing potential witnesses; (v) drafting memoranda for Class Counsel explaining the relevant information obtained in witness interviews; (vi) participating in conference calls with Class Counsel; and (vii) researching certain of the Individual Defendants' addresses for purposes of service of process in Canada. In total, the work performed by On Point cost $5,231.75. Class Counsel also retained Scout

SUPPLEMENTAL DECLARATION OF BRENDA SZYDLO (3:22-CV-02090-JSC)

Intelligence Inc. ("Scout"), to locate certain Individual Defendants (Christopher Jarratt, Paul Dalglish, Robert Schaefer, and Brad Sparkes) in Canada for purposes of services of process. In total, the work performed by Scout cost $1,400.00.

8. Class Counsel expended $440.73 in "Overtime-Clerical Fees" in connection with this action. ECF No. 95-5. These fees primarily consist of the additional time Class Counsel's legal assistants devoted to preparing Tyler Hardy's lead plaintiff motion (ECF No. 10) and Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 65).

9. Class Counsel incurred $168.44 in "Photocopy Charges" in connection with this action. ECF No. 95-5. These charges were paid to One Legal LLC for courtesy copies provided to the Court; and Jennifer Coulthard for transcript service fees.

10. Class Counsel incurred $369.65 in "Photocopy Charges In-House" in connection with this action. ECF No. 95-5. The expenses incurred were those associated with the printing of materials related to the case.

11. Class Counsel incurred $743.95 in "Postage and Overnight Mail" expenses. ECF No. 95-5. These are FedEx expenses incurred in connection with this action. Most of these expenses are related to effectuating service of process in Canada.

12. Class Counsel expended $3,902.00 on "Press Releases and Newswires" in connection with this action. ECF No. 95-5. These charges are primarily related to the publication of press releases notifying shareholders that Class Counsel was investigating securities claims on behalf of Embark investors and filed a class action lawsuit against the Company on April 1, 2022.

13. Class Counsel expended $4,515.00 in "Process Server" fees. ECF No. 95-5. Class Counsel retained Legal Language Services and LegalEase Inc. when attempting to effectuate service of the summons and Amended Complaint on Defendants Christopher Jarratt, Paul Dalglish, Robert

SUPPLEMENTAL DECLARATION OF BRENDA SZYDLO (3:22-CV-02090-JSC)

Schaefer, and Brad Sparkes. These Defendants were located in various cities across Canada and therefore necessitated different process services to effect service of the summons and the Amended Complaint.

14.    Class Counsel expended $5,423.59 in connection with "Travel and Lodging" related to this action. ECF No. 95-5. In connection with the motion to dismiss hearing before this Court, I purchased a refundable, roundtrip business-class airfare ticket from New York to California in the amount of $4,172.80. This amount includes charges related to the modification of my prior travel plans due to the Court's continuation of the motion hearing originally scheduled for March 2, 2023. *See* ECF Nos. 59-61. It is my practice to purchase refundable airfare tickets because, in my experience, hearing dates are often adjourned. For example, the motion to dismiss hearing originally scheduled for March 2, 2023 was continued to March 23, 2023 (ECF No. 59), continued again to March 30, 2023 (ECF No. 60), and then reset back to March 23, 2023 (ECF No. 61). With respect to the March 23, 2023 motion to dismiss hearing, I also paid for a one night stay at a hotel in San Francisco for $679.70, which included one meal for $68.34. I also spent $61.69 on additional meals while traveling in connection with the motion to dismiss hearing. Additionally, $454.40 was spent on transportation services to and from the airport, hotel, and court hearing. Finally, Class Counsel spent $55.00 on cancelation fees in connection with airfare tickets purchased for the July 20, 2023 preliminary approval hearing which was originally scheduled to be in-person but was later changed to a virtual Zoom hearing. *See* ECF Nos. 65, 71.

15.    Class Counsel expended $269.16 on "Travel-Local" expenses in connection with this action. ECF No. 95-5. These expenses consist of cab rides as well as a car service delivering documents.

16.    Class Counsel's out-of-pocket expenses of $120,456.77 are reasonable, were necessarily incurred as part of the successful prosecution of this action, and are of the kind regularly reimbursed by

4

SUPPLEMENTAL DECLARATION OF BRENDA SZYDLO (3:22-CV-02090-JSC)

courts within this Circuit. Significantly, the requested expenses are almost $20,000 less than the $140,000 expense figure reported in the Notice. ECF No. 87-1, at 2.

17. Finally, during the Final Approval Hearing, I misspoke when I stated that *Wehlage v. Evergreen at Arvin LLC*, 2012 WL 4755371, at *5 (N.D. Cal. Oct. 4, 2012) was a Private Securities Litigation Reform Act ("PSLRA") case. I referred to *Wehlage* for the proposition that compensatory awards to Plaintiffs are justified, at least in part, because "they lent their name to this case and thus subjected themselves to public attention." ECF No. 108 (Final Approval Hearing Transcript) at 10. In response, the Court inquired as to whether *Wehlage* was a PSLRA case. *Id.* It is not. *Id.* at 10-11.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of March, 2024 in New York, New York.

*/s/ Brenda Szydlo*
Brenda Szydlo

SUPPLEMENTAL DECLARATION OF BRENDA SZYDLO (3:22-CV-02090-JSC)