**POMERANTZ LLP**
Brenda Szydlo (admitted *pro hac vice*)
Dean Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: bszydlo@pomlaw.com
dferrogari@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorneys for Lead Plaintiff Tyler Hardy,*
*Plaintiff Danny Rochefort, and*
*the Settlement Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| TYLER HARDY and DANNY ROCHEFORT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> EMBARK TECHNOLOGY, INC. f/k/a NORTHERN GENESIS ACQUISITION CORP. II, IAN ROBERTSON, KEN MANGET, CHRISTOPHER JARRATT, PAUL DALGLISH, ROBERT SCHAEFER, BRAD SPARKES, ALEX RODRIGUES, and RICHARD HAWWA, <br><br> Defendants. | No. 3:22-cv-02090-JSC <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' MOTION FOR AUTHORIZATION TO DISTRIBUTE NET SETTLEMENT FUND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** <br><br> Date: June 20, 2024 <br> Time: 10:00 a.m. <br> Judge: Hon. Jacqueline Scott Corley <br> Courtroom: Hearing Via Zoom Video |

# NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that, on June 20, 2024, at 10:00 a.m., or as soon thereafter as counsel may be heard, at a hearing via Zoom video before the Honorable Jacqueline Scott Corley, of the United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 8 – 19th floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Lead Plaintiff Tyler Hardy and Plaintiff Danny Rochefort (together "Plaintiffs"), by their undersigned attorneys, will move this Court for entry of the accompanying proposed Order Granting Authorization to Distribute Net Settlement Fund. That order will, *inter alia*: (1) approve Strategic Claims Service's administrative recommendations accepting and rejecting Proofs of Claim Forms submitted in this Action; (2) direct the distribution of 100% of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court; (3) direct that distribution checks state "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE"; (4) direct that Authorized Claimants will forfeit all recovery from the Settlement if they fail to deposit or cash their distribution checks in a timely manner; (5) adopt the recommended plan for any funds remaining following the distribution; (6) release claims related to the claims administration process; (7) provide that SCS, in no less than one year after the distribution of the Net Settlement Fund, may destroy the paper copies of the Proofs of Claim Forms and all supporting documentation; and in no less than one year after all funds have been distributed, SCS may destroy the electronic copies of the Proofs of Claim Forms and all supporting documentation; and (8) provide that the Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as the Court deems appropriate. This motion is supported by the accompanying Memorandum of Point and Authorities in Support of Plaintiffs' Motion for Authorization to Distribute Net Settlement Fund; the Declaration of Josephine

Bravata Concerning the Results of the Claims Administration Process, dated May 13, 2024; the Court's file in this Action; and any other argument or evidence that Class Counsel may present at the hearing or that the Court may otherwise request.The proposed Order Granting Authorization to Distribute Net Settlement Fund is filed concurrently herewith.

## ISSUES TO BE DECIDED

Whether the Court should grant Plaintiffs' motion for entry of the proposed order granting authorization to distribute the Net Settlement Fund?

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs, through their counsel, respectfully submit this memorandum of points and authorities in support of Plaintiffs' motion for entry of the proposed Order Granting Authorization to Distribute Net Settlement Fund (the "Distribution Order") in the above-captioned action (the "Action"). (Unless otherwise defined, capitalized terms herein have the same meanings as assigned in the Amended Stipulation and Agreement of Settlement, dated August 30, 2023 (the "Amended Stipulation") (ECF No. 82-1).). The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") is set forth in the accompanying Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process, dated May 13, 2024 (the "May 2024 Bravata Declaration" or "May 2024 Bravata Decl."), which is being submitted on behalf of the Court-approved claims administrator, Strategic Claims Services ("SCS" or "Claims Administrator").

If entered by the Court, the Distribution Order will, *inter alia*, (1) approve SCS's administrative recommendations accepting and rejecting Claims submitted in the Action; and (2) direct the distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court.

### I. BACKGROUND

The Amended Stipulation entered into by Plaintiffs and Defendants sets forth the terms of the Settlement, which represents a complete resolution of this Action. Pursuant to the terms of the Settlement, a cash payment of $2,500,000 was deposited in escrow for the benefit of the Settlement Class.

In accordance with the Preliminary Approval Order (ECF No. 91), SCS mailed the (i) Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim ("Claim Form") (collectively, "Notice Packet") to potential Class Members and brokers and other nominees. *See* Declaration of Josephine Bravata Concerning: (A) Mailing of the Long Notice and Claim Form; (B) Publication of the Summary Notice; (C) and Report on Requests for Exclusion and Objections, dated October 26, 2023 (ECF No. 92) ¶4. Additionally, SCS posted Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Plaintiffs on the settlement website. *See* Second Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Long Notice and Claim Form; (B) Report on Requests for Exclusion and Objections; (C) Claims Received to Date, dated December 21, 2023 (ECF No. 99-1) ¶8.

SCS also (i) created and maintained a toll-free helpline for inquiries during the course of the administration; (ii) created and maintained a settlement website and posted case-specific documents on it; (iii) caused the Summary Notice to be published; (iv) provided, upon request, additional copies of the Notice Packet to brokers, nominees, and potential Settlement Class Members; (v) and received and processed Proofs of Claim. *See* May 2024 Bravata Decl. ¶¶4-6. To date, SCS has mailed over 12,402 Notice Packets to potential Settlement Class Members and nominees. *Id.* at ¶4. The Notice informed Settlement Class Members that in order to be eligible to participate in the distribution of the Net Settlement Fund, they were required to submit a properly executed Claim Form such that it would be received or postmarked no later than December 22, 2023. ECF No. 92-1 (Notice) at 2.

On March 29, 2024, following dissemination of the Notice to potential Settlement Class Members and the publication of the Summary Notice as provided for in the Preliminary Approval Order, the Court entered the Final Judgment (ECF No. 111), granting final approval of the Settlement as fair, reasonable, and adequate. *See* ECF No. 110 (Final Approval Order) at 11. The Final Judgment also approved the Plan of Allocation, which was explained in the Notice sent to potential Settlement Class Members, as fair, reasonable, and adequate. *Id.*; ECF No. 110 (Final Approval Order) at 12. Claim Forms have now been processed and the Net Settlement Fund is ready to be distributed to Authorized Claimants. Accordingly, Plaintiffs respectfully request that the Court enter the accompanying Distribution Order.

## II.  THE CLAIMS ADMINISTRATION PROCESS IS COMPLETE

As set forth in the accompanying May 2024 Bravata Declaration, through February 2, 2024, SCS has received 1,501 Claim Forms, all of which have been fully processed in accordance with the Court-approved Plan of Allocation. May 2024 Bravata Decl. ¶7. SCS identified 1,241 properly documented valid claims. *Id.* at ¶8(a). A total of 260 of the claims received were deficient or inadequately documented, and/or were ineligible for one or more reasons. *See id.* at ¶8(b). Included in this category are: (i) claims with no Recognized Losses; (ii) claims with shares sold short; (iii) claims filed for Embark f/k/a Northern Genesis Acquisition Corp. II ("Northern Genesis") common stock that were not purchased during the period from November 11, 2021 through and including December 13, 2021 and/or held as of October 6, 2021 to be able to vote at Northern Genesis' November 9, 2021 special meeting; (iv) duplicate claims; (v) claims with which Embark f/k/a Northern Genesis common stock was not purchased, but was received or granted by gift, inheritance, or operation of law; and (vii) claims filed for securities other than Embark f/k/a Northern Genesis common stock. The Claims Administrator addressed all non-conforming claims through a comprehensive process. Plaintiffs respectfully request

that the Court approve the Claims Administrator's administrative recommendation to reject these 260 claims.

The claims administration process is now complete, and SCS has determined that out of the 1,501 Claim Forms submitted through February 2, 2024, 1,241 are acceptable in whole or in part (1,240 timely and valid Claims and 1 untimely but otherwise valid Claim), and 260 should be rejected. *Id*. at ¶¶7-8. Plaintiffs respectfully request that the Court approve the Claims Administrator's recommendation to accept the timely and valid claims set forth in Exhibit B-1 to the May 2024 Bravata Declaration, accept the late but otherwise eligible Claim set forth in Exhibit B-2 to the May 2024 Bravata Declaration, and reject those listed in Exhibit C. May 2024 Bravata Decl. ¶8, Exhibits B-1, B-2, C.

### III.   THE COURT SHOULD APPROVE ACCEPTANCE OF THE ONE UNTIMELY BUT OTHERWISE ELIGIBLE CLAIM

It is well settled that a district court has discretion to allow late claims to a settlement fund. *See Lemus v. H & R Block Enters., LLC*, No. C 09-03179 SI, 2013 WL 3831866, at *2 (N.D. Cal. July 23, 2013) (citing *In re Valdez*, 289 F. App'x 204, 206 (9th Cir. 2008)). Multiple circuits have held that the court maintains an inherent equitable power to "allow late-filed proofs of claim and late-cured proofs of claim." *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 195 (3d Cir. 2000); *accord Burns v. Elrod*, 757 F.2d 151, 155 (7th Cir. 1985); *Zients v. LaMorte*, 459 F.2d 628, 630 (2d Cir. 1972); *cf. Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1993) (recognizing that "the district court has discretion to extend a class member's time to opt out" of a class settlement). *The Manual for Complex Litigation* also recommends that "[t]he court should allow adequate time for late claims before any refund or other disposition of settlement funds occurs." *Manual for Complex Litigation (Fourth)* § 21.662 (2004). Courts regularly permit late-filed claims for "excusable neglect" or "good cause." *See Silber*, 18 F.3d at 1455; *Gypsum*, 565 F.2d at 1128; *see also Valdez*, 289 F. App'x at 206 (noting that district court permitted late-filed

claims by claimants with "plausible excuses for not filing timely"). The excusable neglect analysis involves equitable consideration, and the Court may consider factors including the danger of prejudice, the length of time delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, only one (1) Proof of Claim was postmarked or received after the December 22, 2023 submission deadline, but was otherwise valid. May 2024 Bravata Decl. ¶8(a). The total Recognized Loss amount for this untimely filed, but otherwise valid claim, is $216.00. *Id.* at ¶8(a). No Proof of Claim was rejected by SCS solely because it was received after the submission deadline and the untimely, but otherwise valid, Proof of Claim has not caused significant delay in the processing or distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant or Defendant. *Id.* at ¶¶7-8. Indeed, when the equities are balanced, it would be unfair to prevent an otherwise valid Proof of Claim from recovering from the Net Settlement Fund solely because it was submitted after the cut-off date but while claims were still being processed. *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS) (SMG), 2009 WL 803382, at *6 (E.D.N.Y. March 25, 2009) ("Because there is no showing of delay or prejudice, the late filed claims should be included in the class for settlement disbursement"). Therefore, Plaintiffs respectfully request that the Court approve the one (1) untimely but otherwise valid claim listed in Exhibit B-2 of the May 2024 Bravata Declaration. *See* May 2024 Bravata Decl. at ¶8(a), Exhibit B-2.

To facilitate the efficient distribution of the Net Settlement Fund, however, there must be a final cut-off date for claims. *See In re TASER Int'l, Inc. Sec. Litig.*, No. CV-05-115-PHX-SRB, 2009 WL 10707825, at *2 (D. Ariz. July 15, 2009) ("[I]n the distribution of a large class action settlement fund, a cutoff date is essential and at some point the matter must be terminated." *Id.* at 1127 (internal quotation

marks and citation omitted). Accordingly, it is respectfully requested that the Distribution Order provide that no untimely claim not already listed on Exhibit B-2 to the May 2024 Bravata Declaration be accepted. May 2024 Bravata Decl. at ¶8(a), Exhibit B-2.

For the foregoing reasons, as well as those set forth in the May 2024 Bravata Declaration, it is respectfully requested that the Court approve SCS's administrative determinations accepting and rejecting claims.

### IV.  THE COURT SHOULD BAR CLAIMS AGAINST THE SETTLEMENT FUND AND THOSE ADMINISTERING THE SETTLEMENT

It is also respectfully requested that all persons involved in the review, verification, calculation, tabulation, or any other aspect of processing the claims submitted herein, or otherwise involved in the administration of the Net Settlement Fund, including Plaintiffs, Lead Counsel, Plaintiffs' damages expert, SCS, the Escrow Agent, or any other agent retained by Plaintiffs or Lead Counsel (collectively, "Persons Released"), be released and discharged from any and all claims arising out of such involvement, and all Class Members be barred from making any further claim against the Net Settlement Fund or the Persons Released beyond the amount allocated to them. *See* Amended Stipulation ¶82.

### V.  DISTRIBUTION OF THE NET SETTLEMENT FUND

Plaintiffs respectfully request that the Court approve SCS's administrative recommendations to accept the 1,241 claims deemed acceptable (including the one late, but otherwise valid claim) as listed in Exhibits B-1 and B-2 to the May 2024 Bravata Declaration, and to reject the 260 claims that SCS has determined are inadequate or ineligible, as listed in Exhibit C to the May 2024 Bravata Declaration. *See* May 2024 Bravata Decl. ¶8.

Upon the issuance of the Court's order authorizing distribution, SCS will distribute the entire available balance of the Net Settlement Fund to Authorized Claimants, after deducting the payments

previously requested and allowed herein. *Id.* at ¶10. Each Authorized Claimant's *pro rata* share of the Net Settlement Fund will be based on each Authorized Claimant's Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. *Id.* at ¶10(a). No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. *Id*. To encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses relating to unpaid distribution checks, all checks should bear the notation, "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id.* at ¶10(b). Similarly, all other checks issued in connection with subsequent distributions shall bear the same notation. *Id.*

After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. *Id.* at ¶10(c). To the extent any monies remain in the fund eight (8) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. *Id.* Authorized Claimants, who cashed their prior checks and who would receive at least $10.00 on such additional re-distributions, may receive additional re-distributions thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions would be cost-effective. *Id.*

### VI.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the Distribution Order submitted herewith.

Dated: May 14, 2024                         Respectfully submitted,

**POMERANTZ LLP**

*/s/ Brenda Szydlo*

8
PLAINTIFFS' MOTION FOR AUTHORIZATION TO DISTRIBUTE NET SETTLEMENT FUND –
CASE NO. 3:22-CV-02090-JSC

Brenda Szydlo (admitted *pro hac vice*)
Dean Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: bszydlo@pomlaw.com
dferrogari@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorneys for Lead Plaintiff Tyler Hardy,*
*Plaintiff Danny Rochefort, and*
*the Settlement Class*